

1  JOSEPH E. ADDIEGO III (State Bar No. 169522)
   DAVIS WRIGHT TREMAINE LLP
2  505 Montgomery Street, Suite 800
   San Francisco, California  94111-6533
3  Telephone:    (415) 276-6500
   Facsimile:    (415) 276-6599
4  joeaddiego@dwt.com

5  LEIV BLAD (State Bar No. 151353)
   (APPLICATION FOR ADMISSION TO
6  THE NORTHERN DISTRICT PENDING)
   CLIFFORD CHANCE US LLP
7  2001 K Street NW
   Washington, D.C.  20006
8  Telephone:    (202) 912-5000
   Facsimile:    (202) 912-6000
9  leiv.blad@cliffordchance.com

10

11 Attorneys for Defendants
   BNP PARIBAS and BNP PARIBAS
12 SECURITIES (ASIA) LIMITED

13

14

15                  IN THE UNITED STATES DISTRICT COURT

16            FOR THE NORTHERN DISTRICT OF CALIFORNIA

17                       SAN FRANCISCO DIVISION

18  THOMAS WEISEL PARTNERS LLC, a        )  Case No. CV-07-06198 MHP
    Delaware limited liability company, and  )
19  THOMAS WEISEL INTERNATIONAL       )
    PRIVATE LIMITED, an Indian company,  )  **DEFENDANTS BNP PARIBAS AND BNP
20                                       )  PARIBAS SECURITIES (ASIA) LTD.'S
                                         )  NOTICE OF MOTION AND MOTION
21              Plaintiffs,              )  TO DISMISS PLAINTIFFS' FIRST
                                         )  AMENDED COMPLAINT;
22        v.                            )  MEMORANDUM OF POINTS AND
                                         )  AUTHORITIES IN SUPPORT THEREOF**
23                                       )
    BNP PARIBAS, a French corporation, BNP  )  **Date:    April 28, 2008**
24  PARIBAS SECURITIES (ASIA) LIMITED, a  )  **Time:   2:00 p.m.**
    Hong Kong company, and PRAVEEN     )  **Place:  Courtroom 15**
25  CHAKRAVARTY, an individual,         )  **The Honorable Marilyn Hall Patel**
                                         )
26                                       )
                Defendants.              )
27  _____ )

28

DAVIS WRIGHT TREMAINE LLP

MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED COMPLAINT
Case No.  CV-07-06198 MHP

WA413731.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DAVIS WRIGHT TREMAINE LLP

MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED COMPLAINT
Case No.  CV-07-06198 MHP

WA413731.1

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION .................................................................................. 1

STATEMENT OF ISSUES TO BE DECIDED ..................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 1

INTRODUCTION ................................................................................................................... 1

BACKGROUND ..................................................................................................................... 4

ARGUMENT........................................................................................................................... 5

I.    THIS COURT LACKS JURISDICTION OVER BNPP ASIA ................................. 5

    A.    Plaintiffs Cannot Meet Their Burden Of Establishing
          General Jurisdiction Over BNPP Asia.......................................... 6

    B.    Plaintiffs Cannot Meet Their Burden Of Establishing
          Specific Jurisdiction Over BNPP Asia ......................................... 8

    C.    The Exercise Of Jurisdiction Over BNPP Asia Would
          Be Unreasonable............................................................................ 9

II.   THIS ACTION SHOULD BE DISMISSED PURSUANT TO
      THE DOCTRINE OF *FORUM NON CONVENIENS*............................................ 12

CONCLUSION ...................................................................................................................... 18

DAVIS WRIGHT TREMAINE LLP

MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED
COMPLAINT
Case No.  CV-07-06198 MHP

WA413731.1

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096 (C.D. Cal. 2001) ..........................................6

*Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102 (1987)................................10, 11

*Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995).......................................................................11

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ..............................................................10

*Calder v. Jones*, 465 U.S. 783 (1984) ........................................................................................9

*Chhawchharia v. Boeing Co.*, 657 F. Supp. 1157 (S.D.N.Y. 1987)............................................14

*Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446 (9th Cir. 1990) ................13, 15

*Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482 (9th Cir. 1993) ................................10, 12

*Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001)..............................................................5, 6, 9

*Fields v. Sedgwich Associate Risks, Ltd.*, 796 F.2d 299 (9th Cir. 1986)..........................5, 6, 7, 16

*Gates Learjet Corp. v. Jensen*,

    743 F.2d 1325 (9th Cir. 1984), *cert. denied*, 471 U.S. 1066 (1985) .....................................6-7

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,

    284 F.3d 1114 (9th Cir. 2002) .....................................................................................5, 10, 11

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947).......................................................12, 15, 16, 17

*Hanson v. Denckla*, 357 U.S. 235 (1958) .....................................................................................6

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984)...............................5, 7

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) .....................................................5, 9

*Leetsch v. Freedman*, 260 F.3d 1100 (9th Cir. 2001).................................................................17

*Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764 (9th Cir. 1991)..........13, 14

*Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001) .......................................12, 13, 15, 16

*McGlinchy v. Shell Chemical Co.*, , 845 F.2d 802 (9th Cir. 1988)..................................................7

*Neo Sack, Ltd. V. Vinmar Impex, Inc.*, 810 F. Supp. 829 (S.D. Tex. 1993) .................................14

*Pacific Atlantic Trading Co. v. M/V Main Express*,

    758 F.2d 1325 (9th Cir. 1985) ..................................................................... 9, 10, 11, 12

DAVIS WRIGHT TREMAINE LLP

MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED COMPLAINT
Case No.  CV-07-06198 MHP

WA413731.1

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) ......................................................12, 13, 16, 17

*Roth v. Garcia Marquez*, 942 F.2d 617 (9th Cir. 1991) ...............................................................12

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ...............................7, 9

*Shute v. Carnival Cruise Lines*,

    897 F.2d 377 (9th Cir. 1990), *rev'd on other grounds,* 499 U.S. 585 (1991)...........................6

*In re Union Carbide Corp. Gas Plant Disaster*, 634 F. Supp. 842 (S.D.N.Y. 1986)..............14, 17

*In re Union Carbide Corp. Gas Plant Disaster*, 809 F.2d 195 (2d Cir. 1987).............................14

*United States v. First National City Bank*, 379 U.S. 378 (1965)................................................10

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)................................................5

**STATE CASES**

*PLM International, Inc. v. Nath*,

    No. C-98-01912, 1998 WL 514045 (N.D. Cal. Aug. 17, 1998)......................................14, 17

**FEDERAL STATUTES**

Fed. R. Civ. P. 12(b)(2) ...........................................................................................................1, 6

Fed. R. Civ. P. 12(b)(6) ...............................................................................................................1

**STATE STATUTES**

Cal. Civ. Proc. Code § 410.10 .....................................................................................................5

Delaware's Uniform Foreign Money-Judgments Recognition Act,

    10 Del. C. §§ 4802-4803 ........................................................................................................16

DAVIS WRIGHT TREMAINE LLP

MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED COMPLAINT
Case No. CV-07-06198 MHP

WA413731.1

DAVIS WRIGHT TREMAINE LLP

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on April 28, 2008, at 2:00 p.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Marilyn Hall Patel, 450 Golden Gate Avenue, San Francisco, California, defendants BNP Paribas ("BNPP") and BNP Paribas Securities (Asia) Limited ("BNPP Asia") will, and hereby do, move this Court for an order granting Defendants BNPP and BNPP Asia's Motion to Dismiss Plaintiffs' First Amended Complaint.

Defendants BNPP and BNPP Asia respectfully move this Court for an order dismissing the complaint against them for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure (as to BNPP Asia) and on the basis of *forum non conveniens* (as to both BNPP and BNPP Asia).[1]   For the reasons set forth below, this case should be dismissed and re-filed, if at all, in an Indian court.

## STATEMENT OF ISSUES TO BE DECIDED

Should the complaint be dismissed as to BNPP Asia on the basis of lack of personal jurisdiction where plaintiffs fail to establish that the exercise of general or specific jurisdiction over BNPP Asia would be proper?

Should the complaint be dismissed as to BNPP and BNPP Asia on the basis of *forum non conveniens* where none of the alleged conduct took place in California and virtually all of the witnesses and evidence are located in India?

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

The Complaint should be dismissed with respect to BNPP Asia because this Court has no jurisdiction over it.  General jurisdiction is lacking.  BNPP Asia has not undertaken continuous

---

[1]    Pursuant to the stipulation between plaintiffs, BNPP, and BNPP Asia, which was filed with the Court on February 15, 2008, and the Order of this Court entered on February 22, 2008, defendants file the present motion to dismiss on the grounds of lack of personal jurisdiction and *forum non conveniens*.  Defendants reserve the right to seek dismissal of plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED COMPLAINT
Case No.  CV-07-06198 MHP

WA413731.1

and systematic activities in California that would subject it to the general jurisdiction of this Court. Specific jurisdiction also is lacking. Because the alleged conduct did not take place in California, and the plaintiffs' claims did not arise from any California-based conduct of BNPP Asia, this case does not belong in a California court.

The complaint also should be dismissed pursuant to the doctrine of *forum non conveniens* because the conduct at issue in this case has no connection to the United States. ***First***, plaintiffs' Complaint alleges claims that relate to conduct that occurred exclusively in Asia. This is an employment law dispute involving a Hong Kong company—BNPP Asia—that allegedly recruited Indian nationals working in India for an Indian company—Thomas Weisel International Private Limited ("TW India"), a subsidiary of plaintiff Thomas Weisel Partners LLC ("TW Partners"). TW Partners outsourced part of its U.S. securities research function from California to India. Conversely, BNPP's Indian research company analyzes Indian stocks; it is not involved in U.S. company research. For reasons that are beyond the scope of this motion, the employees chose to leave one Indian research operation for another. None of those employees lived or worked in the United States at the time the alleged events took place, and all of them are Indian citizens.

***Second***, none of the relevant companies have any connection to the U.S.

- **BNPP Asia** is a Hong Kong company with no operations in the United States. It is not licensed to do business in the United States, has no property here, and has no employees based or working in the United States.

- **BNPP** is a French company. Although it has operations in the United States, none of its employees who allegedly acted unlawfully live or work in the United States.

- **TW India** is an Indian company organized under the laws of India. It has no operations, employees, or property in the United States.

MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED COMPLAINT
Case No. CV-07-06198 MHP

WA413731.1

DAVIS WRIGHT TREMAINE LLP

Although plaintiff TW Partners is a U.S. company, its presence in the United States has no relevance to this analysis. None of the conduct at issue is alleged to have taken place in the United States, and none of TW Partners' employees in the United States are alleged to be involved.

**Third**, there is no witness in the United States with any personal knowledge of the alleged conduct. All of the witnesses with direct knowledge of the facts live and work outside the United States and most, if not all, are beyond the subpoena power of this Court. Thus, virtually all of the discovery depositions will take place in Asia. What is more, any depositions of third party fact witnesses located in India must be taken pursuant to the Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"). This will cause the parties to spend substantial time and effort on manifestly unnecessary work dealing with the intricacies of the Hague Convention.

**Fourth**, virtually all of the relevant documents are in Asia. Much, if not all, of the document production must therefore be in India, and any written discovery served on third parties must comply with the Hague Convention.

**Fifth**, in addition to all of these important procedural and practical concerns, this case should be heard in India for social, political, and jurisprudential reasons. The Indian government and the Indian courts—not the United States—should decide how best to regulate the movement of Indian employees from one Indian operation to another. As an emerging economy with social and economic considerations far different from ours, India should decide for itself the rules that govern this important issue. Neither California nor the United States has any legitimate interest in this issue, and it would be an egregious exercise of national power for the U.S. courts to apply California law to an Indian employment law dispute.

That plaintiffs allege a violation of federal law—via their Count I Computer Fraud and Abuse Act claim—does not change this analysis. This claim—which was not alleged in the original complaint—was asserted solely for the purpose of avoiding this motion. It is a trivial claim that an Indian court may adjudicate, and it does not confer personal jurisdiction by this Court over BNPP Asia.

MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED COMPLAINT
Case No. CV-07-06198 MHP

WA413731.1

DAVIS WRIGHT TREMAINE LLP

TW Partners' alleged contract with Mr. Chakravarty also does not change the result. While plaintiffs allege that Mr. Chakravarty signed a contract with TW Partners, that contract allegedly prohibited him from soliciting the employees of TW Partners.  (Compl. ¶¶ 15-19.) There is no allegation that Mr. Chakravarty did so.  The complaint instead alleges only that Mr. Chakravarty solicited the Indian employees of an Indian company—TW India.  All of the evidence relevant to that allegation is in India and should be evaluated by an Indian court.

**BACKGROUND**

On December 4, 2007, defendant BNPP Asia announced the launch of a securities research platform in India (the "Indian Research Platform").  (First Am. Compl. ¶ 4, Jan. 15, 2008 ("Compl.").)  The Indian Research Platform, under the direction of Mr. Praveen Chakravarty, is based in Mumbai, India.  (Compl. ¶ 4.)

Some of the members of the Indian Research Platform were former employees of Plaintiff TW India, an Indian company headquartered in India that operated Discovery Research in Mumbai.  (Compl. ¶¶ 8, 44.)  None of these former employees are alleged to be California or U.S. citizens.

On December 6, 2007, Plaintiffs filed a lawsuit in this Court against defendants, who consist of a foreign individual and two foreign companies, alleging that defendants' conduct in India and/or Hong Kong with respect to some employees of the Indian Research Platform, purportedly violated laws in California.  (Original Compl. ¶¶ 50-108, Dec. 6, 2007.)  On January 15, 2008, plaintiffs filed an amended complaint, adding a claim based on a Federal statute for the same conduct in India and/or Hong Kong.  (Compl. ¶¶ 51-56.)

BNPP Asia is a Hong Kong company, based in Hong Kong.  (Compl. ¶ 10; Decl. of Leung Pak Hon Hugo ¶ 2 ("Leung Decl."), attached hereto as Exhibit A.)  It does not operate a business in California, nor is it licensed to do business there.  (Leung Decl. ¶ 5.)  It does not maintain offices in California, nor does it own or use real property in California.  (Leung Decl. ¶ 8.)  BNPP Asia does not have any employees in California, nor does it have a registered agent in California. (Leung Decl. ¶¶ 5, 7.)  It does not have a California mailing address or telephone listing, nor does

MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED COMPLAINT
Case No.  CV-07-06198 MHP

WA413731.1

DAVIS WRIGHT TREMAINE LLP

1    it maintain any corporate books or records in California.  (Leung Decl. ¶¶ 9-10.)  BNPP Asia does

2    not pay taxes in California, nor does it have any bank accounts in California.  (Leung Decl. ¶¶ 11-

3    12.)

4         BNPP is a French company, headquartered in France.  (Compl. ¶ 9.)

5                              **ARGUMENT**

6    **I.    THIS COURT LACKS JURISDICTION OVER BNPP ASIA**

7         "In a case based on diversity jurisdiction, a federal court applies the personal jurisdiction

8    rules of the forum state provided the exercise of jurisdiction comports with due process."  *Fields v.*

9    *Sedgwich Assoc. Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986) (quotation and citation omitted);

10   *see also Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th

11   Cir. 2002) (applying California long-arm statute in federal question jurisdiction case).  Since

12   California's personal jurisdiction rule "extends jurisdiction to the limits of due process," the

13   essential inquiry is whether the Due Process Clause of the Constitution permits this Court to

14   exercise personal jurisdiction over BNPP Asia.[2]  *Doe v. Unocal Corp.,* 248 F.3d 915, 923 (9th Cir.

15   2001).  To satisfy due process, a nonresident defendant must have "certain minimum contacts with

16   [the forum] such that the maintenance of the suit does not offend traditional notions of fair play

17   and substantial justice."  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414

18   (1984) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal citations

19   omitted).   The requirement of "minimum contacts" is premised upon the principle that the

20   nonresident defendant's "conduct and connection with the forum State must be such that the

21   defendant should reasonably anticipate being haled into court there."  *World-Wide Volkswagen*

22   *Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

23        Under this "minimum contacts" analysis, a court may assert personal jurisdiction over a

24   nonresident defendant in two ways:  (i) through general jurisdiction, which is premised on the

25   defendant's substantial and continuous contacts with the state; or (ii) through specific jurisdiction,

26   _____

27   [2]      Section 410.10 of the California Code of Civil Procedure provides that a California court
     may "exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the
     United States."  Cal. Civ. Proc. Code § 410.10.

28   _____
                                         5
     MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED
     COMPLAINT
     Case No.  CV-07-06198 MHP

DAVIS WRIGHT TREMAINE LLP

which is premised on the plaintiff's cause of action arising directly out of the defendant's activities in the state. As the Ninth Circuit has explained:

> If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available; in other words, the foreign defendant is subject to suit even on matters unrelated to his or her contacts to the forum. A court may exercise specific jurisdiction over a foreign defendant if his or her less substantial contacts with the forum give rise to the cause of action before the court. The question is whether the cause of action arises out of or has a substantial connection with that activity.

*Unocal,* 248 F.3d at 923 (quoting *Hanson v. Denckla,* 357 U.S. 235, 250-253 (1958)) (internal citations omitted).

When personal jurisdiction is challenged by a nonresident defendant, "[i]t is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." *Unocal,* 248 F.3d at 922. The plaintiff must establish that the nonresident defendant has minimum contacts with the forum state. *Fields,* 796 F.2d at 301. Here, Plaintiffs cannot meet their burden of demonstrating either general or specific jurisdiction.[3]

**A.    Plaintiffs Cannot Meet Their Burden Of Establishing General Jurisdiction Over BNPP Asia**

This Court may exercise general jurisdiction over BNPP Asia only upon a showing that it has "substantial" or "continuous and systematic" activities within California. *Fields*, 796 F.2d at 301. The Ninth Circuit has emphasized that "the level of contact with the forum state necessary to establish general jurisdiction is quite high." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir. 1990), *rev'd on other grounds,* 499 U.S. 585 (1991). Indeed, the contact must be considerable—occasional activities within the forum state are insufficient. *See, e.g.*, *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330-31 (9th Cir. 1984), *cert. denied*, 471 U.S. 1066 (1985) (no

---

[3]    Motions, like this one, brought under Fed. R. Civ. P. 12(b)(2) "must be decided on the basis of competent evidence (*e.g.*, declarations…), and the court cannot assume the truth of allegations in a pleading contradicted by" such competent evidence. *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001). Accordingly, the Court here may consider the attached declaration, and need not assume that the challenged pleadings are true.

DAVIS WRIGHT TREMAINE LLP

WA413731.1

1    general jurisdiction where the nonresident defendant visited and made purchases in the forum

2    state, solicited a contract in the forum and had extensive communications with the forum);

3    *Helicopteros*, 466 U.S. at 410-411, 418-419 (finding insufficient contacts with forum state despite

4    sales negotiations, purchase of equipment, and training of personnel in the forum state);

5    *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) (holding that alleged

6    contacts, including regularly purchasing automobiles imported by California entities, regularly

7    retaining services of a California-based direct-mail marketing company, and hiring a California

8    sales training company, were insufficient to establish jurisdiction); *see also Fields*, 796 F.2d at

9    301 (citing and discussing cases where contacts were deemed insufficient).

10    "For general jurisdiction to exist over a nonresident defendant . . . , the defendant must

11    engage in continuous and systematic general business contacts, . . . that approximate physical

12    presence in the forum state." *Schwarzenegger*, 374 F.3d at 801.  The Ninth Circuit has held that

13    this high threshold is not met where a nonresident defendant "never maintained offices, qualified

14    to do business, or regularly solicited business in California, … never assigned agents or employees

15    to work regularly in California … never owned, used, or possessed real property in California, and

16    … never contracted to supply goods or services in California." *McGlinchy v. Shell Chemical Co.*,

17    845 F.2d 802, 816 (9th Cir. 1988).  Similarly, general jurisdiction does not exist where the

18    nonresident defendant does not own real or personal property and has not solicited business in the

19    forum state.  *Helicopteros*, 466 U.S. at 416-419.

20    Plaintiffs have not met their burden of establishing this Court's general jurisdiction over

21    BNPP Asia, since plaintiffs fail to allege that BNPP Asia has "substantial" or "continuous and

22    systematic" activities within California.  Plaintiffs allege only two contacts between BNPP Asia

23    and California.  *First*, plaintiffs allege that BNPP Asia "has sales teams in the United States (New

24    York and San Francisco)."  (Compl. ¶ 10.)  That is wrong.  BNPP Asia has no officers or

25    employees in California.[4]  (Leung Decl. ¶ 7.)  *Second*, plaintiffs allege that BNPP Asia "provides

26    
27    _____

[4]    Plaintiffs' allegation regarding statements in BNPP's 2006 Annual Report do not change this conclusion because those statements did not purport to and did not state the precise nature of the employment relationships involved.

28    
7

DAVIS WRIGHT TREMAINE LLP

WA413731.1

equity research and/or brokerage and clearing services to clients located in California." (Compl. ¶ 10.)  BNPP Asia is not licensed as a broker-dealer in California.  (Leung Decl. ¶ 6.)  In addition, BNPP Asia is not qualified, licensed, authorized or approved to conduct business in California. (Leung Decl. ¶ 5.)

Plaintiffs have not alleged any other contacts that BNPP Asia has with California, nor can they.  BNPP Asia shares are not listed on any United States stock exchange.  (Leung Decl. ¶ 4.)  BNPP Asia does not maintain an office in California, nor does it own, possess, lease, or use real or personal property there.  (Leung Decl. ¶ 8.)  Moreover, BNPP Asia does not have a mailing address or telephone or fax listing in California. (Leung Decl. ¶ 9.)  BNPP Asia does not maintain any corporate books or records in California.  (Leung Decl. ¶ 10.)  Finally, BNPP Asia does not file tax returns or pay taxes in California, nor does it have any bank accounts in California. (Leung Decl. ¶¶ 11-12.)  In short, BNPP Asia has no presence in California, and thus does not have the requisite "substantial" or "continuous and systematic" activities in California to justify the exercise of personal jurisdiction over it.

**B.    Plaintiffs Cannot Meet Their Burden Of Establishing Specific Jurisdiction Over BNPP Asia**

California courts have articulated a three-part test for determining whether specific jurisdiction may be established over a nonresident defendant:

(1) The nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) The claim must be one which arises out of or results from the defendant's forum-related activities; and

(3) Exercise of jurisdiction must be reasonable.

*Unocal,* 248 F.3d at 923.  Plaintiffs are required to prove ***all*** of these elements in order to establish specific jurisdiction.  *Pacific Atlantic Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1329 (9th Cir. 1985).

DAVIS WRIGHT TREMAINE LLP

MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED COMPLAINT
Case No.  CV-07-06198 MHP

WA413731.1

None of the prongs of this three-part test are met here.  First, plaintiffs fail to show that BNPP Asia purposefully directed any conduct toward California.  Purposeful direction may be evaluated "under the three-part 'effects' test traceable to the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783" which requires a showing "that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803 (citing 465 U.S. 783 (1984)).  Here, plaintiffs have not shown that any of BNPP Asia's alleged wrongful conduct was "expressly aimed" at California.  Rather, the allegations concern BNPP Asia's purported role in recruiting TW India's employees in India.  Nor have plaintiffs shown that BNPP Asia knew that its alleged conduct concerning TW India's employees would cause harm suffered in California.  Thus, plaintiffs have not show that BNPP Asia purposefully alleged any conduct toward California.

Second, plaintiffs do not allege, as they must, that their claims arise out of BNPP Asia's activities in California.  Nor do Plaintiffs even allege that BNPP Asia took any action in California.  Lastly, for the reasons discussed below, the exercise of jurisdiction over BNPP Asia would be unreasonable.

## C.     The Exercise Of Jurisdiction Over BNPP Asia Would Be Unreasonable

Even if plaintiffs could establish that BNPP Asia had minimum contacts with California—which they cannot—plaintiffs must also show that the assertion of personal jurisdiction would be reasonable and "would comport with traditional notions of 'fair play and substantial justice.'" *Unocal,* 248 F.3d at 925 (quoting *Int'l Shoe v. Washington*, 326 U.S. at 326). Plaintiffs cannot do this.

This is especially true in this case because the issue of reasonableness takes on added significance in the international context:  "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102, 115 (1987) (quoting *United States v. First National City*

DAVIS WRIGHT TREMAINE LLP

9

MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED COMPLAINT
Case No.  CV-07-06198 MHP

WA413731.1

*Bank*, 379 U.S. 378, 404 (1965) (Harlan, J., dissenting)). The Ninth Circuit has therefore held that litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist. *Pacific Atlantic*, 758 F.2d at 1330.

The Ninth Circuit has identified seven factors in determining the reasonableness of asserting jurisdiction:

> [a] the extent of the defendant's purposeful interjection into the forum state's affairs; [b] the burden on the defendant of defending in the forum state; [c] the extent of conflict with the sovereignty of the defendant's [home jurisdiction]; [d] the forum state's interest in adjudicating the dispute; [e] the most efficient forum for judicial resolution of the controversy; [f] the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and [g] the existence of an alternative forum.

*Glencore*, 284 F.3d at 1125; *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993). These factors are balanced to determine whether or not the assertion of jurisdiction would be reasonable. *Core-Vent*, 11 F.3d at 1488. An examination of these seven factors demonstrates that the Court's assertion of jurisdiction over BNPP Asia would be unreasonable.

*a.* ***Purposeful interjection*** – Plaintiffs cannot demonstrate that BNPP Asia "purposefully availed" itself of the privilege of conducting activities within California. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The "smaller the element of purposeful interjection, the less jurisdiction is to be anticipated and the less reasonable its exercise." *Core-Vent*, 11 F.3d at 1488 (punctuation omitted). In the context of a tort claim, the "purposeful availment" standard requires a plaintiff to prove that the foreign defendant undertook: "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered – and which the defendant knows is likely to be suffered – in the forum state." *Id.* at 1486 (punctuation omitted). Here, as detailed above, there was no purposeful availment of California by BNPP Asia.

DAVIS WRIGHT TREMAINE LLP

**b.    The burden of defending in this forum** - Because the events at issue took place in India and most of the parties and witnesses are also located in India, the burden of litigating in California is considerable.  Indeed, the Supreme Court has noted that the "burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Industry*, 480 U.S. at 114.

**c.    The conflict with India's sovereignty** - The exercise of personal jurisdiction over BNPP Asia "necessarily would implicate" India's sovereignty interests.  *Ballard v. Savage*, 65 F.3d 1495, 1495 (9th Cir. 1995).  "Where, as here, the defendant is from a foreign nation rather than another state, the sovereignty barrier is high and undermines the reasonableness of personal jurisdiction."  *Glencore*, 284 F.3d at 1126.  India's sovereignty interests are greatly implicated in this case because Plaintiffs seek to have a United States court adjudicate the manner by which Indian citizens choose to be employed by companies operating in India.  This review is more appropriately left to the government and courts of India.

**d.    California's interest in resolving this dispute** - Although California naturally has an interest in protecting its residents, this interest does not extend to non-residents or to conduct that occurred outside California.  *See Pacific Atlantic*, 758 F.2d at 1330.  Because none of the conduct at issue is alleged to have taken place in California, and because none of the employees at issue are alleged to be residents or citizens of California, California has a minimal interest in resolving this dispute.

**e.    The most efficient forum to resolve this dispute** – Because the "site where the injury occurred and where evidence is located usually will be the most efficient forum," no compelling efficiency would be obtained by this Court's exercise of personal jurisdiction over BNPP Asia.  *Pacific Atlantic*, 758 F.2d at 1331.  As discussed above, the transactions, activities and alleged injuries took place outside of California, in India.  The witnesses whom the parties would call to testify reside outside of California.

DAVIS WRIGHT TREMAINE LLP

MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED COMPLAINT
Case No.  CV-07-06198 MHP

WA413731.1

**f.      Convenient and effective relief for plaintiffs** - "Neither the Supreme Court nor [the Ninth Circuit] has given much weight to inconvenience to the plaintiff," because "trying a case where one lives is almost always a plaintiff's preference." *Core-Vent*, 11 F.3d at 1490 (quoting *Roth v. Garcia Marquez*, 942 F.2d 617, 624 (9th Cir. 1991)).  The Ninth Circuit held in *Core-Vent* that "[a] mere preference on the part of the plaintiff for its home forum does not affect the balancing; indeed, this factor is insignificant in this case." *Id.*  Interestingly, although TW Partners is located in California, the plaintiff entity at issue here is located in India.  Moreover, most of the evidence and witnesses in this case are located in India.  Thus, pursuit of this action in the forum where the events occurred and the evidence is located would be more convenient.

**g.      Existence of an alternative forum** – Plaintiffs cannot meet their burden of proving that an alternative forum is unavailable.  *Core-Vent*, 11 F.3d at 1490 (citing *Pacific Atlantic*, 758 F.2d at 1331).  As discussed above in Section I.A., India is available as an alternative forum.

In summary, the balance of these factors demonstrates that the Court's exercise of jurisdiction over BNPP Asia would be unreasonable.  The Court therefore should decline to exercise specific jurisdiction over BNPP Asia.

**II.      THIS ACTION SHOULD BE DISMISSED PURSUANT TO THE DOCTRINE OF *FORUM NON CONVENIENS***

This case should be dismissed pursuant to the doctrine of *forum non conveniens* because India is a more appropriate forum for resolution of the alleged dispute.  "A district court has discretion to decline to exercise jurisdiction in a case" like this one, "where litigation in a foreign forum would be more convenient for the parties." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947).  To determine whether a *forum non conveniens* dismissal is warranted, the court must first determine that an adequate alternative forum exists.  *See Piper Aircraft*, 454 U.S. at 254-55; *Gulf Oil*, 330 U.S. at 506-08.  The court must then balance a series of factors involving the private interest of the parties in maintaining the litigation in a particular forum and any public interests at stake.  *Id.*

12

MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED COMPLAINT
Case No.  CV-07-06198 MHP

WA413731.1

Here, all of the conduct at issue took place in India, among non-U.S. citizens, involving employees of two Indian research operations. California has virtually no connection to the dispute. Notably, the complaint does not make a single allegation that any of the alleged acts occurred in California or involved California residents. Nor could it, because this case is essentially an employment dispute involving Indian employees who are employed in India. Thus, all of the evidence and witnesses are in India or in Hong Kong, but certainly outside of California.

### A.    India Is An Adequate Alternative Forum

An adequate alternate forum ordinarily exists "when the defendant is amenable to service of process in the foreign forum." *Lueck*, 236 F.3d at 1143 (citing *Piper Aircraft*, 454 U.S. at 254 n. 22; *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1449 (9th Cir. 1990)). India is an adequate alternate forum because BNPP Asia and BNPP would be amenable to process in India.

To be adequate, the "foreign forum must provide the plaintiff with some remedy for his wrong." *Lueck*, 236 F.3d at 1143 (affirming *forum non conveniens* dismissal even where plaintiffs argued that the foreign forum provided no remedy because it "legislated tort law out of existence"). "[I]t is only in 'rare circumstances . . . where the remedy provided by the alternative forum . . . is so clearly inadequate or unsatisfactory, that it is no remedy at all.'" *Id.* (citing *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir. 1991)). Here, India is an adequate forum because Indian law provides a remedy for the types of claims raised by plaintiffs. Indian statutory and common law: (1) recognizes and protects confidential information and trade secrets (Decl. of K.K. Venugopal ¶ 4 ("Venugopal Decl."), attached hereto as Exhibit B; s*ee also* Compl. ¶¶ 51-65); (2) provides remedies for plaintiffs' contract-related claims (Venugopal Decl. ¶ 3; s*ee also* Compl. ¶¶ 66-77; 102-111); and (3) recognizes causes of actions related to intentional interference with employment relationships and intentional interference with contracts. (Venugopal Decl. ¶¶ 5-6; *see also* Compl. ¶¶ 78-92.)

Federal courts have consistently recognized that Indian law provides a basis for a remedy for contract law claims and tort law claims. One court noted that "India…has a codified law of

MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED COMPLAINT
Case No. CV-07-06198 MHP

WA413731.1

DAVIS WRIGHT TREMAINE LLP

contracts, which includes a section dealing with measure of damages." *Neo Sack, Ltd. v. Vinmar Impex, Inc.*, 810 F. Supp. 829, 833 (S.D. Tex. 1993). Another found that "it is obvious that a well-developed base of tort doctrine exists to provide a guide to Indian courts…" *In re Union Carbide Corp. Gas Plant Disaster*, 634 F. Supp. 842, 849 (S.D.N.Y. 1986).

Indeed, several courts have recognized India as an adequate alternative forum and therefore dismissed pending cases pursuant to the *forum non conveniens* doctrine. After a thorough analysis, the court in *In re Union Carbide*, 634 F. Supp. At 852, "determine[d] that the Indian legal system provides an adequate alternative forum," and that "the courts of India appear to be well up to the task of handling" that case. *See also In re Union Carbide Corp. Gas Plant Disaster,* 809 F.2d 195, 202 (2d Cir. 1987) (noting district court's "exhaustive analysis of the evidence" of whether "Indian courts provide a reasonably adequate alternative forum," and affirming *forum non conveniens* dismissal in favor of India); *PLM Int'l, Inc. v. Nath*, No. C-98-01912, 1998 WL 514045, *1 (N.D. Cal. Aug. 17, 1998) (finding that "India has already been determined to be an acceptable forum for the purposes of dismissing a case on the grounds of forum non conveniens") (citing *In re Union Carbide*, 809 F.2d 195); *Neo Sack*, 810 F. Supp. at 832 (finding India's legal system to "compare[] favorably to that of the United States" in various ways, and holding that "India's legal system appears to be well-equipped to deal with a routine commercial dispute"); *Chhawchharia v. Boeing Co.*, 657 F. Supp. 1157, 1160 (S.D.N.Y. 1987) (finding India to be an available alternative forum).

For these reasons, India is an adequate alternative forum.

**B.    The Balancing of Private and Public Interest Factors Weighs in Favor of Dismissal**

The balance of private and public interest factors favor dismissal. *See Lockman Foundation*, 930 F.2d at 767. The factors the court must consider fall into two groups: those relating to the convenience of the litigants ("private" factors) and those affecting the public interest in the fair and efficient administration of justice ("public" factors). *Gulf Oil Corp. v.*

DAVIS WRIGHT TREMAINE LLP

MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED COMPLAINT
Case No. CV-07-06198 MHP

WA413731.1

*Gilbert*, 330 U.S. 501 (1947). An analysis of these factors reveals that California has no real connection to the suit and that India would be the more appropriate forum.

### 1.    Private Interest Factors

The private interest factors include: "(1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Lueck*, 236 F.3d at 1145 (citing *Gulf Oil*, 330 U.S. at 508; *Contact Lumber*, 918 F.2d at 1449) (quotations omitted).

All of these factors weigh heavily in favor of dismissal. Plaintiffs do not, and cannot, allege that any of the conduct at issue took place in California. All of the alleged conduct occurred in India, with the exception of one alleged meeting in Hong Kong (Compl. ¶ 38), and virtually all of the parties and witnesses reside in India or Hong Kong. In contrast, none of the parties or witnesses, with the exception of plaintiff TW Partners, is located or does business in California:

- TW India is an Indian company headquartered in Mumbai. (Compl. ¶ 8.)

- Mr. Chakravarty is an Indian citizen and resident. (Compl. ¶ 11.)

- BNPP Asia is a Hong Kong company. (Leung Decl. ¶ 2.)

- All of the former employees at issue were formerly employees of TW India, which operates Discovery Research in India and are now part of the Indian Research Platform in Mumbai. (Compl. ¶ 44.)

- The BNPP and BNPP Asia employees who allegedly recruited the employees of Discovery Research unlawfully are also located in India and/or Hong Kong. (Compl. ¶ 36.)

- While BNPP has a California presence, not a single one of its U.S. employees or offices is alleged to be involved or connected to this dispute in any way.

MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED COMPLAINT
Case No. CV-07-06198 MHP

DAVIS WRIGHT TREMAINE LLP

WA413731.1

TW Partners' presence in California is not relevant because none of the conduct at issue is alleged to have taken place in California, and none of the former TW India employees at issue are alleged to be located in California.

In addition, India is the forum with the most convenient access to physical evidence and other sources of proof. All of the relevant documents related to the hiring and employment of the former TW India employees are in Asia. In fact, none of the relevant employees at issue or relevant documents are alleged to be in California or even the United States. Even assuming that plaintiffs could compel discovery and testimony in California, it would be unreasonably costly and inconvenient to do so when compared to the cost of obtaining discovery from Indian witnesses in an Indian case.[5]

The courts have held repeatedly that "[t]he site where the events in question took place and most of the evidence is located is usually the most efficient forum." *Fields*, 796 F.2d at 302. Here, because the events in question took place in India, and because most of the evidence and witnesses are located in India, the private interest factors weigh strongly in favor of India.

## 2.    Public Interest Factors

Public interest factors, which include "(1) local interest of lawsuit; (2) the court's familiarity with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to this forum," also weigh in favor of dismissal. *Lueck*, 236 F.3d at 1147 (citing *Piper*, 454 U.S. at 259-61; *Gulf Oil*, 330 U.S. at 508-09).

**Local interest.**  California has very little, if any, interest in having this suit litigated within its borders. This is essentially an employment dispute involving two Indian research operations and Indian employees, in which California citizens would presumably have very little interest. None of the defendants are alleged to be U.S. citizens, much less citizens of California. Accordingly, India has a much stronger interest in governing the conduct of employers and

---

[5]    TW Partners would suffer no prejudice if the motion is granted. Any judgment rendered in India would be enforceable by TW Partners in India and the United States. TW Partners is incorporated in Delaware, (Compl. ¶ 7), and under Delaware's Uniform Foreign Money-Judgments Recognition Act, a final and conclusive foreign judgment is enforceable. *See* 10 Del. C. §§ 4802-4803.

 MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED COMPLAINT
Case No.  CV-07-06198 MHP

WA413731.1

employees operating within its boundaries. *See PLM Int'l*, 1998 WL 514045, *3 (finding that "citizens of California have little relation to a conflict that has arisen between an international company and its Indian attorneys in India").

**Familiarity with applicable law.** California also has little or no expertise in Indian law, which likely will govern most of the claims. "[T]he need of an American court to apply foreign law is an appropriate concern on a *forum non conveniens* motion, and can in fact point toward dismissal." *In re Union Carbide*, 634 F. Supp. at 866 (citing *Gilbert*, 330 U.S. at 509, and *Piper*, 454 U.S. at 260). To the extent that Indian law is found to apply to this dispute, Indian courts are necessarily more familiar with Indian law than is this Court.

**The burden on local courts and juries.** A key consideration is whether jury duty should be imposed "on the people of a community that has no relation to the litigation." *Leetsch v. Freedman*, 260 F.3d 1100, 1105 (9th Cir. 2001). Although TW Partners is located in California, its interest in litigating in California is slight compared to the time and resources this Court would expend if it were to retain jurisdiction over this dispute. Because the local interest in this lawsuit is comparatively low, the citizens of California should not be forced to bear the burden of this litigation. Moreover, as congested as the California courts already are, it is not necessary to impose additional burden upon this Court by litigating this case in this jurisdiction and taxing the time and resources of its citizens. *See In re Union Carbide*, 634 F. Supp. at 861 (reasoning that, even where defendant does business in the court's jurisdiction, the court should not "be burdened with cases...which, from every point of view, should be tried in the courts of the nation where all the relevant events occurred and whose citizens are primarily involved").

Thus, a review of both the private and public interest factors likewise support dismissal of the case on the basis of *forum non conveniens*.

MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED COMPLAINT
Case No.  CV-07-06198 MHP

WA413731.1

DAVIS WRIGHT TREMAINE LLP

1

## CONCLUSION

2         For the foregoing reasons,  BNP Paribas and BNPP Asia respectfully request that the Court

3   grant their motion.

4

5   DATED: March 7, 2008                  CLIFFORD CHANCE US LLP

6                                       DAVIS WRIGHT TREMAINE LLP

7

8                                       By:         /s/

9                                               Joseph E. Addiego III

10                                    Attorneys for Defendants
BNP PARIBAS and BNP PARIBAS
SECURITIES (ASIA) LIMITED

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_DAVIS WRIGHT TREMAINE LLP_

MOTION OF DEFENDANTS BNP PARIBAS AND BNP PARIBAS SECURITIES (ASIA) LTD. TO DISMISS THE FIRST AMENDED
COMPLAINT
Case No.  CV-07-06198 MHP

WA413731.1