1  GILBERT R. SEROTA (No. 75305)
   Email: gserota@howardrice.com
2  MARK A. SHEFT (No. 183732)
   Email: msheft@howardrice.com
3  MICHAEL L. GALLO (No. 220552)
   Email: mgallo@howardrice.com
4  HOWARD RICE NEMEROVSKI CANADY
        FALK & RABKIN
5  A Professional Corporation
   Three Embarcadero Center, 7th Floor
6  San Francisco, California  94111-4024
   Telephone:   415/434-1600
7  Facsimile:   415/217-5910

8  Attorneys for Plaintiffs
   THOMAS WEISEL PARTNERS LLC and
9  THOMAS WEISEL INTERNATIONAL
   PRIVATE LIMITED

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                        SAN FRANCISCO DIVISION

14

15 | THOMAS WEISEL PARTNERS LLC, a               | No. CV-07-06198 MHP
   | Delaware limited liability company, and     |
16 | THOMAS WEISEL INTERNATIONAL                 | Action Filed:  December 6, 2007
   | PRIVATE LIMITED, an Indian company,         |
17 |                                             | DECLARATION OF GILBERT R.
   |              Plaintiffs,                    | SEROTA IN SUPPORT OF PLAINTIFFS
18 |                                             | AND BNP DEFENDANTS'
   |     v.                                      | STIPULATION AND [PROPOSED]
19 |                                             | ORDER RE JURISDICTIONAL
   | BNP PARIBAS, a French corporation, BNP      | DISCOVERY AND VACATING
20 | PARIBAS SECURITIES (ASIA) LIMITED,          | HEARING DATE (Civil L. R. 6-2)
   | a Hong Kong company, and PRAVEEN            |
21 | CHAKRAVARTY, an individual,                 |
22 |              Defendants.                    |

23
24
25
26
27
28

DECLARATION OF GILBERT R. SEROTA                                  C-07-6198 MHP

I, GILBERT R. SEROTA, declare as follows:

1. I am a Director of the law firm of Howard Rice Nemerovski Canady Falk & Rabkin, A Professional Corporation, counsel of record for Plaintiffs Thomas Weisel Partners LLC and Thomas Weisel International Private Limited (collectively "TWP"). The facts stated herein are based on my own personal knowledge, and if called as a witness, I could and would testify as set forth below.

**A. Background.**

2. On February 15, 2008, TWP and BNP Paribas and BNP Paribas Securities (Asia) Limited (collectively "the BNP Paribas Defendants"; along with TWP, "the Parties") stipulated—and the Court Ordered—that the Court would hear and resolve the BNP Paribas Defendants' motion to dismiss for lack of personal jurisdiction and forum non conveniens (the "Jurisdiction Motion") before considering challenges to the sufficiency of the claims alleged in the First Amended Complaint (*see* Docket Entry No. 13).

3. The existing Order provides that "If TWP undertakes jurisdictional discovery—whether by consent or leave of Court—the parties will meet and confer in good faith to consider whether it is necessary to revise or extend the briefing and hearing schedule set forth [therein]."

4. On March 7, 2008, the BNP Paribas Defendants filed and served their Jurisdiction Motion. The motion is currently set for hearing on April 28 and, unless continued, would require TWP to file an opposition on March 28.

5. On March 13 and March 17, and in correspondence thereafter, counsel for the Parties met and conferred to discuss (i) TWP's need for jurisdictional discovery, (ii) whether such discovery would proceed by consent and (iii) the effect undertaking such discovery would have on the hearing and briefing schedule outlined in the Stipulation.

**B. Jurisdictional Discovery, Briefing and Hearing Schedule**

6. As a result of these discussions, counsel agreed that limited jurisdictional discovery would be conducted at this time and that Discovery directed solely to the merits of the issues in the Complaint (including Initial Disclosures) should be deferred until the Court

decides the Jurisdiction Motion.

7.  Counsel also agreed that the hearing date of the Jurisdiction Motion, currently noticed for April 28, 2008, should be taken off calendar to allow for the completion of jurisdictional discovery and the orderly presentation of the facts gathered during such discovery in TWP's opposition brief and the BNP Paribas Defendants' reply.  It was further agreed that, after the Parties resolve any discovery disputes and complete jurisdictional discovery—which we expect will take 2-3 months (depending on whether any discovery-related motion practice ensues)—the parties will meet and confer to discuss a schedule for the balance of the briefing and propose to the Court a mutually acceptable briefing and hearing date on the Jurisdiction Motion.  The stipulation filed herewith recites that "In all events, absent the Parties' mutual consent or leave of Court, the hearing on the Jurisdiction Motion will occur no later than July 28, 2008."

8.  Based on discussions with counsel for individual Defendant Praveen Chakravarty, we anticipate being able to coordinate efficiently any jurisdiction/forum non conveniens motion he may bring into the jurisdictional discovery, briefing and hearing schedules proposed in the stipulation filed herewith for the BNP Paribas Defendants' Jurisdiction Motion.

### C. Parties Differ Regarding the CMC Schedule.

9.  As counsel for TWP, we expect this case to raise a variety of challenging procedural and substantive issues.  We believe the Parties and the Court would benefit from holding a Case Management Conference on March 31, 2008, as provided in the December 28, 2007 Clerk's Notice and the Stipulation.  We also believe the Parties' Joint Case Management Conference Statement, which would be filed on March 21 (as previously ordered), and the stipulation and [proposed] order accompanying this Declaration should constitute the Discovery Plan that is due on March 24, 2008.

10.  Because all discovery directed to the merits of the issues in the Complaint will be deferred until after the Court decides the Jurisdiction Motion, Counsel for the BNP Paribas Defendants believe that the Court should postpone the Case Management Conference (and


HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

related deadlines) until after it decides the Jurisdiction Motion as all subsequent events depend on the Court's ruling.

11.   All other deadlines and obligations set forth in the Parties' prior Stipulation remain in force and are not affected by the stipulation filed herewith.

12.   The accompanying stipulation memorializes these agreements and differing views.  The ordering language provides two different alternatives for the Court to select regarding the Case Management Conference schedule.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, and that this Declaration was executed on this 20th day of March, 2008, at San Francisco, California.

/s/
GILBERT R. SEROTA

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

DECLARATION OF GILBERT R. SEROTA          C-07-6198 MHP

-3-