COOK │ ROOS │ WILBUR │ THOMPSON LLP
TRACY THOMPSON, CBN 88173
MICHAEL E. WILBUR, CBN 152361
221 Main Street, Suite 1600
San Francisco, California 94105
Telephone:    415-362-7071
Facsimile:    415-362-7073

Attorneys for Defendant
PRAVEEN CHAKRAVARTY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS WEISEL PARTNERS LLC, a Delaware limited liability company, and THOMAS WEISEL INTERNATIONAL PRIVATE LIMITED, an Indian company,<br><br>          Plaintiffs,<br><br>     vs.<br><br>BNP PARIBAS, a French corporation, BNP PARIBAS SECURITIES (ASIA) LIMITED, a Hong Kong company, and PRAVEEN CHAKRAVARTY, an individual,<br><br>          Defendants. | Case No.: C 07-06198 MHP<br><br>DEFENDANT PRAVEEN CHAKRAVARTY'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>Hearing:        To Be Determined<br>Time:            2:00 p.m.<br>Courtroom:    15<br>The Honorable Marilyn Hall Patel |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ....................................................... 1

II.  FACTS AND ALLEGATIONS OF FIRST AMENDED COMPLAINT................................. 5

III. ARGUMENT ................................................................................................................... 6

     A.   THOMAS WEISEL PARTNERS LLC LACKS STANDING TO SUE....................... 6

     B.   THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED IN ITS
          ENTIRETY AS TO PRAVEEN CHAKRAVARTY BASED ON LACK OF
          PERSONAL JURISDICTION AND *FORUM NON CONVENIENS*. ........................... 7

          1.   This Court Lacks Jurisdiction Over Chakravarty............................................... 7

               a.   Plaintiffs cannot meet their burden of establishing that Chakravarty is
                    subject to general personal jurisdiction in California. ........................... 8

               b.   Plaintiffs cannot meet their burden of establishing that Chakravarty is
                    subject to specific personal jurisdiction in California............................ 9

               c.   The exercise of jurisdiction over Chakravarty in California would be
                    unreasonable...................................................................................... 11

          2.   This Action Should Be Dismissed Based on the Doctrine of *Forum Non
               Conveniens* ................................................................................................... 14

               a.   India is an adequate alternative forum ................................................. 15

               b.   The balancing of private interest and public interest factors here also
                    weighs in favor of dismissal............................................................... 16

                    (1)   Private interest factors............................................................ 17

                    (2)   Public interest factors............................................................. 18

IV. CONCLUSION ............................................................................................................. 19

TABLE OF AUTHORITIES

Page

**Cases**

*Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096 (C.D. Cal. 2001) ................................................. 8

*Asahi Metal Industry Co., Ltd. v. Superior Court,* 480 U.S. 102 (1987) ....................................... 11, 13

*Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995) ......................................................................... 13

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000) ................................ 10

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ................................................................. 7, 12

*Calder v. Jones*, 465 U.S. 783　(1984) ................................................................................ 10, 11

*CDI International, Inc. v. Marck*, 2005 U.S. Dist. LEXIS 23060 (E.D. Pa. 2005) ............................. 10

*CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107 (9th Cir. 2004) ....................................... 10

*Chhawchharia v. Boeing Co.*, 657 F. Supp. 1157 (S.D.N.Y. 1987) ................................................. 16

*Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446 (9th Cir. 1990) ....................... 15, 17

*Core-Vent v. Nobel Industries AB*, 11 F.3d 1482 (9th Cir. 1993) ........................................... 12, 13, 14

*Doe v. Geller*, 533 F.Supp. 2d 996 (N.D. Cal. 2008) .......................................................... 7, 11, 12, 14

*Doe v. Unocal*, 248 F.3d 915 (9th Cir. 2001) ..................................................................... 7, 8, 9, 11

*ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617 (4th Cir. 1997) ................................................. 10

*Fields v. Sedgwick Associated Risks, Ltd.,* 796 F.2d 299 (9th Cir. 1986) ................................... 8, 9, 17

*Franchise Tax Bd. of Calif. v. Alcan Aluminum Ltd*, 493 U.S. 331 (1990) ........................................ 6

*Gates Learjet Corp. v. Jensen*, 743 F.2d 1325 (9th Cir. 1984) ...................................................... 8

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*

　　　284 F.3d 1114 (9th Cir. 2002) .................................................................................. 7, 12, 13

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) ............................................................. 14, 16, 17, 18

*Hanson v. Denckla*, 357 U.S. 235 (1958) .......................................................................... 7, 8, 11

*Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*

　　　328 F.3d 1122 (9th Cir. 2003) .................................................................................... 10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) ...................................... 7, 8

*Imo Indus., Inc. v. Kiekert AG*, 155 F.3d 254 (3d Cir. 1998) ........................................................ 10

1   *In re Union Carbide Corp. Gas Plant Disaster,* 634 F. Supp. 842 (S.D.N.Y. 1986) .............. 15, 16, 18

2   *In re Union Carbide Corp. Gas Plant Disaster,* 809 F.2d 195 (2d Cir. 1987) ................................... 16

3   *Int'l Shoe v. Washington*, 326 U.S. 310 (1945) ................................................................... 7, 11

4   *Leetsch v. Freedman*, 260 F.3d 1100, 1105 (9th Cir. 2001) ........................................................ 18

5   *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764 (9th Cir. 1991)........................ 15, 16

6   *Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001)........................................... 14, 15, 17, 18

7   *Neo Sack, Ltd. V. Vinmar Impex, Inc.*, 810 F. Supp. 829 (S.D. Tex. 1993)................................. 15, 16

8   *Pacific Atlantic Trading Co. v. M/V Main Express*, 758 F.2d 1325 (9th Cir. 1985) ................ 9, 11, 13

9   *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) .................................................................. 14, 15,18

10  *PLM Int'l. Inc. v. Nath*, 1998 U.S. Dist. Lexis 12835, *3 (N.D. Cal. Aug. 17, 1998).................... 16, 18

11  *Roth v. Garcia Marquez*, 942 F.2d 617 (9th Cir. 1991)................................................................ 13

12  *Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797 (9th Cir. 2004) ................................ 8

13  *Shaffer v. Heitner*, 433 U.S. 186 (1977) ...................................................................................... 7

14  *Shell Petroleum, N.V. v. Graves*, 709 F.2d 593 (9th Cir. 1983) ............................................... 2, 6

15  *Shute v. Carnival Cruise Lines*, 897 F.2d 377 (9th Cir. 1990) ...................................................... 8

16  *United States v. First National City Bank*, 379 U.S. 378 (1965) ................................................. 11

17  *Vigilante.com, Inc. v. Argus Test.com, Inc.,* 2005 U.S. Dist. LEXIS 45999 (D. Or. 2005)................... 6

18  *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838 (9th Cir. 1976)................................................... 2, 6

19  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ................................................. 7

20  **Statutes and Rules**

21  California Code of Civil Procedure § 410.10......................................................................... 7

22  Federal Rules of Civil Procedure 4(k)(1)(A) ........................................................................ 7

23  Federal Rules of Civil Procedures 12(b)(2) ....................................................................... 1, 8

24

25

26

27

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on a date and time to be determined, but no later than July 28, 2008[1], defendant Praveen Chakravarty will and hereby does move, in Courtroom 15 of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California, for an order dismissing all claims brought by plaintiff Thomas Weisel Partners LLC on the ground that Thomas Weisel Partners LLC lacks standing.  In addition, defendant Praveen Chakravarty will and hereby does also move for an order dismissing the First Amended Complaint in its entirety on the following alternative grounds:

1. The First Amended Complaint should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because the Court lacks personal jurisdiction over defendant Praveen Chakravarty.

2. The First Amended Complaint should also be dismissed on the basis of *forum non conveniens.*

For the reasons set forth below, this action should be dismissed, and re-filed, if at all, in an Indian court.

## POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHAKRAVARTY'S MOTION TO DISMISS

### I.    INTRODUCTION AND SUMMARY OF ARGUMENT

The First Amended Complaint should be dismissed as to Praveen Chakravarty because the Court lacks jurisdiction over him.  Chakravarty is and always has been an Indian citizen; he currently resides in India, where he has lived continuously since October 2005; he owns no property in California; and he has no other on-going contacts with the state of California that are sufficient to subject him to jurisdiction here.

---

[1] Pursuant to the parties' Stipulation, and the Court's April 7, 2008 order thereon, this motion shall be heard on the same day as the hearing on the motion to dismiss that was filed on March 7, 2008 by defendants BNP Paribas and BNP Paribas Securities (Asia) Limited (collectively "the BNPP defendants").  After the parties have resolved any discovery disputes and completed discovery related to the issues raised by this motion, the parties will meet and confer to discuss a schedule for the balance of the briefing on this motion, and will propose to the Court a mutually acceptable briefing schedule and hearing date for this motion and the BNPP defendants' pending motion.

1    In the past, Chakravarty temporarily resided in California when he worked for Thomas Weisel

2  Partners LLC, and he was present in the United States pursuant to a nonimmigrant visa.  However,

3  Chakravarty's past contacts with California do not rise to the level of substantial, continuous, and

4  systematic contacts that would subject him to general jurisdiction here.  Moreover, he is not subject

5  to specific jurisdiction in California because none of the claims in this case arise out of any of

6  Chakravarty's contacts with California.

7    The claims in the First Amended Complaint all arise out of a series of alleged events that are

8  alleged to have taken place in Hong Kong and Mumbai, India.  The only nexus between the claims in

9  the First Amended Complaint and the State of California is that one of the plaintiffs, Thomas Weisel

10  Partners LLC, happens to be headquartered in San Francisco.  However, Thomas Weisel Partners

11  LLC (the United States company) is not even a proper plaintiff because that entity lacks standing to

12  sue for injuries allegedly sustained by its Indian subsidiary.

13    According to the First Amended Complaint, Thomas Weisel Partners LLC (the U.S.

14  company) and Thomas Weisel International Private Limited (the Indian company) are separate

15  entities, with the Indian company being a subsidiary of the U.S. company.  (First Amended

16  Complaint, ¶¶ 7, 8.)  Throughout the First Amended Complaint, plaintiffs refer to the two entities

17  collectively as "TWP."  (*See e.g.* First Amended Complaint, ¶¶ 49, 50.)  However, the First Amended

18  Complaint alleges no injury to the U.S. company that is independent from the alleged injury to the

19  Indian company.  In fact, the First Amended Complaint makes clear that all of the claims stem from

20  alleged damage to the so-called "Discovery Research" business, which was part of the Indian

21  company.  (*See* First Amended Complaint, ¶ 8. ("Until very recently, TW International operated the

22  Discovery Research business. . . .")  Therefore, under the "shareholder standing rule," which is

23  recognized by the Ninth Circuit as a salutary rule that "avoids multitudinous litigation and recognizes

24  the corporate entity," Thomas Weisel Partners LLC lacks standing to sue and is not a proper party.

25  *See e.g. Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983); *Von Brimer v. Whirlpool*

26  *Corp.*, 536 F.2d 838, 846 (9th Cir. 1976).

27    Moreover, while it is true that Chakravarty signed an "Acknowledgment of Receipt of

28  Employee Handbook," as alleged in paragraph 16 of the First Amended Complaint, that document

has no bearing on the claims in this case because it related solely to Chakravarty's prior employment by Thomas Weisel Partners LLC (the United States entity).  (*See* Exhibit A to Declaration of Praveen Chakravarty ("Chakravarty Dec.") filed herewith.)  The Handbook Acknowledgment that is alleged in paragraphs 16, 17, and 18 of the First Amended Complaint relates specifically and exclusively to *Thomas Weisel Partners LLC's* confidential information and trade secrets; it includes purported restrictions on Chakravarty's right to solicit *customers of Thomas Weisel Partners LLC*; and it also includes purported restrictions on Chakravarty's right to solicit *employees of Thomas Weisel Partners LLC*.  (*Id.*)  However, there is no allegation anywhere in the First Amended Complaint that Chakravarty misappropriated any confidential information or trade secrets belonging to Thomas Weisel Partners LLC (the United States entity), or that he has solicited any customers or employees of Thomas Weisel Partners LLC.  Instead, the alleged "trade secrets" that are claimed to have been misappropriated are alleged to have related to the Discovery Research business (First Amended Complaint, ¶ 59); the employees who are claimed to have been improperly solicited are alleged to have been employees of the Discovery Research business unit (First Amended Complaint, ¶ 72); and the employment relationships that are claimed to have been interfered with are employment relationships with the "Departing Discovery Research Employees" (First Amended Complaint, ¶ 79).[2]  In sum, all of the claims in this case arise out of activities in Asia, and none of the claims in this case arise out of any of Chakravarty's contacts with California.  Therefore, all of the purported claims against Chakravarty should be dismissed because he is not subject to jurisdiction in California.

Finally, the First Amended Complaint should also be dismissed pursuant to the doctrine of *forum non conveniens* for several reasons.

***First*** and foremost, the First Amended Complaint is based entirely on conduct that allegedly occurred in Asia.  This is an employment law dispute involving a Hong Kong company—BNPP

---

[2] The First Amended Complaint makes clear that the Indian company, TW International, had its own Employee Handbook, which allegedly included its own prohibition against disclosure of that company's confidential information.  Moreover, the First Amended Complaint further alleges that "all employees" in the "Discovery Research business read and agreed to the terms of TW International's Employee Handbook."  (First Amended Complaint, ¶ 32.)  However, there is no specific allegation anywhere in the First Amended Complaint that Chakravarty signed any such agreement with TW International.  And if Chakravarty did sign a contract with the Indian company,

Asia—that allegedly recruited Indian nationals working in India for an Indian company. None of those employees lived or worked in the United States at the time the alleged events took place, and all of them are Indian citizens.

*Second*, none of the relevant companies have any relevant connection to the United States.

- **BNPP Asia** is a Hong Kong company with no operations in the United States. It is not licensed to do business in the United States, has no property here, and has no employees based or working in the United States.

- **BNPP** is a French company. Although it has operations in the United States, none of its employees who allegedly acted unlawfully lived or worked in the United States.

- **TW International** is an Indian company organized under the laws of India.[3]

*Third*, defendant Chakravarty is a citizen and resident of India, who was working for an Indian company in India at the time of the events that give rise to this lawsuit, and who presently works for another Indian company in India.

*Fourth*, virtually all of the witnesses with direct knowledge of any facts relevant to this case live and work in Asia and most, if not all, are beyond the subpoena power of this Court. Thus, virtually all of the discovery depositions will take place in Asia. What is more, any depositions of third party fact witnesses located in India must be taken pursuant to the Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"). This will cause the parties to spend substantial time and effort on manifestly unnecessary work dealing with the intricacies of the Hague Convention.

---

California law would not apply to that contract, nor would Chakravarty be subject to jurisdiction in California based upon it.

[3] Again, Thomas Weisel Partners LLC, the U.S. company, is not relevant to this analysis because it has no standing to sue. Its alleged injury is entirely derivative of the purported injury of its Indian subsidiary—TW International. It was TW International, not Thomas Weisel Partners LLC, that lost employees and therefore suffered the alleged direct injury. As noted above, the law is clear that injury suffered by a subsidiary does not confer standing on its corporate parent.

*Fifth*, virtually all of the relevant documents are in Asia.  Much, if not all, of the document production must therefore be in India, and any written discovery served on third parties must comply with the Hague Convention.

*Sixth*, in addition to all of these important procedural and practical concerns, this case should be heard in India for social, political, and jurisprudential reasons.  The Indian government and the Indian courts—not the United States—should decide how best to regulate the movement of Indian employees from one Indian company to another.  As an emerging economy with social and economic considerations far different from ours, India should decide for itself the rules that govern this important issue.  Neither California nor the United States has any legitimate interest in this issue, and it would be an egregious exercise of national power for the U.S. courts to apply California law to an Indian employment law dispute.

## II.   FACTS AND ALLEGATIONS OF FIRST AMENDED COMPLAINT

Plaintiffs allege that on December 4, 2007, defendant BNP Paribas Securities (Asia) Limited ("BNPP Asia") announced the launch of a securities research platform in India, to be headed by Praveen Chakravarty.  (First Amended Complaint ¶ 4.)  According to the First Amended Complaint, the research team, under the direction of Chakravarty, is based in Mumbai, India.  (First Amended Complaint ¶ 4.)

Chakravarty previously worked for TW International, an Indian company, which included the so-called "Discovery Research" unit.  (First Amended Complaint, ¶¶ 22, 8.)   According to the First Amended Complaint, some of the members of BNPP Asia's research team in India were former employees of TW International's Discovery Research in Mumbai as well.  (First Amended Complaint, ¶ 44.)  None of these former employees are alleged to be California citizens.

On December 6, 2007, plaintiffs filed a lawsuit in this Court against defendants, who consist of a foreign individual and two foreign companies, alleging that defendants' conduct in India and/or Hong Kong with respect to some of the employees of BNPP Asia's Indian research platform, purportedly violated California law.  (Original Complaint ¶¶ 50-108.)  On January 15, 2008, plaintiffs filed an amended complaint, adding a claim based on a federal statute for the same conduct in India and/or Hong Kong.  (First Amended Complaint ¶¶ 51-56.)

1    Chakravarty is a citizen of India.  (First Amended Complaint ¶ 11; Chakravarty Dec., ¶ 2.)

2    He resides in India, as he has during the entire period of the conduct at issue.  (First Amended

3    Complaint, ¶ 11; Chakravarty Dec., ¶¶ 2,6.)  Chakravarty does not work in California, nor does he

4    own real property there.  (Chakravarty Dec., ¶ 9.) Chakravarty does not have a mailing address in

5    California.  (Chakravarty Decl. ¶ 9.)

6                                III.    <u>ARGUMENT</u>

7    A.    <u>THOMAS WEISEL PARTNERS LLC LACKS STANDING TO SUE</u>.

8        To have standing under Article III of the Constitution, a plaintiff must allege: (1) that he/it

9    personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of

10   the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that the injury

11   is likely to be redressed by a favorable decision. *See Franchise Tax Bd. of Calif. v. Alcan Aluminum*

12   *Ltd*, 493 U.S. 331 (1990).  In addition to the Article III requirements for standing, there are also

13   "prudential considerations," including the rule long followed by the Ninth Circuit that a shareholder

14   (including a parent corporation) generally lacks standing to redress an injury to the corporation.  *Shell*

15   *Petroleum, N.V.*, 709 F.2d at 595.  Under the so-called "shareholder standing rule," to have standing,

16   a shareholder must assert more than personal economic injury resulting from a wrong to the

17   corporation.  *Id*.  A shareholder must be injured directly and independently of the corporation.  *Id*; *see*

18   *also Vigilante.com, Inc. v. Argus Test.com, Inc.,* 2005 U.S. Dist. LEXIS 45999 (D. Or. 2005).  This

19   rule "avoids multitudinous litigation and recognizes the corporate entity." *Von Brimer*, 536 F.2d at

20   846.

21        Here, plaintiff Thomas Weisel Partners LLC, the parent company, has not alleged any injury

22   to it that is independent from the alleged injury to its subsidiary, TW International.   Again, the First

23   Amended Complaint refers to the two separate entities collectively as "TWP" and alleges injury to

24   "TWP."  (*See e.g.* First Amended Complaint, ¶¶ 49, 50.)  However, the First Amended Complaint

25   makes it clear that all of the alleged injury actually stems from the alleged solicitation of the

26   Discovery Research business unit, which was part of the Indian subsidiary, TW International.  There

27   is absolutely no specific allegation anywhere in the First Amended Complaint of any alleged direct

28   injury to the parent company, Thomas Weisel Partners LLC, that is independent from the alleged

1    injury to the subsidiary.  Therefore, Thomas Weisel Partners LLC lacks standing and is not a proper

2    party.

3    B.    THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY AS
          TO PRAVEEN CHAKRAVARTY BASED ON LACK OF PERSONAL JURISDICTION

4          AND *FORUM NON CONVENIENS.*

5          1.    This Court Lacks Jurisdiction Over Chakravarty

6          Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure provides that "[s]erving a

7    summons . . . establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a

8    court of general jurisdiction in the state where the district court is located."  California's long-arm

9    statute extends jurisdiction to the limits of due process.  Cal. C.C.P. § 410.10 ("A court of this state

10   may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the

11   United States").  Therefore, the essential inquiry is whether the Due Process Clause of the

12   Constitution permits this Court to exercise personal jurisdiction over Chakravarty.  *Doe v. Unocal,*

13   248 F.3d 915, 923 (9th Cir. 2001); *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,

14   284 F.3d 1114, 1123 (9th Cir. 2002).  To satisfy due process, a nonresident defendant must have

15   "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend

16   traditional notions of fair play and substantial justice."  *Helicopteros Nacionales de Colombia, S.A. v.*

17   *Hall*, 466 U.S. 408, 414 (1984) (*quoting Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945))

18   (internal citations omitted).  The requirement of "minimum contacts" is premised upon the principle

19   that the nonresident defendant's "conduct and connection with the forum State must be such that the

20   defendant should reasonably anticipate being haled into court there."  *World-Wide Volkswagen Corp.*

21   *v. Woodson*, 444 U.S. 286, 297 (1980).  A defendant must have "fair warning that a particular activity

22   may subject [him] to the jurisdiction of a foreign sovereign."  *Burger King Corp. v. Rudzewicz*, 471

23   U.S. 462, 472 (1985), *quoting Shaffer v. Heitner*, 433 U.S. 186, 218 (1977).  Jurisdiction can only be

24   exercised where the defendant "purposefully avails [himself] of the privilege of conducting activities

25   in the forum state."  *Hanson v. Denckla,* 357 U.S. 235, 253 (1958).

26         There are two types of personal jurisdiction – general and specific.  As the Ninth Circuit has

27   explained:

28

1
2
3
4

> If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available; in other words, the foreign defendant is subject to suit even on matters unrelated to his or her contacts to the forum. A court may exercise specific jurisdiction over a foreign defendant if his or her less substantial contacts with the forum give rise to the cause of action before the court. The question is whether the cause of action arises out of or has a substantial connection with that activity.

5   *Unocal*, 248 F.3d at 923 (*quoting Hanson*, 357 U.S. at 250-253) (internal citations omitted).

6   When personal jurisdiction is challenged by a nonresident defendant, "[i]t is the plaintiff's

7   burden to establish the court's personal jurisdiction over a defendant." *Unocal,* 248 F.3d at 921. The

8   plaintiff must establish that the nonresident defendant has minimum contacts with the forum state.

9   *Fields v. Sedgwick Associated Risks, Ltd.,* 796 F.2d 299, 301 (9th Cir. 1986). Here, plaintiffs cannot

10   meet their burden of demonstrating either general or specific jurisdiction with respect to

11   Chakravarty.[4] Moreover, the exercise of jurisdiction over Chakravarty would be unreasonable.

12
13

      a.  <u>Plaintiffs cannot meet their burden of establishing that Chakravarty is subject to general personal jurisdiction in California</u>.

14   This Court may exercise general jurisdiction over Chakravarty only upon a showing that he

15   has "substantial" or "continuous and systematic" activities within California. *Fields*, 796 F.2d at 301.

16   The Ninth Circuit has emphasized that "the level of contact with the forum state necessary to

17   establish general jurisdiction is quite high." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th

18   Cir. 1990), *rev'd on other grounds,* 499 U.S. 585 (1991). Indeed, the contact must be considerable—

19   occasional activities within the forum state are insufficient. *See, e.g., Gates Learjet Corp. v. Jensen*,

20   743 F.2d 1325, 1330-31 (9th Cir. 1984), *cert. denied*, 471 U.S. 1066 (1985) (no general jurisdiction

21   where the nonresident defendant visited and made purchases in the forum state, solicited a contract in

22   the forum, and had extensive communications with the forum); *Helicopteros*, 466 U.S. at 410-411,

23   418-419 (finding insufficient contacts with forum state despite sales negotiations, purchase of

24   equipment, and training of personnel in the forum state); *Schwarzenegger v. Fred Martin Motor*

25   *Company*, 374 F.3d 797 (9th Cir. 2004) (holding that alleged contacts, including regularly purchasing

26
27
28

---

    [4]Motions, like this one, brought under Fed. R. Civ. P. 12(b)(2) "must be decided on the basis of competent evidence (*e.g.*, declarations…), and the court cannot assume the truth of allegations in a pleading contradicted by" such competent evidence. *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001). Accordingly, the Court here may consider the attached declarations, and need not assume that the challenged pleadings are true.

automobiles imported by California entities, regularly retaining services of a California-based direct-mail marketing company, and hiring a California sales training company, were insufficient to establish jurisdiction); *see also Fields*, 796 F.2d at 301 (citing and discussing cases where contacts deemed insufficient).

Here, the plaintiffs cannot establish that Chakravarty has "substantial" or "continuous and systematic" activities within California. Again, Chakravarty is a citizen of India, and he resides in India. (Compl. ¶ 11; Chakravarty Dec. ¶ 2.) Chakravarty does not presently work in California or conduct business here. Rather, he works in Mumbai, India, where he has worked since October 2005. (Chakravarty Dec., ¶¶ 2, 6.) He does not own property in California; nor does he have a mailing address in California. (Chakravarty Decl. ¶ 9.) Therefore, Chakravarty is not subject to general personal jurisdiction in California.

> b. <u>Plaintiffs cannot meet their burden of establishing that Chakravarty is subject to specific personal jurisdiction in California</u>.

The following three-part test applies to determine whether specific jurisdiction may be established over a nonresident defendant:

> (1) The nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2) The claim must be one which arises out of or results from the defendant's forum-related activities; and

> (3) Exercise of jurisdiction must be reasonable.

*Unocal,* 248 F.3d at 923. Plaintiffs are required to prove *all* of these elements in order to establish specific jurisdiction. *Pacific Atlantic Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1329 (9th Cir. 1985). Here, plaintiffs cannot establish that any of their claims arise out of any forum-related activities of Chakravarty, nor can they establish that the exercise of jurisdiction over him (or any of the other defendants) would be reasonable.

1    Again, the claims in this case all arise out of alleged conduct that allegedly took place in Asia,

2    not in California.  The only link to California is Thomas Weisel Partners LLC's presence here, but

3    the parent company's presence here does not suffice to establish that any claim in this action actually

4    arises out of or results from any defendant's activities in California.

5    Plaintiffs have indicated in their portion of the Joint Case Management Statement filed March

6    21, 2008, that they intend to rely on the "effects test" from *Calder v. Jones*, 465 U.S. 783  (1984) as

7    expressed in such cases as *CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107 (9th Cir. 2004);

8    *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th Cir. 2003); and

9    *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000).  However, plaintiffs'

10    attempted reliance on the effects test is misplaced because they cannot establish that Chakravarty or

11    any other defendant committed any act that was "expressly aimed" at California and that they (or any

12    of them) knew was likely to cause harm in California.  To satisfy the "effects test," the plaintiffs must

13    show that Chakravarty: (1) committed an *intentional act*; (2) *expressly aimed* at the forum state; (3)

14    causing harm in the forum state *that the defendant knew was likely to be suffered in that state. CE*

15    *Distribution*, 380 F.3d at 1111.

16    Several courts have considered the application of the "effects test" in the context of claims,

17    like those here, alleging misappropriation of trade secrets and other alleged acts of unfair

18    competition.  The cases consistently hold that the mere presence of a plaintiff in the forum state does

19    not suffice to subject the defendant(s) to jurisdiction in that state.  For example, in *CDI International,*

20    *Inc. v. Marck*, 2005 U.S. Dist. LEXIS 23060 (E.D. Pa. 2005), a case alleging misappropriation of the

21    plaintiff's trade secrets and defamation, the court explained that "the mere allegation that the plaintiff

22    feels the effect of the defendant's tortious conduct in the forum because the plaintiff is located there

23    is insufficient to satisfy *Calder*." *Id.* at *10 (*quoting Imo Indus., Inc. v. Kiekert AG*, 155 F.3d 254,

24    257 (3d Cir. 1998).)[5]  Similarly, in *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 625 (4th Cir.

25

26    [5] The nonresident defendant in CDI was held to be subject to jurisdiction in Pennsylvania
because he allegedly "conspired to steal CDI's trade secrets by directing Cloud, a Pennsylvania
27    company, to rummage through CDI's garbage in Pennsylvania."  However, nothing like that is
alleged here.  Moreover, as noted above, the alleged "trade secrets" that are alleged to have been
28    misappropriated here belonged to the Indian company and the acts that allegedly resulted in the
misappropriation all allegedly took place in Hong Kong and Mumbai.

1997), the court explained that the effects doctrine would not support the exercise of jurisdiction over

nonresident defendants who were alleged to have misappropriated the plaintiff's trade secrets.

> All relations among the three [defendants] were carried out in and between New Hampshire and Florida. The only South Carolina "contact" related to this suit is that Centricut and Aley knew that the sales leads that Bergen supplied might, if fruitful, ultimately result in less sales to the ESAB Group, which was headquarted in South Carolina. . .

> This activity, standing alone, does not support proof of intent by Centricut to avail itself of the privilege of conducting activities in South Carolina. See *Hanson*, 357 U.S. at 253 ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state"). Nor does it manifest behavior intentionally targeted at and focused on South Carolina, see *Calder v. Jones*, 465 U.S. 783, 789-90, 79 L.Ed. 2d 804, 104 S.CT. 1482 (1984) (jurisdiction of forum state upheld where libel "expressly aimed" at forum state with knowledge that "potentially devastating impact" would be felt there). . . .

*Id.*

Therefore, even if Thomas Weisel Partners LLC was a proper plaintiff, its presence in

California does not suffice to establish that Chakravarty is subject to jurisdiction in California.

### c. The exercise of jurisdiction over Chakravarty in California would be unreasonable.

Even if plaintiffs could establish that Chakravarty had sufficient minimum contacts with

California, plaintiffs would also have to show that the assertion of personal jurisdiction would be

reasonable and "would comport with traditional notions of 'fair play and substantial justice.'"

*Unocal,* 248 F.3d at 925 (*quoting Int'l Shoe v. Washington*, 326 U.S. at 326); *see also Doe v. Geller*,

533 F.Supp. 2d 996, 1006 (N.D. Cal. 2008). Plaintiffs cannot make this showing.

This is especially true because the issue of reasonableness takes on added significance in the

international context: "[g]reat care and reserve should be exercised when extending our notions of

personal jurisdiction into the international field." *Asahi Metal Industry Co., Ltd. v. Superior Court,*

480 U.S. 102, 115 (1987) (*quoting United States v. First National City Bank*, 379 U.S. 378, 404

(1965) (Harlan, J., dissenting)). The Ninth Circuit has held that litigation against an alien defendant

creates a higher jurisdictional barrier than litigation against a citizen from a sister state because

important sovereignty concerns exist. *Pacific Atlantic*, 758 F.2d at 1330.

The Ninth Circuit has identified seven factors in determining the reasonableness of asserting jurisdiction:

> (1) the extent of the defendant's purposeful interjection into the forum state;
>
> (2) the burden on the defendant of defending in the forum state;
>
> (3) the extent of conflict with the sovereignty of the defendant's [home jurisdiction];
>
> (4) the forum state's interest in adjudicating the dispute;
>
> (5) the most efficient forum for judicial resolution of the dispute;
>
> (6) the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and
>
> (7) the existence of an alternative forum.

*Glencore*, 284 F.3d at 1125*; Core-Vent v. Nobel Industries AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993). An examination of these seven factors demonstrates that the Court's assertion of jurisdiction over Chakravarty would be unreasonable.

**(1) Purposeful interjection**: As explained above, plaintiffs cannot demonstrate that Chakravarty "purposefully availed" himself of the privilege of conducting activities within California. *Burger King*, 471 U.S. at 475. And even if there were sufficient "interjection" by Chakravarty into California to satisfy the purposeful availment prong of the test, the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the [reasonableness prong]." *Core-Vent*, 11 F.3d at 1488. The "smaller the element of purposeful interjection, the less jurisdiction is to be anticipated and the less reasonable its exercise." *Id*. at 88 (punctuation omitted); *see also Geller*, 533 F.Supp. at 1007. Here, as detailed above, all of acts that give rise to plaintiffs' claims were allegedly committed in Asia. Plaintiffs certainly allege no conduct by Chakravarty that was aimed at any California resident. Therefore, this factor weighs against the exercise of personal jurisdiction.

**(2) The burden of defending in this forum**: Chakravarty is an Indian citizen, who resides in India, and the events at issue allegedly took place in Asia, where most of the parties and witnesses are located. Therefore, the burden of litigating this case in California is considerable. Moreover, the

1  Supreme Court has noted that the "burdens placed upon one who must defend oneself in a foreign

2  legal system should have significant weight in assessing the reasonableness of stretching the long arm

3  of personal jurisdiction over national borders." *Asahi Metal Industry*, 480 U.S. at 114. Thus, this

4  factor also weighs against the exercise of personal jurisdiction.

5      **(3) The conflict with India's sovereignty:**  The exercise of personal jurisdiction over

6  Chakravarty "necessarily would implicate" India's sovereignty interests. *Ballard v. Savage*, 65 F.3d

7  1495, 1495 (9th Cir. 1995). "Where, as here, the defendant is from a foreign nation rather than

8  another state, the sovereignty barrier is high and undermines the reasonableness of personal

9  jurisdiction." *Glencore*, 284 F.3d at 1126. Therefore, this factor also weighs against the exercise of

10  personal jurisdiction.

11      **(4) California's interest in resolving this dispute**: Although California naturally has an

12  interest in protecting its residents, this interest does not extend to non-residents or to conduct that

13  occurred outside California. *See Pacific Atlantic*, 758 F.2d at 1330. Here, none of the conduct at

14  issue is alleged to have taken place in California, and none of the employees who are claimed to have

15  been unlawfully solicited are alleged to be residents or citizens of California. Therefore, California

16  does not have a great interest in resolving this dispute, if indeed it has any interest at all, and this

17  factor also weighs against the exercise of personal jurisdiction.

18      **(5) The most efficient forum to resolve this dispute:**  The "site where the injury occurred

19  and where evidence is located usually will be the most efficient forum." *Pacific Atlantic,* 758 F.2d at

20  1330. Therefore, no compelling efficiency would be obtained by this Court's exercise of personal

21  jurisdiction over Chakravarty, and this factor also weighs against the Court's exercise of jurisdiction.

22      **(6) Convenient and effective relief for plaintiffs**: "Neither the Supreme Court nor [the Ninth

23  Circuit] has given much weight to inconvenience to the plaintiff," because "trying a case where one

24  lives is almost always a plaintiff's preference." *Core-Vent*, 11 F.3d at 1490 (*quoting Roth v. Garcia*

25  *Marquez*, 942 F.2d 617, 622 (9th Cir. 1991)). The Ninth Circuit held in *Core-Vent* that "[a] mere

26  preference on the part of the plaintiff for its home forum does not affect the balancing; indeed, this

27  factor is insignificant in this case." *Id.*  The same is true here, particularly since the only plaintiff that

28  is located in California, Thomas Weisel Partners LLC, is not even a proper plaintiff. As noted above,

1   that entity (the parent company) fails to allege that it suffered any injury independent of the alleged

2   injury to its Indian subsidiary.

3          **(7) Existence of an alternative forum**: This factor also weighs against the exercise of

4   personal jurisdiction over Chakravarty.  "The plaintiff bears the burden of proving the unavailability

5   of an alternative forum."  *Core-Vent*, 11 F.3d at 1490; *see also Geller*, 533 F.Supp. at 1010.  Here,

6   plaintiffs cannot meet their burden of proving that an alternative forum is unavailable.  As discussed

7   below in Section B.2.a., India is an available alternative forum.

8          In sum, the balance of all of the pertinent factors demonstrates that the Court's exercise of

9   jurisdiction over Chakravarty would be unreasonable.  The Court should therefore decline to exercise

10  jurisdiction over Chakravarty.

11          2.     This Action Should Be Dismissed Based on the Doctrine of *Forum Non Conveniens*

12         This case should also be dismissed pursuant to the *forum non conveniens* doctrine because

13  India is a more appropriate forum for resolution of TWP's claims.   "A district court has discretion to

14  decline to exercise jurisdiction in a case" like this one, "where litigation in a foreign forum would be

15  more convenient for the parties."  *Lueck v. Sundstrand Corp.,* 236 F.3d 1137, 1142 (9th Cir. 2001);

16  *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501

17  (1947).  To determine whether a *forum non conveniens* dismissal is warranted, the court must first

18  determine that an adequate alternative forum exists.  *See Piper Aircraft*, 454 U.S. at 254-55; *Gulf Oil*,

19  330 U.S. at 506-08.  The court must then balance a series of factors involving the private interest of

20  the parties in maintaining the litigation in a particular forum and any public interests at stake.  *Id.*

21         Here, all of the conduct at issue took place in India, among non-U.S. citizens, involving

22  employees of companies operating in India.  California has virtually no connection to the dispute.

23  Notably, the complaint does not make a single allegation that any of the alleged acts occurred in

24  California or involved California residents.  Nor could it, because this case is essentially an

25  employment dispute involving Indian employees of companies in India.  Thus, the evidence and

26  witnesses are in India or in Hong Kong.

27

28

a.    India is an adequate alternative forum

An adequate alternate forum ordinarily exists "when the defendant is amenable to process in the foreign forum." *Lueck*, 236 F.3d at 1143; *Piper Aircraft*, 454 U.S. at 254 n. 22; *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1449 (9th Cir. 1990).  Here, all of the defendants are amenable to process in India.  Defendant Chakravarty  is an Indian citizen who resides in India, and the BNP defendants have acknowledged in their pending motion that they would both be amenable to process in India.

To be considered adequate, the "foreign forum must provide the plaintiff with some remedy for his wrong." *Lueck*, 236 F.3d at 1143 (affirming *forum non conveniens* dismissal even where plaintiffs argued that the foreign forum provided no remedy because it "legislated tort law out of existence").  "[I]t is only in 'rare circumstances . . . where the remedy provided by the alternative forum . . . is so clearly inadequate or unsatisfactory, that it is no remedy at all.'" *Id.*  (citing *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir. 1991)).

Here, with respect to plaintiffs' claims, India is an adequate forum because Indian common law: (1) recognizes and protects confidential information and trade secrets, (Declaration of K.K. Venugopal filed March 7, 2008 in support of BNPP defendants' motion to dismiss ("Venugopal Dec."), ¶ 4; *see also* First Amended Complaint ¶¶ 51-65); (2) provides remedies for plaintiffs' contract-related claims, (Venugopal Dec. ¶ 3; *see also* First Amended Complaint ¶¶ 66-77; 102-111); and (3) recognizes causes of actions related to intentional interference with employment relationships and intentional interference with contracts.  (Venugopal Decl. ¶¶ 5-6; *see also* First Amended Complaint ¶¶ 78-92.)

Moreover, federal courts have consistently recognized that Indian law provides a basis for a remedy for contract law claims and tort law claims.  One court noted that "India…has a codified law of contracts, which includes a section dealing with measure of damages." *Neo Sack, Ltd. v. Vinmar Impex, Inc.*, 810 F. Supp. 829, 833 (S.D. Tex. 1993).  Another found that "it is obvious that a well-developed base of tort doctrine exists to provide a guide to Indian courts…" *In re Union Carbide Corp. Gas Plant Disaster*, 634 F. Supp. 842, 849 (S.D.N.Y. 1986).

Indeed, several courts have dismissed cases pursuant to the *forum non conveniens* doctrine, and, in so doing, have expressly recognized India as an adequate alternative forum.  After a thorough analysis, the court in *In re Union Carbide Corp. Gas Plant Disaster*, 634 F. Supp. at 852, "determine[d] that the Indian legal system provides an adequate alternative forum," and that "the courts of India appear to be well up to the task of handling" that case.  *See also In re Union Carbide Corp. Gas Plant Disaster,* 809 F.2d 195, 202 (2d Cir. 1987) (noting district court's "exhaustive analysis of the evidence" of whether "Indian courts provide a reasonably adequate alternative forum," and affirming *forum non conveniens* dismissal in favor of India); *PLM Int'l, Inc. v. Nath*, 1998 U.S. Dist. Lexis 12835, *3 (N.D. Cal. Aug. 17, 1998) (finding that "India has already been determined to be an acceptable forum for the purposes of dismissing a case on the grounds of forum non conveniens") (citing *In re Union Carbide*, 809 F.2d 195); *Neo Sack,* 810 F. Supp. at 832 (finding India's legal system to "compare[] favorably to that of the United States" in various ways, and holding that "India's legal system appears to be well-equipped to deal with a routine commercial dispute"); *Chhawchharia v. Boeing Co.*, 657 F. Supp. 1157, 1160 (S.D.N.Y. 1987) (finding India to be an available alternative forum).

For these reasons, India is an adequate and alternative forum.

> b.    The balancing of private interest and public interest factors here also weighs in favor of dismissal

The balance of private and public interest factors favor dismissal.  *See Lockman Foundation*, 930 F.2d at 767.  The factors the court must consider fall into two groups:  those relating to the convenience of the litigants ("private" factors) and those affecting the public interest in the fair and efficient administration of justice ("public" factors).  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947).  An analysis of these factors reveals that California has no real connection to the suit and that India would be the more appropriate forum.

> (1)    Private interest factors

The private interest factors include:  "(1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial;

(6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Lueck*, 236 F.3d at 1145 (citing *Gulf Oil*, 330 U.S. at 508; *Contact Lumber*, 918 F.2d at 1449) (quotations omitted).

All of these factors weigh heavily in favor of dismissal.  Plaintiffs do not, and cannot, allege that any of the alleged conduct at issue took place in California.  All of the alleged conduct occurred in India and Hong Kong, and virtually all of the parties and witnesses reside in India or Hong Kong.

- Plaintiff TW International is an Indian company headquartered in Mumbai. (First Amended Complaint, ¶ 8.)

- Praveen Chakravarty is an Indian citizen and resident.  (First Amended Complaint, ¶ 11; Chakravarty Dec., ¶ 2.)

- BNPP Asia is a Hong Kong company.  (First Amended Complaint,  ¶ 44.)

- All of the former "Thomas Weisel" employees at issue, including Chakravarty, worked for TW International's Discovery Research unit *in India*, and are now working *in India*.  (First Amended Complaint, ¶ 44; Chakravarty Dec., ¶ 11.)

- The employees of the BNPP defendants who are alleged have unlawfully recruited Chakravarty are located in India and/or Hong Kong.  (First Amended Complaint, ¶ 36.)

- Although one of the BNPP defendants (the French Corporation BNP Paribas) does have a California presence, not a single one of its U.S. employees or offices is alleged to be involved or connected to this dispute in any way.

Since none of the relevant employees at issue are alleged to be in California or even in the United States, India is the forum with the most convenient access to physical evidence and other sources of proof.  And even assuming that plaintiffs could compel discovery and testimony from Indian witnesses in California, it would be unreasonably costly and inconvenient to do so when compared to the cost of obtaining discovery from Indian witnesses in an Indian case.

The courts have held repeatedly that "[t]he site where the events in question took place and most of the evidence is located is usually the most efficient forum."  *Fields*, 796 F.2d at 302.  Here, because the events in question took place in India, and because most of the evidence and witnesses are located in India, the private interest factors weigh strongly in favor of India.

1

(2) <u>Public interest factors</u>

2       Public interest factors, which include "(1) local interest of lawsuit; (2) the court's familiarity

3 with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the

4 costs of resolving a dispute unrelated to this forum," also weigh in favor of dismissal. *Lueck*, 236

5 F.3d at 1147 (citing *Piper*, 454 U.S. at 259-61; *Gulf Oil*, 330 U.S. at 508-09).

6       **Local interest.** California has very little, if any, interest in having this suit litigated within its

7 borders. This is essentially an employment dispute involving two Indian companies and Indian

8 employees. None of the defendants are alleged to be U.S. citizens, much less citizens of California.

9 Accordingly, India has a much stronger interest in governing the conduct of its companies and

10 employees within its boundaries. *See PLM Int'l*, 1998 WL 514405, *3 (N.D. Cal. Aug. 17, 1998)

11 (finding that "citizens of California have little relation to a conflict that has arisen between an

12 international company and its Indian attorneys in India").

13      **Familiarity with applicable law.** California also has little or no expertise in Indian law,

14 which likely will govern most of the claims. "[T]he need of an American court to apply foreign law

15 is an appropriate concern on a *forum non conveniens* motion, and can in fact point toward dismissal."

16 *In re Union Carbide*, 634 F.Supp. at 866 (citing *Gulf Oil*, 330 U.S. at 509, and *Piper*, 454 U.S. at

17 260). To the extent that Indian law is found to apply to this dispute, Indian courts are necessarily

18 more familiar with Indian law than is this Court.

19      **The burden on local courts and juries.** A key consideration is whether jury duty should be

20 imposed "on the people of a community that has no relation to the litigation." *Leetsch v. Freedman*,

21 260 F.3d 1100, 1105 (9th Cir. 2001). Although Thomas Weisel Partners LLC is located in

22 California, that entity, again, is not even a proper plaintiff. Even if it were, its interest is slight

23 compared to the time and resources this Court would expend if it were to retain jurisdiction over this

24 dispute. Because the local interest in this lawsuit is comparatively slight, the citizens of California

25 should not be forced to bear the burden of this litigation. *See In re Union Carbide*, 634 F. Supp. at

26 861 (reasoning that, even where defendant does business in the court's jurisdiction, the court should

27 not "be burdened with cases...which, from every point of view, should be tried in the courts of the

28 nation where all the relevant events occurred and whose citizens are primarily involved").

1    Thus, both the public and private interest factors support dismissal of this case on the basis of

2   *forum non conveniens*.

3                            IV.    <u>CONCLUSION</u>

4    For all of the foregoing reasons, defendant Chakravarty respectfully submits that his motion

5   to dismiss should be granted.

6   Dated:  April 24, 2008.

7                                        COOK │ ROOS │ WILBUR │ THOMPSON LLP

8

9

10                                       By _____/s/_____Michael Wilbur_____
                                            MICHAEL E. WILBUR
11                                          Attorneys for Defendant
                                            PRAVEEN CHAKRAVARTY
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28