```
COOK | ROOS | WILBUR | THOMPSON LLP
TRACY THOMPSON, CBN 88173
MICHAEL E. WILBUR, CBN 152361
221 Main Street, Suite 1600
San Francisco, California 94105
Telephone:   415-362-7071
Facsimile:   415-362-7073

Attorneys for Defendant
PRAVEEN CHAKRAVARTY
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS WEISEL PARTNERS LLC, a Delaware limited liability company, and THOMAS WEISEL INTERNATIONAL PRIVATE LIMITED, an Indian company,<br><br>Plaintiffs,<br><br>vs.<br><br>BNP PARIBAS, a French corporation, BNP PARIBAS SECURITIES (ASIA) LIMITED, a Hong Kong company, and PRAVEEN CHAKRAVARTY, an individual,<br><br>Defendants. | Case No.: C 07-06198 MHP<br><br>DECLARATION OF PRAVEEN CHAKRAVARTY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT<br><br>Hearing:   To Be Determined<br>Time:      2:00 p.m.<br>Courtroom: 15<br>The Honorable Marilyn Hall Patel |

I, Praveen Chakravarty, hereby declare:

1.  I make this declaration based on personal knowledge. If called upon to testify as to the matters stated herein, I could and would competently do so.

2.  I am a citizen of India. I am currently employed by BNP Paribas India Solutions Private Limited in Mumbai, India, and I reside in Mumbai.

3.  In August 2003, I was hired by Thomas Weisel Partners LLC. After I accepted Thomas Weisel Partners LLC's offer of employment, and after I started working for Thomas Weisel

Partners LLC, I was asked to, and did, sign the document that is attached hereto as Exhibit A and which is entitled "Acknowledgment of Receipt of Employee Handbook and Agreement to Employment At Will, Confidentiality, Non-Solicitation, and Agreement to Arbitrate." I signed Exhibit A on or about August 25, 2003.

4. From August 2003 until sometime in December 2003, I worked for Thomas Weisel Partners LLC in New York. In December 2003, I began working in Thomas Weisel Partners LLC's San Francisco office.

5. Throughout the time that I worked in Thomas Weisel Partners LLC's New York and San Francisco offices, I remained an Indian citizen. I was in the United States at that time pursuant to a nonimmigrant visa.

6. In October 2005, I moved to Mumbai, and I began working for Thomas Weisel International Private Limited. Thomas Weisel International Private Limited is a company that is organized under the laws of India and headquartered in Mumbai.

7. The Discovery Research unit that plaintiffs refer to in their First Amended Company was a project of Thomas Weisel International Private Limited (the Indian company). To the best of my knowledge, all of the Indian research professionals who were hired to work on the Discovery Research business were employees of Thomas Weisel International Private Limited (the Indian company). Most of the employees of Thomas Weisel International Private Limited were hired in India, resided in India, and were Indian citizens.

8. From October 2005 (when I began working for Thomas Weisel International Private Limited) to the present, I have only visited California once, in early 2007, when I attended a Thomas Weisel conference.

9. I do not own any property in California, and I have never owned any property in California. I also do not have a mailing address in California.

10. In November, 2007, I received a written employment offer from BNP Paribas India Solutions Private Limited, an Indian company, which I subsequently accepted. All of the discussions surrounding that offer of employment took place in Mumbai and Hong Kong.

11. Around the time that I accepted employment with BNP Paribas India Solutions Private

THOMAS WEISEL v. BNP PARIBAS, et al.  
CASE NO. C 07-06198 MHP     2     DECLARATION OF PRAVEEN CHAKRAVARTY IN SUPP. OF MOTION TO DISMISS FIRST AM. COMPL

Limited, a number of other former employees of Thomas Weisel International Private Limited (in India) resigned and began working for BNP Paribas India Solutions Private Limited (in India).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 24 day of April, 2008 at Mumbai, India.

_____
PRAVEEN CHAKRAVARTY

**EXHIBIT A**

Case 3:07-cv-06198-MHP   Document 35   Filed 04/24/2008   Page 4 of 6

## ACKNOWLEDGEMENT OF RECEIPT OF EMPLOYEE HANDBOOK AND AGREEMENT TO EMPLOYMENT AT WILL, CONFIDENTIALITY, NON-SOLICITATION, AND AGREEMENT TO ARBITRATE

I received a copy of the Thomas Weisel Partners LLC (TWP) Employee Handbook either in paper copy, and/or by accessing it on the TWP shared drive at Y:\THE FIRM\Employee Forms & Information\TWP Employee Handbook. I agree to read the Handbook and to comply with all of TWP's various policies and practices. In addition, in consideration for my continued employment, I agree to the following:

<u>Acknowledgement of Receipt of Handbook and Employment-At-Will</u>
I understand that the Employee Handbook is not intended to in any way create a contract of employment, either express or implied. Rather, I understand that employment at TWP is at-will and that TWP and I each have the right to end our employment relationship for any reason at any time, with or without cause or notice.

I also understand that any rules, policies and benefits described in the Employee Handbook may be modified by TWP from time to time, except for the policy of employment-at-will, and that any change to at-will employment can only be made in writing, signed by David Baylor on behalf of TWP.

<u>Confidentiality and Trade Secrets</u>
I will not at any time, either during or after the term of my employment with TWP, in any fashion, form or manner, either directly or indirectly, unless expressly consented to in writing by TWP, use, divulge, disclose or communicate to any person or entity any confidential information of any kind, nature or description concerning any matters affecting or relating to TWP's business. The definition of "confidential information" is very broad. It includes but is not limited to, computer processes, programs and codes; the names, addresses, buying habits or practices or any TWP clients or customers; marketing methods, programs and related data, or other written records used in TWP business; compensation paid to other employees and independent contractors and other terms of their employment or contractual relationships; or any other confidential information of, about or concerning TWP business, manner of operations, or other data of any kind, nature or description. I understand the above information and items are important, material and confidential trade secrets that affect the successful conduct of TWP business and its good will, and that any breach of any term of this section is a material breach of this agreement. All equipment, notebooks, documents, memoranda, reports, files, samples, books, correspondence, lists or other written and graphic records, and the like, including tangible or intangible computer programs, records and data, affecting or relating to TWP business, which I might prepare, use, construct, observe, posses or control, shall be and shall remain TWP's sole property.

I agree that on or before the last day of my employment I will not remove confidential information, whether physical or electronic without the express written permission of Human Resources.

<u>No Solicitation of Customers, Clients, and Prospective Clients</u>
I hereby acknowledge and agree that I will likely be exposed to a significant amount of confidential information concerning TWP business methods, operations, customers, clients, and prospective clients while employed by TWP, that such information might be retained by me in tangible form or simply retained in my memory, and that the protection of TWP's exclusive rights to such confidential information and trade secrets can best be ensured by means of a restriction on my activities after termination of employment. I agree that all business procured by me while I am employed by TWP and all information about clients and prospective clients are TWP's property. Therefore, for a one-year period following employment termination (whether voluntary or involuntary and with or without

cause), I will not solicit, divert or initiate any contact with (or attempt to solicit, divert or initiate contact with) any customer or client of TWP for any commercial or business reason whatsoever.

<u>No Solicitation of Employees</u>
I agree that for as long as I am employed by TWP and for 12 months after the cessation of my employment I will not recruit, hire or attempt to recruit or hire, directly or by assisting others, any of TWP's employees with whom I had contact during my employment with TWP. For the purposes of this paragraph, "contact" means any interaction whatsoever between the other employee and me.

<u>Arbitration</u>
To ensure rapid and economical resolution of any and all disputes, directly or indirectly arising out of, or in any way connected with my employment with Thomas Weisel Partners LLC or the termination of that employment, (collectively the "arbitrable claims"), Thomas Weisel Partners LLC and I each agree that any and all such disputes whether of law or fact of any nature whatsoever, shall be resolved by final and binding arbitration under the procedures of the National Association of Securities Dealers, Inc. and/or the New York Stock Exchange, Inc., which procedures will be provided upon your request. In the event that the NASD or NYSE are unable or unwilling to address the concerns of any party in arbitration, the parties will use a neutral arbitrator or panel from JAMS/Endispute. The Arbitrable Claims shall include, but not be limited to any and all such claims related to salary, bonuses, commissions, stock, stock options, or any other ownership interests in Thomas Weisel Partners LLC, vacation pay fringe benefits, expense reimbursements, severance benefits, or any other form of compensation, claims pursuant to any federal, state or local law or cause of action including, but not limited to the Federal Civil Rights Act of 1964 as amended, the federal Age Discrimination in Employment Act of 1967, as amended ("ADEA"), the federal Americans with Disabilities Act of 1990; the California Fair Employment and Housing Act, or any other similar state law, as amended, tort law, contract law, wrongful discharge, discrimination, fraud, defamation, emotional distress, and all rights we may otherwise have to resolve such Arbitrable Claims by jury trial, by a court, or in any forum other than arbitration, are hereby expressly waived. The arbitrator shall ensure that the parties are able to conduct adequate discovery in order to establish the claims and defenses of the parties and the arbitrator shall have authority to award such damages and remedies, including attorney's fees, available under the applicable statute governing the claim. In addition, the arbitrator shall issue a written decision that states the rationale for the decision and the award, if any. Thomas Weisel Partners LLC will pay all arbitration fees for any claims brought by an employee against Thomas Weisel Partners LLC in arbitration, except that I will be required to pay an initial filing fee that does not exceed the applicable court filing fee.

<u>Agreement</u>
You agree to abide by the terms and practices set forth the TWP Employee Handbook, including but not limited to all employment policies, standards of conduct, employment-at-will, confidentiality, non-solicitation, and arbitration by signing below, or by e-mail notification from your computer of "read receipt".

05/25/03
Date

[signature]
Signature

PRAVEEN CHAKRAVARTY
Print Name