1  GILBERT R. SEROTA (No. 75305)
   Email: gserota@howardrice.com
2  MARK A. SHEFT (No. 183732)
   Email: msheft@howardrice.com
3  MICHAEL L. GALLO (No. 220552)
   Email: mgallo@howardrice.com
4  HOWARD RICE NEMEROVSKI CANADY
       FALK & RABKIN
5  A Professional Corporation
   Three Embarcadero Center, 7th Floor
6  San Francisco, California 94111-4024
   Telephone: 415/434-1600
7  Facsimile:  415/217-5910

8  Attorneys for Plaintiffs
   THOMAS WEISEL PARTNERS LLC and
9  THOMAS WEISEL INTERNATIONAL PRIVATE
   LIMITED

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                        SAN FRANCISCO DIVISION

14

15

16  THOMAS WEISEL PARTNERS LLC, a          No. C-07-6198 MHP
    Delaware limited liability company, and
17  THOMAS WEISEL INTERNATIONAL            Action Filed: December 6, 2007
    PRIVATE LIMITED, an Indian company,
18                                          STIPULATED PROTECTIVE ORDER
                    Plaintiffs,
19
             v.
20
    BNP PARIBAS, a French corporation, BNP
21  PARIBAS SECURITIES (ASIA) LIMITED,
    a Hong Kong company, and PRAVEEN
22  CHAKRAVARTY, an individual,

23                  Defendants.

24

25

26

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1.    This Protective Order shall apply to the production and exchange of all documents, testimony, interrogatories, disclosures, and other information produced, given, or exchanged by and among all parties and nonparties ("discovery") in the course of this action, which the producing party (including third-party witnesses or other entities from whom such discovery is sought) reasonably and in good faith believes to contain trade secret or confidential proprietary, technical, financial, commercial, or personal information and which is owned or controlled by a party, or is owned or controlled by a third party who elects or is ordered to provide discovery under the terms and conditions of this Protective Order (hereinafter "CONFIDENTIAL MATERIALS").

2.    The term CONFIDENTIAL MATERIALS shall be interpreted to mean trade secrets as defined under California Civil Code §3426.1(d) and applicable case law; other confidential and proprietary technical, research, or development information; pictorial or other physical representations; commercial, financial, budgeting and/or accounting information; information relating to the terms, conditions and negotiation of expired or existing leases or other agreements; existing and potential customers, marketing studies, performance and projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information; confidential and proprietary information about affiliates, parents, subsidiaries, and third parties with whom the Parties to this action have had business relationships; and private personal information (including financial and medical information).    The scope of this Order shall be understood to encompass not only those items or things that are expressly designated as CONFIDENTIAL MATERIALS, but also any information derived therefrom, and all copies, photographs, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

3.    Each party or third party producing CONFIDENTIAL MATERIALS ("Providing Party") shall have the right to designate such materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." In addition, each party claiming an interest in any information, documents or things produced by a third party shall



HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1    have the right to designate or redesignate such materials in favor of more confidential

2    treatment in accordance with this Protective Order.  This designation shall be made by

3    labeling or marking documents and things deemed to be CONFIDENTIAL MATERIALS

4    with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

5    EYES ONLY" on each page.

6        4.    The designation by any party or third party ("Designating Party")[1] of any

7    document, material, or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

8    – ATTORNEYS' EYES ONLY" shall constitute a representation that such document,

9    material, or information has been reviewed by an attorney (or paralegal or other professional

10   acting under such attorney direction) for the Designating Party and that there is a good faith

11   basis for such designation.  The designation "HIGHLY CONFIDENTIAL – ATTORNEYS'

12   EYES ONLY" shall be reserved for documents and information the secrecy of which is vital

13   to the Designating Party, and that have not been already legitimately disclosed on a

14   nonconfidential basis to an employee or representative of the party receiving

15   CONFIDENTIAL MATERIALS ("Receiving Party") and which comprise highly sensitive

16   agreements, future business plans, including marketing plans, technical information relating

17   to research for or production of certain products, technical, business and research

18   information regarding future products, certain highly sensitive financial information and

19   forecasts, customer lists, pricing data, cost data, customer orders, and customer quotations.

20   In addition, the Designating Party shall have the further right to designate and mark

21   documents, information and materials that relate to other information that the Designating

22   Party reasonably believes is of such nature and character that disclosure of such information

23   to the Receiving Party would be harmful to the Designating Party as "HIGHLY

24   CONFIDENTIAL – ATTORNEYS' EYES ONLY."   A party or third party who

25   inadvertently fails to mark an item as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

26   — ATTORNEYS' EYES ONLY" at the time of production shall have the right at any time

27   ───────────────
         [1]All references in this Order to the Designating Party shall be understood to encompass
28   the Providing Party.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1  to correct such a failure and redesignate CONFIDENTIAL MATERIALS as

2  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

3  Such correction and notice thereof shall be made in writing, accompanied by substitute

4  copies of each item, and appropriately marked "CONFIDENTIAL" or "HIGHLY

5  CONFIDENTIAL - ATTORNEYS' EYES ONLY". Within five (5) business days of receipt

6  of the substitute copies, the Receiving Party shall return the previously unmarked items and

7  all copies thereof.

8       5.    Any CONFIDENTIAL MATERIALS shall be stamped with the legend

9  "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or

10  comparable legends, in a manner that does not render any portion of the document illegible.

11  If counsel for any party believes that only a portion of the document is entitled to treatment

12  as CONFIDENTIAL MATERIALS notwithstanding the designation of the entire document,

13  the parties will follow the procedures set forth in Paragraphs 20 for resolving objections to

14  the designation under this Order.

15       6.    Notwithstanding the requirements of Paragraph 5 above, to the extent that

16  matter stored or recorded in the form of electronic or magnetic media (including information

17  databases or programs stored on computers, discs, networks, tapes or other storage media)

18  ("ESI") is produced by any party or third party in such form, the Designating Party may

19  designate such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

20  ATTORNEYS' EYES ONLY" by cover letter referring generally to such matter and by

21  clearly marking the media or other tangible thing with the appropriate designations.

22  Whenever the Receiving Party reduces such ESI to hard-copy form, the Receiving Party

23  shall mark such hard-copy form with the appropriate confidentiality legend provided for in

24  Paragraph 5 above.

25       7.    Deposition transcripts, or portions thereof, may be designated as subject to

26  this Protective Order either (1) at the time of deposition, by designation on the record as

27  either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

28  ONLY" or (2) within ten (10) business days following receipt of the transcript, by providing

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

written notice to the reporter and all counsel of record, in which case all counsel shall mark the copies or portions of the designated transcript in their possession, custody, or control as directed by the designating party.  Until expiration of aforesaid ten (10) day period, all deposition transcripts shall be considered and treated as though they are designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (the "DEFAULT DESIGNATION").  If at any time prior to the expiration of the aforesaid ten (10) day period, a party files any document with the Court referencing such a deposition transcript, the parties must make their respective designations concerning that transcript, if any, within three (3) days of the filing of such a document.  If a party files any papers with the Court which include or disclose the contents of such a deposition transcript, the non-filing party reserves the right to oppose the relief sought or position taken in such papers on the ground that the DEFAULT DESIGNATION has prejudiced the non-filing party's ability to respond.  When testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is elicited during a deposition, persons not entitled to receive such information under the terms of this Protective Order shall be excluded from the deposition at the request of the Designating Party during such designated testimony.

8.    CONFIDENTIAL MATERIALS shall be treated by each Receiving Party in accordance with this Protective Order unless and until this Court rules to the contrary or the Designating Party agrees otherwise.  Unless and until the Court rules or the Designating Party otherwise agrees, access to or disclosure of materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to Very Highly Restricted Qualified Persons, as follows:

a.    This Court and those employed by this Court (subject to the provisions of Paragraph 12 of this Order);

b.    Outside counsel of record for any party to this Action, and their paralegals, clerical, and support staff working on this Action; and

c.    Outside experts or outside consultants retained by a party's outside counsel of record for purposes of this litigation.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1    9.    Unless and until the Court rules or the Designating Party otherwise agrees,

2   access to or disclosure of materials designated CONFIDENTIAL shall be limited to

3   Qualified Persons, as follows:

4        a.    This Court and those employed by this Court (subject to the provisions

5   of Paragraph 12 of this Order);

6        b.    Outside counsel of record for any party to this Action, and their

7   paralegals, clerical, and support staff working on this Action;

8        c.    The Receiving Party, if an individual; if the Receiving Party is an

9   entity, the officers, directors, and employees (including in-house counsel) of the Receiving

10   Party to whom disclosure is reasonably necessary for this litigation; and

11        d.    Outside experts or outside consultants retained by a party or a party's

12   outside counsel of record for purposes of this litigation.

13    10.    CONFIDENTIAL MATERIALS shall not be disclosed to any person

14   referred to in subparagraphs 8(c) or 9(c)-(d) unless and until such person has been provided

15   with a copy of this Order, has been informed that the provisions hereof shall apply to such

16   person, and has signed the undertaking in the form of Exhibit A hereto.  The counsel of

17   record for the party wishing to disclose the CONFIDENTIAL MATERIALS to such person

18   shall maintain the original signed undertaking, and shall deliver by hand, facsimile, or email

19   a copy of any such undertaking to all other parties to this action within three (3) business

20   days of execution of same by any person referred to in subparagraphs 8(c) or 9(c)-(d).

21   Within three (3) business days of the receipt by hand, facsimile or email of any such

22   undertaking, any other party may object to disclosure of CONFIDENTIAL MATERIALS to

23   the person who executed such an undertaking by delivering by hand, facsimile, or email a

24   written objection thereto to counsel serving the undertaking.  Failure to so object constitutes

25   a consent to such disclosure.   In the event that a party objects to disclosure of

26   CONFIDENTIAL MATERIALS to a person who has executed an undertaking, such

27   CONFIDENTIAL MATERIALS shall not be disclosed to any individual other than those to

28   whom disclosure is permitted by the provisions of this Order until such dispute has been

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1   resolved by agreement of the parties or by order of this Court. However, all objections must

2   be made in good faith, and no objection may be made solely for the purpose of delaying any

3   person's receipt or review of CONFIDENTIAL MATERIALS or interfering with a party's

4   ability to work with an expert of its choosing. Further, no party shall be required to serve on

5   all other parties an undertaking signed by any individual, nor to reveal the identity of any

6   individual, who has been retained as a nontestifying expert consultant, unless and until such

7   individual has been disclosed as a testifying expert in this action. However, all other parties

8   to this action must be notified within three (3) business days of the fact that a nontestifying

9   expert consultant has executed such an undertaking.

10          11.    In the event that counsel representing any party in this Action believes that

11  it is necessary to disclose CONFIDENTIAL MATERIALS to an individual to whom

12  disclosure is not permitted by this Order, such counsel shall deliver by hand, email or

13  facsimile to counsel for the Designating Party a letter ("disclosure letter") identifying the

14  individual to whom it is desired to make such disclosure and the specific CONFIDENTIAL

15  MATERIALS involved. Within three (3) business days of the receipt by hand, email or

16  facsimile of the disclosure letter, counsel for the Designating Party may object to such

17  disclosure by delivering by hand, email or facsimile a written objection thereto to counsel

18  serving the disclosure letter. Failure to so object constitutes a consent to such disclosure. In

19  the event that a Designating Party objects to such disclosure, such CONFIDENTIAL

20  MATERIALS shall not be disclosed to any individual other than those to whom disclosure is

21  permitted by the provisions of this Order until such dispute has been resolved by agreement

22  of the parties or by order of this Court. If a party files any papers with the Court that include

23  or disclose the contents of CONFIDENTIAL MATERIALS, the non-filing party reserves the

24  right to oppose the relief sought or position taken in such papers on the ground that the filing

25  party has objected to the disclosure of CONFIDENTIAL MATERIALS as requested in a

26  disclosure letter and that said objection has prejudiced the non-filing party's ability to

27  respond.

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

12.    Any party or third party who wishes to file CONFIDENTIAL MATERIALS under seal with the Court must first move the Court to enter an order authorizing the sealing of the particular document or portion thereof, and must establish good cause to seal the document or portion thereof.  Prior to the Court's issuance of a sealing order, the CONFIDENTIAL MATERIALS as to which sealing is requested shall be lodged in sealed envelopes or other appropriate sealed containers on which shall be the information required by Local Rule 79-5, including the title of this action, an indication of the nature of the contents of the sealed envelope or container, the words "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," as appropriate, and the following statement:  "This envelope, lodged under seal pending Court ruling, contains Confidential Materials, and is not to be opened or the contents revealed except by order of the Court."  A copy of this Stipulated Protective Order shall be submitted with the lodged materials.   Upon issuance of the Court's sealing order, the clerk shall then file the CONFIDENTIAL MATERIALS under seal in accordance with Local Rule 79-5.   Any document filed or lodged with the Court containing CONFIDENTIAL MATERIALS shall indicate clearly which portions are designated to be confidential.   To the extent such CONFIDENTIAL MATERIALS are referenced or described in a hearing in this Court, the Court shall, in its discretion, conduct the hearing in camera, and the transcripts and the proceeding shall be sealed (and kept under seal until further order of the Court).

13.    CONFIDENTIAL MATERIALS may be included in pleadings, motions, briefs, affidavits, statements, reports, and responses to interrogatories or requests for admissions, provided that the individual or entity who includes the CONFIDENTIAL MATERIALS in the document shall place the confidentiality legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" on the front of any such document and, in the event such material is provided to the Court, in strict accordance with the provisions of Paragraph 12 of this Order.  Only those portions of any such pleadings, motions, briefs, affidavits, statements, reports, and responses to interrogatories or requests for admissions containing CONFIDENTIAL MATERIALS shall be considered

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1  CONFIDENTIAL MATERIALS, and such material shall be disclosed to persons only in

2  accordance with the provisions of this Order.

3      14.  No  material  designated  as  "CONFIDENTIAL"  or  "HIGHLY

4  CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall be filed in the public record of

5  this Action except as provided herein.

6      15.  CONFIDENTIAL MATERIALS of a Providing Party shall not be made

7  public by the Receiving Party or divulged to anyone other than the persons entitled to access

8  as set forth herein.  No CONFIDENTIAL MATERIALS shall be reproduced or used except

9  in  connection  with  this  action.    Materials  marked  "HIGHLY  CONFIDENTIAL  –

10 ATTORNEYS' EYES ONLY" shall not be copied, reproduced, or otherwise duplicated

11 except to the extent that a log is kept identifying the number of any such copies and the

12 person in possession of each copy.

13     16.  Any person in possession of CONFIDENTIAL MATERIALS who receives

14 a subpoena (or other process) from any person (including natural persons, corporations,

15 partnerships, firms, governmental agencies, departments, or bodies, boards, or associations)

16 who  is  not  a  party  to  this  Order  seeking  production  or  other  disclosure  of  such

17 CONFIDENTIAL MATERIALS shall promptly give telephonic notice and written notice by

18 overnight delivery, email and/or facsimile to outside counsel of record for the Designating

19 Party, enclosing a copy of the subpoena or other process.  In no event shall production or

20 other disclosure be made before ten (10) days following the date on which notice is given.

21     17.  All notes, memoranda, reports, and other written communications ("notes")

22 that  reveal  or  discuss  information  contained  in  CONFIDENTIAL  or  HIGHLY

23 CONFIDENTIAL – ATTORNEYS' EYES ONLY materials shall be given the same

24 protections under this order as though they were designated as such.

25     18.  Nothing in this Protective Order shall require disclosure of material that

26 counsel for a party or a third party contends is protected from disclosure by the attorney-

27 client privilege or the attorney work-product immunity, any other privilege, or on any other

28 basis.  This shall not preclude any party from moving the Court for an Order directing the

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1   disclosure of such material.  Nor shall this Protective Order prevent any party from seeking

2   protection of any privileged document or thing disclosed inadvertently, unintentionally, or in

3   camera.

4          19.   The acceptance by a party of CONFIDENTIAL MATERIALS designated

5   in accordance with this Protective Order shall not constitute an admission or concession or

6   permit an inference that such designation is correct.   This Protective Order shall not

7   foreclose a party from moving for an Order that any such CONFIDENTIAL MATERIALS

8   are not, in fact, confidential.

9          20.   Any party may challenge the designation of material as CONFIDENTIAL

10  or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY by so notifying in writing

11  the party or non-party who made the original designation and counsel for that party.  Such

12  notice shall specify with particularity the material which is deemed to have been improperly

13  designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES

14  ONLY and each reason why such material should not continue to be treated as

15  CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY.   To

16  avoid inadvertent declassification, counsel for the party challenging the designation shall

17  also speak directly to the designating party's counsel to ensure that the designating party

18  actually received the written notification of the challenge.  If the designating party does not

19  thereafter provide a written response within 14 days of receipt of such notice, such

20  challenged material shall no longer be deemed CONFIDENTIAL or HIGHLY

21  CONFIDENTIAL—ATTORNEY'S EYES ONLY, as the case may be.  If a written response

22  is made within such 14-day period, the material shall be deemed CONFIDENTIAL or

23  HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY, as the case may be, unless

24  otherwise ordered by this Court.  Any written response by the Designating Party should

25  specify in good faith portions of the material that the producing party believes to be covered

26  under this Protective Order and suggest methods for redacting those portions to allow

27  declassification.  Upon receipt of such objection and response in writing, the Designating

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1    Party and the objecting party shall attempt in good faith to resolve any disagreement

2    concerning the designation.

3         21.   Nothing herein shall prevent any person from seeking, by written agreement

4    of the parties or court order, further, greater, or lesser protection with respect to the use of

5    any CONFIDENTIAL MATERIALS in connection with this Action.  Nothing herein shall

6    be construed to limit in any way any party's use of its own CONFIDENTIAL MATERIALS.

7         22.   CONFIDENTIAL MATERIALS may be used to prepare for and conduct

8    discovery and to prepare for trial, subject to all restrictions described in this Order.

9    CONFIDENTIAL MATERIALS may also be used in testimony at trial, in connection with

10   any motion, at any hearing, and at depositions, and may be offered in evidence at trial or in

11   connection with any motion, subject to all restrictions described in this Order.

12        23.   Any person may move the Court for a modification of or relief from the

13   terms of this Order at any time upon notice to all parties.  The Court may modify or grant

14   relief from the terms of this Order upon request of any party if the circumstances so require.

15        24.   Restrictions and obligations set forth herein relating to CONFIDENTIAL

16   MATERIALS shall not apply to any information that the parties agree, or the Court rules,

17   was or has become public knowledge other than as a result of disclosure by the Receiving

18   Party.

19        25.   CONFIDENTIAL MATERIALS, at the option of the receiving person or

20   entity, shall be returned to the producer or destroyed within thirty (30) days after a Court

21   order finally terminating this Action from which no appeal is taken.  Upon request, each

22   party shall provide the producing person or entity with a letter certifying that all

23   CONFIDENTIAL MATERIALS required to be returned or destroyed pursuant to the

24   provisions of this paragraph have been returned or destroyed.  However, nothing contained

25   herein shall prevent counsel for any party from maintaining in his/her files copies of

26   pleadings, affidavits, motions, briefs, or other documents filed with the Court containing

27   CONFIDENTIAL MATERIALS, provided that such counsel take appropriate steps to

28   prevent the disclosure of said material contrary to the terms of this Order.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
*A Professional Corporation*

26. The provisions of this Order concerning CONFIDENTIAL MATERIALS shall survive the termination of this Action and shall continue in full force and effect thereafter, and the Court shall retain jurisdiction after conclusion of this litigation for the purpose of enforcing this Protective Order.

Dated: May    , 2008

GILBERT R. SEROTA
MARK A. SHEFT
MICHAEL L. GALLO
HOWARD RICE NEMEROVSKI CANADY
FALK & RABKIN
A Professional Corporation


By:_____/s/_____
                MARK A. SHEFT

Attorneys for Plaintiffs
THOMAS WEISEL PARTNERS LLC
and THOMAS WEISEL
INTERNATIONAL PRIVATE
LIMITED


Dated: May    , 2008

JOSEPH E. ADDIEGO, III
DAVIS WRIGHT TREMAINE LLP

LEIV BLAD
CLIFFORD CHANCE

By:_____
                JOSEPH E. ADDIEGO, III

Attorneys for Defendants BNP
PARIBAS and BNP PARIBAS
SECURITIES (ASIA) LIMITED

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1

EXHIBIT A

2    UNDERTAKING RE
PROTECTIVE ORDER

3

4              UNDERTAKING OF _____

5

I, _____, do solemnly swear as follows:

6

1.    My address is _____.

7

My present occupation is _____.

8              2.    I have received a copy of the Protective Order that was issued by the United

9    States District Court in *Thomas Weisel Partners LLC et al. v. BNP Paribas et al.*, No. C-07-

10   6198 (MHP), and have carefully read and understand its provisions.

11             3.    I will comply with all of the provisions of the Protective Order.  I will hold

12   in confidence, will not disclose to anyone other than those persons specifically authorized by

13   the Protective Order, and will not copy or use except for purposes of this action, any

14   information   designated   "CONFIDENTIAL"   or   "HIGHLY   CONFIDENTIAL   -

15   ATTORNEYS' EYES ONLY" that I receive or review in this action, except to the extent

16   that such CONFIDENTIAL MATERIALS are or become public information in accordance

17   with the Protective Order.

18             4.    I agree that I will not copy, reproduce, or otherwise duplicate any

19   information   designated   "HIGHLY   CONFIDENTIAL - ATTORNEYS' EYES ONLY"

20   except as provided in this Protective Order.

21             5.    I hereby submit to the jurisdiction of the United States District Court,

22   Northern District of California, for the purpose of enforcement of this Protective Order.

23             Executed    this    _____    day    of    _____    200__,    at

24   _____.

25

26

27                                                    _____

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*