GILBERT R. SEROTA (No. 75305)
Email: gserota@howardrice.com
MARK A. SHEFT (No. 183732)
Email: msheft@howardrice.com
MICHAEL L. GALLO (No. 220552)
Email: mgallo@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: 415/434-1600
Facsimile: 415/217-5910

Attorneys for Plaintiffs
THOMAS WEISEL PARTNERS LLC and
THOMAS WEISEL INTERNATIONAL PRIVATE
LIMITED

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS WEISEL PARTNERS LLC, a Delaware limited liability company, and THOMAS WEISEL INTERNATIONAL PRIVATE LIMITED, an Indian company,<br><br>Plaintiffs,<br><br>v.<br><br>BNP PARIBAS, a French corporation, BNP PARIBAS SECURITIES (ASIA) LIMITED, a Hong Kong company, and PRAVEEN CHAKRAVARTY, an individual,<br><br>Defendants. | No. C-07-6198 MHP<br><br>Action Filed: December 6, 2007<br><br><u>STIPULATED PROTECTIVE ORDER</u> |

1.    This Protective Order shall apply to the production and exchange of all documents, testimony, interrogatories, disclosures, and other information produced, given, or exchanged by and among all parties and nonparties ("discovery") in the course of this action, which the producing party (including third-party witnesses or other entities from whom such discovery is sought) reasonably and in good faith believes to contain trade secret or confidential proprietary, technical, financial, commercial, or personal information and which is owned or controlled by a party, or is owned or controlled by a third party who elects or is ordered to provide discovery under the terms and conditions of this Protective Order (hereinafter "CONFIDENTIAL MATERIALS").

2.    The term CONFIDENTIAL MATERIALS shall be interpreted to mean trade secrets as defined under California Civil Code §3426.1(d) and applicable case law; other confidential and proprietary technical, research, or development information; pictorial or other physical representations; commercial, financial, budgeting and/or accounting information; information relating to the terms, conditions and negotiation of expired or existing leases or other agreements; existing and potential customers, marketing studies, performance and projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information; confidential and proprietary information about affiliates, parents, subsidiaries, and third parties with whom the Parties to this action have had business relationships; and private personal information (including financial and medical information).    The scope of this Order shall be understood to encompass not only those items or things that are expressly designated as CONFIDENTIAL MATERIALS, but also any information derived therefrom, and all copies, photographs, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

3.    Each party or third party producing CONFIDENTIAL MATERIALS ("Providing Party") shall have the right to designate such materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." In addition, each party claiming an interest in any information, documents or things produced by a third party shall

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

1    have the right to designate or redesignate such materials in favor of more confidential

2    treatment in accordance with this Protective Order.    This designation shall be made by

3    labeling or marking documents and things deemed to be CONFIDENTIAL MATERIALS

4    with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

5    EYES ONLY" on each page.

6            4.    The designation by any party or third party ("Designating Party")[1] of any

7    document, material, or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

8    – ATTORNEYS' EYES ONLY" shall constitute a representation that such document,

9    material, or information has been reviewed by an attorney (or paralegal or other professional

10   acting under such attorney direction) for the Designating Party and that there is a good faith

11   basis for such designation.  The designation "HIGHLY CONFIDENTIAL – ATTORNEYS'

12   EYES ONLY" shall be reserved for documents and information the secrecy of which is vital

13   to the Designating Party, and that have not been already legitimately disclosed on a

14   nonconfidential basis to an employee or representative of the party receiving

15   CONFIDENTIAL MATERIALS ("Receiving Party") and which comprise highly sensitive

16   agreements, future business plans, including marketing plans, technical information relating

17   to research for or production of certain products, technical, business and research

18   information regarding future products, certain highly sensitive financial information and

19   forecasts, customer lists, pricing data, cost data, customer orders, and customer quotations.

20   In addition, the Designating Party shall have the further right to designate and mark

21   documents, information and materials that relate to other information that the Designating

22   Party reasonably believes is of such nature and character that disclosure of such information

23   to the Receiving Party would be harmful to the Designating Party as "HIGHLY

24   CONFIDENTIAL – ATTORNEYS' EYES ONLY."    A party or third party who

25   inadvertently fails to mark an item as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

26   — ATTORNEYS' EYES ONLY" at the time of production shall have the right at any time

27

28       [1]All references in this Order to the Designating Party shall be understood to encompass the Providing Party.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1   to correct such a failure and redesignate CONFIDENTIAL MATERIALS as
2   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."
3   Such correction and notice thereof shall be made in writing, accompanied by substitute
4   copies of each item, and appropriately marked "CONFIDENTIAL" or "HIGHLY
5   CONFIDENTIAL - ATTORNEYS' EYES ONLY". Within five (5) business days of receipt
6   of the substitute copies, the Receiving Party shall return the previously unmarked items and
7   all copies thereof.

8       5.   Any CONFIDENTIAL MATERIALS shall be stamped with the legend
9   "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or
10  comparable legends, in a manner that does not render any portion of the document illegible.
11  If counsel for any party believes that only a portion of the document is entitled to treatment
12  as CONFIDENTIAL MATERIALS notwithstanding the designation of the entire document,
13  the parties will follow the procedures set forth in Paragraphs 20 for resolving objections to
14  the designation under this Order.

15      6.   Notwithstanding the requirements of Paragraph 5 above, to the extent that
16  matter stored or recorded in the form of electronic or magnetic media (including information
17  databases or programs stored on computers, discs, networks, tapes or other storage media)
18  ("ESI") is produced by any party or third party in such form, the Designating Party may
19  designate such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
20  ATTORNEYS' EYES ONLY" by cover letter referring generally to such matter and by
21  clearly marking the media or other tangible thing with the appropriate designations.
22  Whenever the Receiving Party reduces such ESI to hard-copy form, the Receiving Party
23  shall mark such hard-copy form with the appropriate confidentiality legend provided for in
24  Paragraph 5 above.

25      7.   Deposition transcripts, or portions thereof, may be designated as subject to
26  this Protective Order either (1) at the time of deposition, by designation on the record as
27  either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
28  ONLY" or (2) within ten (10) business days following receipt of the transcript, by providing



HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

STIPULATED PROTECTIVE ORDER                    C-07-6198 MHP
-3-

written notice to the reporter and all counsel of record, in which case all counsel shall mark the copies or portions of the designated transcript in their possession, custody, or control as directed by the designating party. Until expiration of aforesaid ten (10) day period, all deposition transcripts shall be considered and treated as though they are designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (the "DEFAULT DESIGNATION"). If at any time prior to the expiration of the aforesaid ten (10) day period, a party files any document with the Court referencing such a deposition transcript, the parties must make their respective designations concerning that transcript, if any, within three (3) days of the filing of such a document. If a party files any papers with the Court which include or disclose the contents of such a deposition transcript, the non-filing party reserves the right to oppose the relief sought or position taken in such papers on the ground that the DEFAULT DESIGNATION has prejudiced the non-filing party's ability to respond. When testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is elicited during a deposition, persons not entitled to receive such information under the terms of this Protective Order shall be excluded from the deposition at the request of the Designating Party during such designated testimony.

8.    CONFIDENTIAL MATERIALS shall be treated by each Receiving Party in accordance with this Protective Order unless and until this Court rules to the contrary or the Designating Party agrees otherwise. Unless and until the Court rules or the Designating Party otherwise agrees, access to or disclosure of materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to Very Highly Restricted Qualified Persons, as follows:

a.    This Court and those employed by this Court (subject to the provisions of Paragraph 12 of this Order);

b.    Outside counsel of record for any party to this Action, and their paralegals, clerical, and support staff working on this Action; and

c.    Outside experts or outside consultants retained by a party's outside counsel of record for purposes of this litigation.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1    9.    Unless and until the Court rules or the Designating Party otherwise agrees,

2    access to or disclosure of materials designated CONFIDENTIAL shall be limited to

3    Qualified Persons, as follows:

4        a.    This Court and those employed by this Court (subject to the provisions

5    of Paragraph 12 of this Order);

6        b.    Outside counsel of record for any party to this Action, and their

7    paralegals, clerical, and support staff working on this Action;

8        c.    The Receiving Party, if an individual; if the Receiving Party is an

9    entity, the officers, directors, and employees (including in-house counsel) of the Receiving

10   Party to whom disclosure is reasonably necessary for this litigation; and

11       d.    Outside experts or outside consultants retained by a party or a party's

12   outside counsel of record for purposes of this litigation.

13   10.    CONFIDENTIAL MATERIALS shall not be disclosed to any person

14   referred to in subparagraphs 8(c) or 9(c)-(d) unless and until such person has been provided

15   with a copy of this Order, has been informed that the provisions hereof shall apply to such

16   person, and has signed the undertaking in the form of Exhibit A hereto.  The counsel of

17   record for the party wishing to disclose the CONFIDENTIAL MATERIALS to such person

18   shall maintain the original signed undertaking, and shall deliver by hand, facsimile, or email

19   a copy of any such undertaking to all other parties to this action within three (3) business

20   days of execution of same by any person referred to in subparagraphs 8(c) or 9(c)-(d).

21   Within three (3) business days of the receipt by hand, facsimile or email of any such

22   undertaking, any other party may object to disclosure of CONFIDENTIAL MATERIALS to

23   the person who executed such an undertaking by delivering by hand, facsimile, or email a

24   written objection thereto to counsel serving the undertaking.  Failure to so object constitutes

25   a consent to such disclosure.    In the event that a party objects to disclosure of

26   CONFIDENTIAL MATERIALS to a person who has executed an undertaking, such

27   CONFIDENTIAL MATERIALS shall not be disclosed to any individual other than those to

28   whom disclosure is permitted by the provisions of this Order until such dispute has been

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1    resolved by agreement of the parties or by order of this Court.  However, all objections must

2    be made in good faith, and no objection may be made solely for the purpose of delaying any

3    person's receipt or review of CONFIDENTIAL MATERIALS or interfering with a party's

4    ability to work with an expert of its choosing.  Further, no party shall be required to serve on

5    all other parties an undertaking signed by any individual, nor to reveal the identity of any

6    individual, who has been retained as a nontestifying expert consultant, unless and until such

7    individual has been disclosed as a testifying expert in this action.  However, all other parties

8    to this action must be notified within three (3) business days of the fact that a nontestifying

9    expert consultant has executed such an undertaking.

10            11.    In the event that counsel representing any party in this Action believes that

11   it is necessary to disclose CONFIDENTIAL MATERIALS to an individual to whom

12   disclosure is not permitted by this Order, such counsel shall deliver by hand, email or

13   facsimile to counsel for the Designating Party a letter ("disclosure letter") identifying the

14   individual to whom it is desired to make such disclosure and the specific CONFIDENTIAL

15   MATERIALS involved.  Within three (3) business days of the receipt by hand, email or

16   facsimile of the disclosure letter, counsel for the Designating Party may object to such

17   disclosure by delivering by hand, email or facsimile a written objection thereto to counsel

18   serving the disclosure letter.  Failure to so object constitutes a consent to such disclosure.  In

19   the event that a Designating Party objects to such disclosure, such CONFIDENTIAL

20   MATERIALS shall not be disclosed to any individual other than those to whom disclosure is

21   permitted by the provisions of this Order until such dispute has been resolved by agreement

22   of the parties or by order of this Court.  If a party files any papers with the Court that include

23   or disclose the contents of CONFIDENTIAL MATERIALS, the non-filing party reserves the

24   right to oppose the relief sought or position taken in such papers on the ground that the filing

25   party has objected to the disclosure of CONFIDENTIAL MATERIALS as requested in a

26   disclosure letter and that said objection has prejudiced the non-filing party's ability to

27   respond.

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1    12. Any party or third party who wishes to file CONFIDENTIAL

2  MATERIALS under seal with the Court must first move the Court to enter an order

3  authorizing the sealing of the particular document or portion thereof, and must establish

4  good cause to seal the document or portion thereof.  Prior to the Court's issuance of a sealing

5  order, the CONFIDENTIAL MATERIALS as to which sealing is requested shall be lodged

6  in sealed envelopes or other appropriate sealed containers on which shall be the information

7  required by Local Rule 79-5, including the title of this action, an indication of the nature of

8  the contents of the sealed envelope or container, the words "HIGHLY CONFIDENTIAL –

9  ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," as appropriate, and the following

10  statement:  "This envelope, lodged under seal pending Court ruling, contains Confidential

11  Materials, and is not to be opened or the contents revealed except by order of the Court."  A

12  copy of this Stipulated Protective Order shall be submitted with the lodged materials.   Upon

13  issuance of the Court's sealing order, the clerk shall then file the CONFIDENTIAL

14  MATERIALS under seal in accordance with Local Rule 79-5.   Any document filed or

15  lodged with the Court containing CONFIDENTIAL MATERIALS shall indicate clearly

16  which portions are designated to be confidential.   To the extent such CONFIDENTIAL

17  MATERIALS are referenced or described in a hearing in this Court, the Court shall, in its

18  discretion, conduct the hearing in camera, and the transcripts and the proceeding shall be

19  sealed (and kept under seal until further order of the Court).

20    13. CONFIDENTIAL MATERIALS may be included in pleadings, motions,

21  briefs, affidavits, statements, reports, and responses to interrogatories or requests for

22  admissions, provided that the individual or entity who includes the CONFIDENTIAL

23  MATERIALS in the document shall place the confidentiality legend "CONFIDENTIAL" or

24  "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" on the front of any such

25  document and, in the event such material is provided to the Court, in strict accordance with

26  the provisions of Paragraph 12 of this Order.  Only those portions of any such pleadings,

27  motions, briefs, affidavits, statements, reports, and responses to interrogatories or requests

28  for admissions containing CONFIDENTIAL MATERIALS shall be considered

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

CONFIDENTIAL MATERIALS, and such material shall be disclosed to persons only in accordance with the provisions of this Order.

14. No material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall be filed in the public record of this Action except as provided herein.

15. CONFIDENTIAL MATERIALS of a Providing Party shall not be made public by the Receiving Party or divulged to anyone other than the persons entitled to access as set forth herein. No CONFIDENTIAL MATERIALS shall be reproduced or used except in connection with this action. Materials marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be copied, reproduced, or otherwise duplicated except to the extent that a log is kept identifying the number of any such copies and the person in possession of each copy.

16. Any person in possession of CONFIDENTIAL MATERIALS who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments, or bodies, boards, or associations) who is not a party to this Order seeking production or other disclosure of such CONFIDENTIAL MATERIALS shall promptly give telephonic notice and written notice by overnight delivery, email and/or facsimile to outside counsel of record for the Designating Party, enclosing a copy of the subpoena or other process. In no event shall production or other disclosure be made before ten (10) days following the date on which notice is given.

17. All notes, memoranda, reports, and other written communications ("notes") that reveal or discuss information contained in CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials shall be given the same protections under this order as though they were designated as such.

18. Nothing in this Protective Order shall require disclosure of material that counsel for a party or a third party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity, any other privilege, or on any other basis. This shall not preclude any party from moving the Court for an Order directing the

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1    disclosure of such material.  Nor shall this Protective Order prevent any party from seeking

2    protection of any privileged document or thing disclosed inadvertently, unintentionally, or in

3    camera.

4              19.    The acceptance by a party of CONFIDENTIAL MATERIALS designated

5    in accordance with this Protective Order shall not constitute an admission or concession or

6    permit an inference that such designation is correct.  This Protective Order shall not

7    foreclose a party from moving for an Order that any such CONFIDENTIAL MATERIALS

8    are not, in fact, confidential.

9              20.    Any party may challenge the designation of material as CONFIDENTIAL

10   or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY by so notifying in writing

11   the party or non-party who made the original designation and counsel for that party.  Such

12   notice shall specify with particularity the material which is deemed to have been improperly

13   designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES

14   ONLY and each reason why such material should not continue to be treated as

15   CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY.  To

16   avoid inadvertent declassification, counsel for the party challenging the designation shall

17   also speak directly to the designating party's counsel to ensure that the designating party

18   actually received the written notification of the challenge.  If the designating party does not

19   thereafter provide a written response within 14 days of receipt of such notice, such

20   challenged material shall no longer be deemed CONFIDENTIAL or HIGHLY

21   CONFIDENTIAL—ATTORNEY'S EYES ONLY, as the case may be.  If a written response

22   is made within such 14-day period, the material shall be deemed CONFIDENTIAL or

23   HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY, as the case may be, unless

24   otherwise ordered by this Court.  Any written response by the Designating Party should

25   specify in good faith portions of the material that the producing party believes to be covered

26   under this Protective Order and suggest methods for redacting those portions to allow

27   declassification.  Upon receipt of such objection and response in writing, the Designating

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
&RABKIN
A Professional Corporation

1    Party and the objecting party shall attempt in good faith to resolve any disagreement
2    concerning the designation.

3         21.   Nothing herein shall prevent any person from seeking, by written agreement
4    of the parties or court order, further, greater, or lesser protection with respect to the use of
5    any CONFIDENTIAL MATERIALS in connection with this Action.  Nothing herein shall
6    be construed to limit in any way any party's use of its own CONFIDENTIAL MATERIALS.

7         22.   CONFIDENTIAL MATERIALS may be used to prepare for and conduct
8    discovery and to prepare for trial, subject to all restrictions described in this Order.
9    CONFIDENTIAL MATERIALS may also be used in testimony at trial, in connection with
10   any motion, at any hearing, and at depositions, and may be offered in evidence at trial or in
11   connection with any motion, subject to all restrictions described in this Order.

12        23.   Any person may move the Court for a modification of or relief from the
13   terms of this Order at any time upon notice to all parties.  The Court may modify or grant
14   relief from the terms of this Order upon request of any party if the circumstances so require.

15        24.   Restrictions and obligations set forth herein relating to CONFIDENTIAL
16   MATERIALS shall not apply to any information that the parties agree, or the Court rules,
17   was or has become public knowledge other than as a result of disclosure by the Receiving
18   Party.

19        25.   CONFIDENTIAL MATERIALS, at the option of the receiving person or
20   entity, shall be returned to the producer or destroyed within thirty (30) days after a Court
21   order finally terminating this Action from which no appeal is taken.  Upon request, each
22   party shall provide the producing person or entity with a letter certifying that all
23   CONFIDENTIAL MATERIALS required to be returned or destroyed pursuant to the
24   provisions of this paragraph have been returned or destroyed.  However, nothing contained
25   herein shall prevent counsel for any party from maintaining in his/her files copies of
26   pleadings, affidavits, motions, briefs, or other documents filed with the Court containing
27   CONFIDENTIAL MATERIALS, provided that such counsel take appropriate steps to
28   prevent the disclosure of said material contrary to the terms of this Order.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1    26.    The provisions of this Order concerning CONFIDENTIAL MATERIALS

2    shall survive the termination of this Action and shall continue in full force and effect

3    thereafter, and the Court shall retain jurisdiction after conclusion of this litigation for the

4    purpose of enforcing this Protective Order.

5

6    Dated:  May    , 2008                    GILBERT R. SEROTA
                                             MARK A. SHEFT
7                                            MICHAEL L. GALLO
                                             HOWARD RICE NEMEROVSKI CANADY
8                                            FALK & RABKIN
                                             A Professional Corporation
9

10

11   By:_____/s/_____
                                                  MARK A. SHEFT

12                                           Attorneys for Plaintiffs
                                             THOMAS WEISEL PARTNERS LLC
13                                           and THOMAS WEISEL
                                             INTERNATIONAL PRIVATE
14                                           LIMITED

15

16   Dated:  May    , 2008                    JOSEPH E. ADDIEGO, III
                                             DAVIS WRIGHT TREMAINE LLP
17
                                             LEIV BLAD
18                                           CLIFFORD CHANCE

19   By:_____
20                                                JOSEPH E. ADDIEGO, III

21                                           Attorneys for Defendants BNP
                                             PARIBAS and BNP PARIBAS
22                                           SECURITIES (ASIA) LIMITED

23

24

25

26

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

EXHIBIT A

UNDERTAKING RE
PROTECTIVE ORDER

UNDERTAKING OF ______________________

I, __________________, do solemnly swear as follows:

1. My address is ____________________________________________.

My present occupation is _______________________________.

2. I have received a copy of the Protective Order that was issued by the United States District Court in *Thomas Weisel Partners LLC et al. v. BNP Paribas et al.*, No. C-07-6198 (MHP), and have carefully read and understand its provisions.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this action, any information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" that I receive or review in this action, except to the extent that such CONFIDENTIAL MATERIALS are or become public information in accordance with the Protective Order.

4. I agree that I will not copy, reproduce, or otherwise duplicate any information designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" except as provided in this Protective Order.

5. I hereby submit to the jurisdiction of the United States District Court, Northern District of California, for the purpose of enforcement of this Protective Order.

Executed this ______ day of ______________ 200__, at ______________________________.

______________________________________

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN *A Professional Corporation*

1    26.  The provisions of this Order concerning CONFIDENTIAL MATERIALS

2  shall survive the termination of this Action and shall continue in full force and effect

3  thereafter, and the Court shall retain jurisdiction after conclusion of this litigation for the

4  purpose of enforcing this Protective Order.

5

6  Dated: May   , 2008                    GILBERT R. SEROTA
                                          MARK A. SHEFT
7                                         MICHAEL L. GALLO
                                          HOWARD RICE NEMEROVSKI CANADY
8                                         FALK & RABKIN
                                          A Professional Corporation
9

10
                                          By:_____
11                                            MARK A. SHEFT

12                                        Attorneys for Plaintiffs
                                          THOMAS WEISEL PARTNERS LLC
13                                        and THOMAS WEISEL
                                          INTERNATIONAL PRIVATE
14                                        LIMITED

15

16
   Dated: May /6, 2008                    JOSEPH E. ADDIEGO, III
17                                        DAVIS WRIGHT TREMAINE LLP

18                                        LEIV BLAD
                                          CLIFFORD CHANCE
19
                                          By:_____
20                                            JOSEPH E. ADDIEGO, III

21                                        Attorneys for Defendants BNP
                                          PARIBAS and BNP PARIBAS
22                                        SECURITIES (ASIA) LIMITED

23

24

25

26

27

28

1

2    Dated: May 14, 2008                COOK | ROOS | WILBUR | THOMPSON

3                                       LLP

4                                       By: _____

5                                           TRACY THOMPSON

6                                       Attorneys for Defendant

7                                       PRAVEEN CHAKRAVARTY

8        PURSUANT TO STIPULATION, IT IS SO ORDERED.

9

10   DATED:  5/20 _____, 2008

11                                       _____

12                                       HON. MARILYN HALL PATEL

13                                       U.S. District Court

IT IS SO ORDERED

Judge Marilyn H. Patel

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

STIPULATED PROTECTIVE ORDER                    C-07-6198 MHP
-12-