GILBERT R. SEROTA (No. 75305)
Email: gserota@howardrice.com
MARK A. SHEFT (No. 183732)
Email: msheft@howardrice.com
MICHAEL L. GALLO (No. 220552)
Email: mgallo@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone:   415/434-1600
Facsimile:   415/217-5910

Attorneys for Plaintiffs
THOMAS WEISEL PARTNERS LLC and
THOMAS WEISEL INTERNATIONAL
PRIVATE LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS WEISEL PARTNERS LLC, a Delaware limited liability company, and THOMAS WEISEL INTERNATIONAL PRIVATE LIMITED, an Indian company,<br><br>Plaintiffs,<br><br>v.<br><br>BNP PARIBAS, a French corporation, BNP PARIBAS SECURITIES (ASIA) LIMITED, a Hong Kong company, and PRAVEEN CHAKRAVARTY, an individual,<br><br>Defendants. | No. C-07-6198 MHP<br><br>Action Filed: December 6, 2007<br><br>MISCELLANEOUS ADMINISTRATIVE REQUEST TO FILE DOCUMENTS UNDER SEAL PURSUANT TO L.R. 79-5; DECLARATION OF MICHAEL L. GALLO<br><br>Date:     August 18, 2008<br>Time:    2:00p.m.<br>Place:    Courtroom 15<br>Judge:   Hon. Marilyn Hall Patel |

## INTRODUCTION

Pursuant to Civil Local Rule 79-5, Plaintiffs Thomas Weisel Partners LLC and Thomas Weisel International Private Limited ("Plaintiffs") bring this Miscellaneous Administrative Request ("MAR") to File Documents Under Seal pursuant to Local Rule 79-5 to protect Plaintiffs' [Sealed] Consolidated Opposition To Defendants' Motions To Dismiss Plaintiffs' First Amended Complaint ("Opposition) and supporting declarations, which contain information designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" under the Stipulated Protective Order entered by the Court on May 22, 2008 (Docket No. 39).

## STATEMENT OF FACTS

This is an action for misappropriation of trade secrets and employee raiding brought by Plaintiffs and Defendants BNP Paribas, BNP Paribas (Asia) Limited and Praveen Chakravarty.

Defendants have filed two broadly similar motions to dismiss Plaintiffs' First Amended Complaint on jurisdictional and forum non conveniens grounds. Plaintiffs' are filing their consolidated opposition to those motions concurrently with this MAR. This MAR seeks the Court's leave to file under seal (1) declaration exhibits consisting of documents that the parties have designated confidential and or attorneys' eyes only, (2) portions of a declaration by a Thomas Weisel Partners LLC employee discussing confidential business information; and (3) portions of the opposition brief that referred to those confidential documents and confidential information.

## ARGUMENT

The Court has the inherent power to seal its records to prevent them from becoming a vehicle for an improper purpose. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995). This includes the power to issue a narrowly tailored order sealing records which contain information which is "privileged or protectable as a trade secret or otherwise entitled to protection under the law." L.R. 79-5(a).

Further, the Stipulated Protective Order entered in this action states that:

> Any party or third party who wishes to file CONFIDENTIAL MATERIALS under seal with the Court must first move the Court to enter an order authorizing the sealing of the particular document or portion thereof. (Docket No. 39, Stipulated Protective Order ¶12)

The Stipulated Protective Order definition of "CONFIDENTIAL MATERIALS" includes "trade secrets as defined under California Civil Code §3426.1(d) and applicable case law." *Id.* ¶2.

Plaintiffs seek leave to file the following documents under seal:

<u>Intercompany Services Agreement</u>: Plaintiffs' [Sealed] Exhibit C to the Declaration of Karanveer Dhillon is a copy of the Intercompany Services Agreement between TWP LLC and TWIPL. Plaintiffs have designated this document as confidential, and seek to file it under seal, because it contained confidential information about the relationship between TWP LLC and TWIPL—including operational details and transfer pricing arrangements—that Plaintiffs consider a trade secret.

<u>Defendant BNP Paribas (Asia) Limited's Supplemental Interrogatory Responses</u>: In discovery, Plaintiffs asked Defendant BNP Paribas (Asia) Limited ("BNPP Asia") to provide information about its operational structure, customer base and revenues as they related to California investors. BNPP Asia designated its responses to Plaintiffs' interrogatories "Highly Confidential—Attorney's Eyes Only." These interrogatory responses are Plaintiffs' [Sealed] Exhibit D to the Declaration of Michael L. Gallo in support of Plaintiffs' Opposition. Plaintiffs are respecting BNPP Asia's designation by filing the responses provisionally under seal.

<u>Portions of the Declaration of Don Mahon In Support Of Plaintiffs' Opposition To Defendants' Motions To Dismiss The First Amended Complaint</u>: Mr. Mahon's declaration contains a discussion of Thomas Weisel Partners LLC's commission rates that Thomas Weisel Partners considers to be confidential business information that would harm its competitive position if it were widely disseminated. The redactions to the unsealed version of Mr. Mahon's declaration are narrowly tailored to protect this confidential information.

1    <u>Portions Of Plaintiffs' Opposition Brief</u>: In order to protect the confidential information contained in the documents described above, Plaintiffs also seek leave to file under seal those portions of their opposition brief that cite and/or discuss those documents. These redacted portions are narrowly tailored to protect the information in question.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant its MAR to File Documents Under Seal in its entirety.

DATED: July 9, 2008.

                               Respectfully,

                               GILBERT R. SEROTA
                               MARK A. SHEFT
                               MICHAEL L. GALLO
                               HOWARD RICE NEMEROVSKI CANADY
                                       FALK & RABKIN
                               A Professional Corporation

                               By: _____
                                        MICHAEL L. GALLO

                               Attorneys for Plaintiffs THOMAS WEISEL PARTNERS LLC and THOMAS WEISEL INTERNATIONAL PRIVATE LIMITED

## DECLARATION OF MICHAEL L. GALLO

I, Michael L. Gallo, declare:

1. I am an attorney admitted to practice before the Bar of the State of California. I am an associate with the law firm of Howard Rice Nemerovski Canady Falk & Rabkin, A Professional Corporation, counsel to Plaintiffs Thomas Weisel Partners LLC ("TWP LLC") and Thomas Weisel International Private Limited ("TWIPL") in this action. I make this Declaration upon personal knowledge and, if called upon to testify, could and would testify competently hereto.

2. I have reviewed the attached Miscellaneous Administrative Request ("MAR"). Based on the statements in the MAR concerning Plaintiffs' [Sealed] Consolidated Opposition To Defendants' Motions To Dismiss Plaintiffs' First Amended Complaint, Exhibit D to the Michael L. Gallo Declaration In Support Of Plaintiffs' Opposition and Exhibit C to the Karanveer Dhillon Declaration In Support Of Plaintiffs' Opposition, Plaintiffs seek to file under seal documents that contain or refer to information that has been designated by the parties as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order entered by the Court on May 22, 2008 (Docket No. 39).

3. Based on my knowledge of Plaintiffs' practices, the statements in the MAR concerning the nature of the information contained in (1) the Intercompany Services Agreement (Exhibit C to the Karanveer Dhillon Declaration In Support Of Plaintiffs' Opposition); and (2) the redacted portions of the Declaration of Don Mahon In Support Of Plaintiffs' Opposition To Defendants' Motions To Dismiss The First Amended Complaint: are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of July 2008 at San Francisco, California

MICHAEL L. GALLO