COOK | ROOS | WILBUR | THOMPSON LLP
TRACY THOMPSON, CBN 88173
MICHAEL E. WILBUR, CBN 152361
221 Main Street, Suite 1600
San Francisco, California 94105
Telephone:    415-362-7071
Facsimile:    415-362-7073

Attorneys for Defendant
PRAVEEN CHAKRAVARTY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS WEISEL PARTNERS LLC, a Delaware limited liability company, and THOMAS WEISEL INTERNATIONAL PRIVATE LIMITED, an Indian company,<br><br>Plaintiffs,<br><br>vs.<br><br>BNP PARIBAS, a French corporation, BNP PARIBAS SECURITIES (ASIA) LIMITED, a Hong Kong company, and PRAVEEN CHAKRAVARTY, an individual,<br><br>Defendants. | Case No.: C 07-06198 MHP<br><br>DECLARATION OF MICHAEL E. WILBUR IN SUPPORT OF DEFENDANT CHAKRAVARTY'S MOTION TO DISMISS<br><br>Hearing: August 18, 2008<br>Time: 2:00 p.m.<br>Courtroom: 15<br>The Honorable Marilyn Hall Patel<br><br>**REDACTED** |

I, Michael E. Wilbur, hereby declare:

    1.    I am an attorney licensed to practice in the State of California. I am a partner in the firm of Cook Roos Wilbur Thompson LLP, counsel of record for defendant Praveen Chakravarty. I make this declaration upon personal knowledge, and if called as a witness could and would testify competently to the matters set forth herein.

///

///

2. The document attached hereto as Exhibit A, and filed under seal, was produced by plaintiffs and designated by plaintiffs as "Confidential" pursuant to the Stipulated Protective Order entered by the Court on May 22, 2008.

3. Attached hereto as Exhibit B is a true and correct copy of plaintiffs' response to Interrogatory No. 2 in BNP Paribas' first set of jurisdictional interrogatories, in which plaintiffs state that "TWIPL maintains a separate legal existence because, when TWP was developing its Discovery Research supply business, its legal advisors advised it to create an entity incorporated under Indian law for that purpose."

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of August, 2008.

MICHAEL E. WILBUR

EXHIBIT A
(Filed Under Seal)

THOMAS WEISEL v. BNP PARIBAS, et al.
CASE NO. C 07-06198 MHP

3

DECLARATION OF MICHAEL E. WILBUR IN SUPP.
OF DEF. CHAKRAVARTY'S MOTION TO DISMISS

EXHIBIT B

GILBERT R. SEROTA (No. 75305)
Email: gserota@howardrice.com
MARK A. SHEFT (No. 183732)
Email: msheft@howardrice.com
MICHAEL L. GALLO (No. 220552)
Email: mgallo@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: 415/434-1600
Facsimile: 415/217-5910

Attorneys for Plaintiffs
THOMAS WEISEL PARTNERS LLC and
THOMAS WEISEL INTERNATIONAL
PRIVATE LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN

THOMAS WEISEL PARTNERS LLC, a Delaware limited liability company, and THOMAS WEISEL INTERNATIONAL PRIVATE LIMITED, an Indian company,

Plaintiffs,

v.

BNP PARIBAS, a French corporation, BNP PARIBAS SECURITIES (ASIA) LIMITED, a Hong Kong company, and PRAVEEN CHAKRAVARTY, an individual,

Defendants.

No. C-07-6198 MHP

Action Filed: December 6, 2007

PLAINTIFFS THOMAS WEISEL PARTNERS LLC and THOMAS WEISEL INTERNATIONAL PRIVATE LIMITED'S RESPONSES TO DEFENDANT BNP PARIBAS'S FIRST SET OF JURISDICTIONAL INTERROGATORIES

PROPOUNDING PARTY: Defendant BNP PARIBAS

RESPONDING PARTY: Plaintiffs THOMAS WEISEL PARTNERS LLC and THOMAS WEISEL INTERNATIONAL PRIVATE LIMITED

SET NUMBER: ONE

Plaintiffs Thomas Weisel Partners LLC ("TWP LLC") and Thomas Weisel International Private Limited ("TWIPL") (collectively "TWP") hereby respond to Defendant BNP Paribas's First Set of Jurisdictional Interrogatories in accordance with Federal Rule of Civil Procedure 33 and the Local Rules of the District Court for the Northern District of California.

## GENERAL OBJECTIONS

TWP responds to each of BNP Paribas's Interrogatories subject to the following general objections, which are incorporated by reference in response to each Interrogatory.

1. TWP objects to the Interrogatories to the extent they seek the disclosure of any information that is privileged or protected for any reason including, without limitation, information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN

2. TWP objects to the Interrogatories to the extent they seek information that is proprietary or confidential in nature or would otherwise subject Plaintiffs to hardship and undue burden within the meaning of Federal Rule of Civil Procedure 26(c) if such information were to be provided to BNP Paribas or publicly disclosed in the record.

3. TWP objects to the Interrogatories to the extent they seek information that can be obtained from other sources or in other manners by BNP Paribas without undue burden to Plaintiffs.

## OBJECTIONS TO "DEFINITIONS AND INSTRUCTIONS"

TWP responds to each of BNP Paribas's Interrogatories subject to the following objections to BNP Paribas's "Definitions and Instructions," which are incorporated by reference in response to each specific Interrogatory.

1. TWP objects to each of BNP Paribas's "Definitions" and "Instructions" to the extent they purport to impose obligations that exceed the requirements of the Federal Rules of Civil Procedure.

2. TWP objects to BNP Paribas's definitions of "TW India"—*i.e.* TWIPL—and "TW Partners"—*i.e.* TWP LLC—to the extent those definitions include "predecessors, successors, parents, subsidiaries, officers, directors and agents." TWIPL is a subsidiary of TWP LLC, so the definitions essentially conflate the two entities into one. For purposes of these responses, TWIPL will mean Thomas Weisel International Private Limited, its predecessors, successors, officers and directors, and TWP LLC will mean Thomas Weisel Partners LLC, its predecessors, successors, officers and directors.

3. TWP objects to BNP Paribas's definition of the term "Discovery Research" as "the equity research service that TW India operated in Mumbai, India." Discovery Research was integrated operationally with TWP LLC's research arm, and many aspects of its operations were conducted in the United States, including in San Francisco, California. Thus it is incorrect to say that TW India—*i.e.* TWIPL—operated Discovery Research in Mumbai, India, at least to the extent that implies that TW India was the exclusive operator of Discovery Research.

4. By responding specifically to BNP Paribas's Interrogatories, TWP does not concede their relevance or materiality. TWP's response to any particular Interrogatory is made expressly subject to, and without in any way waiving or intending to waive, any objections as to the competency, relevancy, materiality, privilege, or admissibility of any information contained therein.

5. TWP has not completed its investigation, collection of information, discovery, and analysis relating to this litigation. The following responses are based on the information known and available to TWP at this time. TWP reserves the right to modify, alter, change, or supplement its responses and to produce additional evidence at trial, whether consistent or inconsistent with these responses, to the extent permitted by applicable law.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify any former employees of Discovery Research who are at issue in this lawsuit and who were United States citizens and/or residents of California when they worked for Discovery Research.

**RESPONSE TO INTERROGATORY NO. 1:**

Subject to and without waiving its general objections, TWP responds as follows:

None.

**INTERROGATORY NO. 2:**

Describe and identify all the legal, regulatory, and tax reasons why an Indian company, rather than TW Partners, operated Discovery Research.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to its general objections, TWP also objects to this interrogatory as beyond the scope of the issues raised by the BNP Paribas Defendants' Jurisdiction Motion, overbroad, and impinging on the attorney-client privilege. TWP further objects that this interrogatory seeks confidential information about its business strategies. Finally, TWP objects to this interrogatory's use of the term "operate" to the extent it suggests that TWIPL, but not TWP LLC, operated Discovery Research. Subject to and without waiving these objections, TWP responds as follows:

Discovery Research produced research for TWP LLC which was distributed by TWP LLC. TWIPL was compensated by TWP LLC for Discovery Research's services pursuant to an Intercompany Services Agreement. Because Discovery Research produced research for distribution by TWP LLC, the Mumbai office of TWIPL where the Discovery Research team was based was registered as a branch of TWP LLC with the NYSE, and many team members were registered with regulatory and self-regulatory organizations in the United States as associated persons of TWP LLC.

TWIPL maintains a separate legal existence because, when TWP was developing its Discovery Research supply business, its legal advisors advised it to create an entity

incorporated under Indian law for that purpose.

## VERIFICATION

I, John Colombo, declare:

I am Associate General Counsel for Thomas Weisel Partners LLC. ("TWP LLC"), Plaintiff in this action. I am authorized to make this verification on behalf of TWP LLC. I have read TWP LLC's Responses to Defendant BNP Paribas's First Set of Jurisdictional Interrogatories, and I know of its contents. I am informed and believe that the matters stated therein are true and on that ground declare under penalty of perjury under the laws of the State of California that the same are true and correct to the best of my knowledge.

Executed this 23rd day of April 2008 at New York, New York.

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN A Professional Corporation