JOSEPH E. ADDIEGO III (State Bar No. 169522)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
joeaddiego@dwt.com

LEIV BLAD (State Bar No. 151353)
CLIFFORD CHANCE US LLP
2001 K Street NW
Washington, D.C. 20006
Telephone:    (202) 912-5000
Facsimile:    (202) 912-6000
leiv.blad@cliffordchance.com

Attorneys for Defendants
BNP PARIBAS and BNP PARIBAS
SECURITIES (ASIA) LIMITED

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS WEISEL PARTNERS LLC, a Delaware limited liability company, and THOMAS WEISEL INTERNATIONAL PRIVATE LIMITED, an Indian company,<br><br>Plaintiffs,<br><br>v.<br><br>BNP PARIBAS, a French corporation, BNP PARIBAS SECURITIES (ASIA) LIMITED, a Hong Kong company, and PRAVEEN CHAKRAVARTY, an individual,<br><br>Defendants. | Case No. CV-07-06198 MPH<br><br>**MISCELLANEOUS ADMINISTRATIVE REQUEST TO FILE DOCUMENTS UNDER SEAL PURSUANT TO L.R. 79-5; DECLARATION OF JOSEPH E. ADDIEGO III IN SUPPORT**<br><br>DATE:     August 18, 2008<br>TIME:     2:00 p.m.<br>PLACE:    Courtroom 15, 18th Floor<br>          Hon. Marilyn Hall Patel |

## I. INTRODUCTION

Pursuant to Civil Local Rule 79-5, Defendants BNP PARIBAS and BNP PARIBAS SECURITIES (ASIA) LIMITED (hereafter collectively referred to as "BNP") bring this Miscellaneous Administrative Request to file Documents Under Seal pursuant to Local Rule 79-5, in order to preserve the confidentiality of information that was designated as "Confidential" under the Stipulated Protective Order entered by the Court on May 22, 2008.

## II. STATEMENT OF FACTS

BNP has filed a motion to dismiss on jurisdictional and *forum non conveniens* grounds. In connection with that motion, the parties have conducted discovery and entered into a Stipulated Protective Order. BNP's reply brief in support of its motion refers to information contained in BNP's supplemental responses to interrogatories that were served in the jurisdictional discovery phase of this case, and these responses were attached as Exhibit D to the Declaration of Michael Gallo in support of Plaintiffs' consolidated opposition to BNP's and Defendant Praveen Chakravarty's respective motions to dismiss (Docket No. 49). BNP designated these responses as "Highly Confidential – Attorney's Eyes Only" under the Stipulated Protective Order, and indeed, Plaintiffs filed a Miscellaneous Administrative Request (Docket No. 47) to file said Exhibit D under seal.

In addition, Plaintiffs attached as Exhibit O to Mr. Gallo's aforesaid Declaration a July 3, 2008 email from Leiv Blad, counsel for BNP, to Mr. Gallo. This email discussed BNP's supplemental interrogatory responses and as such contained information relating to them that BNP classifies as Highly Confidential – Attorney's Eyes Only. This email inadvertently was not marked as such, perhaps because counsel did not expect the email to be filed in a public document. Therefore, BNP now requests that Exhibit O to Mr. Gallo's Declaration also be treated as confidential, and further that all portions of BNP's reply brief that refers to said Exhibit O be filed under seal.

Further, attached as Exhibit 3 to the Declaration of Joseph E. Addiego III in Support of Defendants BNP Paribas and BNP Paribas Securities (Asia) Ltd.' Reply in Support of Motion to Dismiss is a copy of a document produced by Plaintiffs during jurisdictional discovery bearing

2
MISCELLANEOUS ADMINISTRATIVE REQUEST TO FILE DOCUMENTS UNDER SEAL
Case No. CV-07-06198 MHP

bates numbers TWPL00000016 through TWPL00000022, which was marked "Confidential" by Plaintiffs pursuant to the Stipulated Protective Order.

By this Request, BNP seek the Court's leave to file under seal the portions of their reply brief in support of their motion to dismiss that refer to the information contained in Exhibits D and O to Mr. Gallo's Declaration as "Highly Confidential – Attorney's Eyes Only," as well as Exhibit 3 to the aforesaid Declaration by Mr. Addiego as "Confidential," under the Stipulated Protective Order.

### III.   ARGUMENT

The Court has the inherent power to seal its records to prevent them from becoming a vehicle for an improper purpose. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995). This includes the power to issue a narrowly tailored order sealing records that contain information that is "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil Local Rule 79-5(a).

Further, the Stipulated Protective Order entered in this Action states that:

> Any party or third party who wishes to file CONFIDENTIAL MATERIALS under seal with the Court must first move the Court to enter an order authorizing the sealing of the particular document or portion thereof.

Docket No. 39, Stipulated Protective Order, ¶ 12.

Defendant seeks leave to file the following documents under seal:

(1) Portions of BNP's Reply in Support of Motion to Dismiss that discuss the BNP's supplementary interrogatory responses which was previously filed under seal by plaintiffs as Exhibit D to the Declaration of Michael Gallo in support of their Consolidated Opposition to BNP's and Praveen Chakravarty's respective Motions to Dismiss.

(2) Exhibit O to the said Declaration of Mr. Gallo, the July 3, 2008 email from Leiv Blad to Mr. Gallo.

(3) Exhibit 3 to the said Declaration of Mr. Addiego, the document produced by Plaintiffs during jurisdictional discovery bearing bates numbers TWPL00000016 through TWPL00000022.

DAVIS WRIGHT TREMAINE LLP

## IV. CONCLUSION

For all of the foregoing reasons, BNP respectfully request that the Court grant this Request.

DATED: August 4, 2008        DAVIS WRIGHT TREMAINE LLP


By: _____/s/_____
    Joseph E. Addiego III

Attorneys for Defendants
BNP PARIBAS and BNP PARIBAS
SECURITIES (ASIA) LIMITED

## DECLARATION OF JOSEPH E. ADDIEGO III

I, Joseph E. Addiego III, hereby declare:

1. I am an attorney licensed to practice in the State of California. I am a partner in the firm of Davis Wright Tremaine LLP, co-counsel of record for Defendants BNP PARIBAS and BNP PARIBAS SECURITIES (ASIA) LIMITED (hereinafter collectively referred to as "BNP"). I make this declaration upon personal knowledge, and if called as a witness could and would testify competently to the matters set forth herein.

2. The document attached as Exhibit D to the Declaration of Michael Gallo in support of Plaintiffs' Consolidated Opposition to Defendants' Motion to Dismiss the First Amended Compliant was designated by BNP as "Highly Confidential – Attorney's Eyes Only" pursuant to the Stipulated Protective Order entered by the Court on May 22, 2008.

3. The document attached as Exhibit O to Mr. Gallo's said Declaration also contains information that BNP considers "Highly Confidential – Attorney's Eyes Only" pursuant to the Stipulated Protective Order entered by the Court on May 22, 2008. However, the email inadvertently was not marked as such, and it was not the subject of Plaintiff's Miscellaneous Administrative Request to file portions of its consolidated opposition under seal.

4. The documents attached as Exhibit 3 to my Declaration in support of my clients' Reply Brief were produced by Plaintiffs during jurisdictional discovery bearing bates numbers TWPL00000016 through TWPL00000022 and were marked by the Plaintiffs as "Confidential" under the Stipulated Protective Order entered by the Court on May 22, 2008.

4. The redacted portions of Chakravarty's Reply Memorandum of Points and Authorities in Support of Motion to Dismiss refer either to (a) BNP PARIBAS SECURITIES (ASIA) LIMITED'S supplemental interrogatory responses that was previously filed under seal as Exhibit D to Mr. Gallo's Declaration, or (b) the documents referenced in paragraphs 3 and 4 above.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of August, 2008.

MISCELLANEOUS ADMINISTRATIVE REQUEST TO FILE DOCUMENTS UNDER SEAL
Case No. CV-07-06198 MHP

/s/
Joseph E. Addiego III

6

MISCELLANEOUS ADMINISTRATIVE REQUEST TO FILE DOCUMENTS UNDER SEAL
Case No. CV-07-06198 MHP