1  LEIV BLAD (State Bar No. 151353)
   CLIFFORD CHANCE US LLP
2  2001 K Street NW
   Washington, D.C.  20006
3  Telephone:    (202) 912-5000
   Facsimile:    (202) 912-6000
4  leiv.blad@cliffordchance.com

5  JOSEPH E. ADDIEGO III (State Bar No. 169522)
   DAVIS WRIGHT TREMAINE LLP
6  505 Montgomery Street, Suite 800
   San Francisco, California  94111-6533
7  Telephone:    (415) 276-6500
   Facsimile:    (415) 276-6599
8  joeaddiego@dwt.com

9  Attorneys for Defendants
   BNP PARIBAS and BNP PARIBAS
10 SECURITIES (ASIA) LIMITED

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15 THOMAS WEISEL PARTNERS LLC, a Delaware        Case No. CV-07-06198 MHP
   limited liability company, and THOMAS WEISEL
16 INTERNATIONAL PRIVATE LIMITED, an Indian      **DECLARATION OF JOSEPH E.**
   company,                                      **ADDIEGO III IN SUPPORT OF BNP**
17                                               **PARIBAS AND BNP PARIBAS**
                                                 **SECURITIES (ASIA) LTD.'S REPLY**
18                  Plaintiff,                   **BRIEF IN SUPPORT OF MOTION TO**
                                                 **DISMISS THE FIRST AMENDED**
19        vs.                                    **COMPLAINT**

20 BNP PARIBAS, a French corporation, BNP
   PARIBAS SECURITIES (ASIA) LIMITED, a Hong     **DATE:**      **August 18, 2008**
21 Kong company, and PRAVEEN CHAKRAVARTY,        **TIME:**      **2:00 p.m.**
   an individual,                                **PLACE:**     **Courtroom 15, 18th Floor**
22                                                             **Hon. Marilyn Hall Patel**

23                  Defendants.

24

25                          **REDACTED**

26

27

28                              1

DAVIS WRIGHT TREMAINE LLP

I, Joseph E. Addiego III, declare as follows:

1.    I am an attorney at law duly licensed to practice before all of the Courts of the State of California, and I am admitted to practice in the United States District Court, Northern District of California.

2.    I make this declaration in support of BNP Paribas and BNP Paribas Securities (Asia) Limited's Reply Brief in Support of Its Motion to Dismiss Plaintiff's First Amended Complaint, and if called upon as a witness, I could and would competently testify to the following.

3.    Attached hereto as Exhibit 1 is a true and correct copy of Thomas Weisel Partners LLC and Thomas Weisel International Private Limited's Responses to BNP Paribas's First Set of Jurisdictional Interrogatories, dated April 23, 2008.

4.    Attached hereto as Exhibit 2 is a true and correct copy of Thomas Weisel Partners LLC and Thomas Weisel International Private Limited's Supplemental Responses to BNP Paribas's First Set of Jurisdictional Interrogatories, dated July 25, 2008.

5.    Attached hereto as Exhibit 3, and **filed under seal**, is a true and correct copy of a document produced as part of Thomas Weisel Partners LLC and Thomas Weisel International Private Limited's Response to BNP Paribas's Request for Production of Documents, dated April 23, 2008, bearing bates numbers TWPL00000016 through TWPL00000022, which was marked "Confidential" by Plaintiffs pursuant to the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 4, 2008 at San Francisco, California.


_____/s/_____
Joseph E. Addiego III

DECLARATION OF JOSEPH E. ADDIEGO III IN SUPPORT OF REPLY BRIEF
Case No. CV-07-06198 MHP

**Exhibit 1 to**
**Declaration of Joseph E. Addiego III**
**In Support of BNP Paribas and BNP Paribas Securities (ASIA)LED'S Reply**
**Brief In Support of Motion to Dismiss the First Amended Complaint**

GILBERT R. SEROTA (No. 75305)
Email:  gserota@howardrice.com
MARK A. SHEFT (No. 183732)
Email:  msheft@howardrice.com
MICHAEL L. GALLO (No. 220552)
Email:  mgallo@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4024
Telephone:    415/434-1600
Facsimile:    415/217-5910

Attorneys for Plaintiffs
THOMAS WEISEL PARTNERS LLC and
THOMAS WEISEL INTERNATIONAL
PRIVATE LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

| | |
|---|---|
| THOMAS WEISEL PARTNERS LLC, a Delaware limited liability company, and THOMAS WEISEL INTERNATIONAL PRIVATE LIMITED, an Indian company,<br><br>Plaintiffs,<br><br>v.<br><br>BNP PARIBAS, a French corporation, BNP PARIBAS SECURITIES (ASIA) LIMITED, a Hong Kong company, and PRAVEEN CHAKRAVARTY, an individual,<br><br>Defendants. | No. C-07-6198 MHP<br><br>Action Filed:  December 6, 2007<br><br>PLAINTIFFS THOMAS WEISEL PARTNERS LLC and THOMAS WEISEL INTERNATIONAL PRIVATE LIMITED'S RESPONSES TO DEFENDANT BNP PARIBAS'S FIRST SET OF JURISDICTIONAL INTERROGATORIES |

PROPOUNDING PARTY:    Defendant BNP PARIBAS

RESPONDING PARTY:    Plaintiffs THOMAS WEISEL PARTNERS LLC and THOMAS WEISEL INTERNATIONAL PRIVATE LIMITED

SET NUMBER:    ONE

1    Plaintiffs Thomas Weisel Partners LLC ("TWP LLC") and Thomas Weisel
2    International Private Limited ("TWIPL") (collectively "TWP") hereby respond to Defendant
3    BNP Paribas's First Set of Jurisdictional Interrogatories in accordance with Federal Rule of
4    Civil Procedure 33 and the Local Rules of the District Court for the Northern District of
5    California.

6

7                            **GENERAL OBJECTIONS**
8        TWP responds to each of BNP Paribas's Interrogatories subject to the following
9    general objections, which are incorporated by reference in response to each Interrogatory.
10       1.    TWP objects to the Interrogatories to the extent they seek the disclosure of any
11   information that is privileged or protected for any reason including, without limitation,
12   information protected by the attorney-client privilege, the work product doctrine, or any
13   other applicable privilege or protection.
14       2.    TWP objects to the Interrogatories to the extent they seek information that is
15   proprietary or confidential in nature or would otherwise subject Plaintiffs to hardship and
16   undue burden within the meaning of Federal Rule of Civil Procedure 26(c) if such
17   information were to be provided to BNP Paribas or publicly disclosed in the record.
18       3.    TWP objects to the Interrogatories to the extent they seek information that can
19   be obtained from other sources or in other manners by BNP Paribas without undue burden to
20   Plaintiffs.

21

22           **OBJECTIONS TO "DEFINITIONS AND INSTRUCTIONS"**
23       TWP responds to each of BNP Paribas's Interrogatories subject to the following
24   objections to BNP Paribas's "Definitions and Instructions," which are incorporated by
25   reference in response to each specific Interrogatory.
26       1.    TWP objects to each of BNP Paribas's "Definitions" and "Instructions" to the
27   extent they purport to impose obligations that exceed the requirements of the Federal Rules
28   of Civil Procedure.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

2.    TWP objects to BNP Paribas's definitions of "TW India"—*i.e.* TWIPL—and "TW Partners"—*i.e.* TWP LLC—to the extent those definitions include "predecessors, successors, parents, subsidiaries, officers, directors and agents." TWIPL is a subsidiary of TWP LLC, so the definitions essentially conflate the two entities into one. For purposes of these responses, TWIPL will mean Thomas Weisel International Private Limited, its predecessors, successors, officers and directors, and TWP LLC will mean Thomas Weisel Partners LLC, its predecessors, successors, officers and directors.

3.    TWP objects to BNP Paribas's definition of the term "Discovery Research" as "the equity research service that TW India operated in Mumbai, India." Discovery Research was integrated operationally with TWP LLC's research arm, and many aspects of its operations were conducted in the United States, including in San Francisco, California. Thus it is incorrect to say that TW India—*i.e.* TWIPL—operated Discovery Research in Mumbai, India, at least to the extent that implies that TW India was the exclusive operator of Discovery Research.

4.    By responding specifically to BNP Paribas's Interrogatories, TWP does not concede their relevance or materiality. TWP's response to any particular Interrogatory is made expressly subject to, and without in any way waiving or intending to waive, any objections as to the competency, relevancy, materiality, privilege, or admissibility of any information contained therein.

5.    TWP has not completed its investigation, collection of information, discovery, and analysis relating to this litigation. The following responses are based on the information known and available to TWP at this time. TWP reserves the right to modify, alter, change, or supplement its responses and to produce additional evidence at trial, whether consistent or inconsistent with these responses, to the extent permitted by applicable law.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

1    **RESPONSES TO INTERROGATORIES**

2    **INTERROGATORY NO. 1:**

3    Identify any former employees of Discovery Research who are at issue in this lawsuit

4    and who were United States citizens and/or residents of California when they worked for

5    Discovery Research.

6    **RESPONSE TO INTERROGATORY NO. 1:**

7    Subject to and without waiving its general objections, TWP responds as follows:

8    None.

9    **INTERROGATORY NO. 2:**

10    Describe and identify all the legal, regulatory, and tax reasons why an Indian company,

11    rather than TW Partners, operated Discovery Research.

12    **RESPONSE TO INTERROGATORY NO. 2:**

13    In addition to its general objections, TWP also objects to this interrogatory as beyond

14    the scope of the issues raised by the BNP Paribas Defendants' Jurisdiction Motion,

15    overbroad, and impinging on the attorney-client privilege. TWP further objects that this

16    interrogatory seeks confidential information about its business strategies. Finally, TWP

17    objects to this interrogatory's use of the term "operate" to the extent it suggests that TWIPL,

18    but not TWP LLC, operated Discovery Research. Subject to and without waiving these

19    objections, TWP responds as follows:

20    Discovery Research produced research for TWP LLC which was distributed by TWP

21    LLC. TWIPL was compensated by TWP LLC for Discovery Research's services pursuant

22    to an Intercompany Services Agreement. Because Discovery Research produced research

23    for distribution by TWP LLC, the Mumbai office of TWIPL where the Discovery Research

24    team was based was registered as a branch of TWP LLC with the NYSE, and many team

25    members were registered with regulatory and self-regulatory organizations in the United

26    States as associated persons of TWP LLC.

27    TWIPL maintains a separate legal existence because, when TWP was developing its

28    Discovery Research supply business, its legal advisors advised it to create an entity

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1    incorporated under Indian law for that purpose.

2    **INTERROGATORY NO. 3:**

3        Identify each of the former Discovery Research employees at issue in this lawsuit who

4    at the time they were employees of Discovery Research held registrations or licenses issued

5    by any regulatory or self-regulatory body in India or in any other jurisdiction, including the

6    employee's name and title, each regulatory authority with which the employee is registered,

7    and the applicable registration categories.

8    **RESPONSE TO INTERROGATORY NO. 3:**

9        Subject to and without waiving its general objections, TWP responds as follows:

10       To the best of TWP's knowledge and belief, any registered Discovery Research team

11   members at issue in this lawsuit held registrations or licenses issued only by regulatory or

12   self-regulatory bodies in the United States.  The Discovery Research team members at issue

13   in this lawsuit who held licenses or registrations issued by United States-based regulatory or

14   self-regulatory bodies are shown in the chart below.  (For the purposes of this response,

15   "AMEX" means the American Stock Exchange, "ARCA" means the NYSE Arca online

16   securities exchange, "FINRA" means the Financial Industry Regulatory Authority, "NQX"

17   means the NASDAQ Stock Exchange, "NYSE" means the New York Stock Exchange,

18   "CA" means California, "MA" means Massachusetts, "NY" means New York, "GS" means

19   General Securities Representative, "RS" means Research Analyst, "GP" means General

20   Securities Principal, "RP" means Research Principal and "AG" means Broker-Dealer

21   Agent.)

| Name | Title | Regulatory Authority and Registration Categories |
| --- | --- | --- |
| Shashank Abhisheik | Research Associate | AMEX (GS), ARCA (GS), FINRA (GS), NQX (GS), NYSE (GS), CA (AG), MA (AG), NY (AG) |
| Abhishek Battacharya | Research Associate | AMEX (GS), ARCA (GS), FINRA (GS), NQX (GS), NYSE (GS), CA (AG), MA (AG), NY (AG) |
| Praveen Chakravarty | Director | AMEX (GS), ARCA (GS), FINRA (GP, GS, RP, RS), NQX (GS), NYSE (GS, RS), CA (AG), MA (AG), NY (AG) |
| Joseph George | Research Analyst | AMEX (GS), ARCA (GS), FINRA (GS, |

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

| | | |
|---|---|---|
| (Chiriyankandath) | | RS), NQX (GS), NYSE (GS, RS), CA (AG), MA (AG), NY (AG) |
| Preeti Dubey | Research Analyst | AMEX (GS), ARCA (GS), FINRA (GS, RS), NQX (GS), NYSE (GS, RS), CA (AG), MA (AG), NY (AG) |
| Abhiram Eleswarapu | Research Analyst | AMEX (GS), ARCA (GS), FINRA (GS, RS), NQX (GS), NYSE (GS, RS), CA (AG), MA (AG), NY (AG) |
| Lakshminarayana Ganti | Research Analyst | AMEX (GS), ARCA (GS), FINRA (GS, RS), NQX (GS), NYSE (GS, RS), CA (AG), MA (AG), NY (AG) |
| Sandeep Mathew | Research Analyst | AMEX (GS), ARCA (GS), FINRA (GS, RS), NQX (GS), NYSE (GS, RS), CA (AG), MA (AG), NY (AG) |
| Girish Nair | Research Analyst | AMEX (GS), ARCA (GS), FINRA (GS, RS), NQX (GS), NYSE (GS, RS), CA (AG), MA (AG), NY (AG) |
| Sameer Naringrekar | Research Analyst | AMEX (GS), ARCA (GS), FINRA (GS, RS), NQX (GS), NYSE (GS, RS), CA (AG), MA (AG), NY (AG) |
| Vijay Sarathi | Research Analyst | AMEX (GS), ARCA (GS), FINRA (GS, RS), NQX (GS), NYSE (GS, RS), CA (AG), MA (AG), NY (AG) |
| Amit Shah | Research Analyst | AMEX (GS), ARCA (GS), FINRA (GS, RS), NQX (GS), NYSE (GS, RS), CA (AG), MA (AG), NY (AG) |
| Vishal Sharma | Research Analyst | AMEX (GS), ARCA (GS), FINRA (GS, RS), NQX (GS), NYSE (GS, RS), CA (AG), MA (AG), NY (AG) |
| Sriram Somayajula | Research Associate | AMEX (GS), ARCA (GS), FINRA (GS), NQX (GS), NYSE (GS), CA (AG), MA (AG), NY (AG) |
| Kunal Vora | Research Associate | AMEX (GS), ARCA (GS), FINRA (GS), NQX (GS), NYSE (GS), CA (AG), MA (AG), NY (AG) |

**INTERROGATORY NO. 4:**

Identify the entity that employs or employed the Discovery Research employees and the location of that entity.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to its general objections, TWP objects that this interrogatory's use of the terms "entity" and "location of that entity " misapprehends the structure of Discovery Research. Subject to and without waiving these objections, TWP responds as follows:

Discovery Research was part of TWIPL, an Indian corporate entity based in Mumbai.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

1  It also operated as a branch brokerage office of TWP LLC, a limited liability company

2  organized under the laws of Delaware with headquarters and principal operations in San

3  Francisco.  As such, Discovery Research produced research for distribution by TWP LLC

4  and was integrated into TWP LLC's operations.

5      The Discovery Research team members who are the subject of this lawsuit were

6  directly employed by TWIPL in Mumbai but were registered with U.S.-based regulatory and

7  self-regulatory organizations as associated persons of TWP LLC, an entity with its

8  headquarters in San Francisco.

9      Praveen Chakravarty was employed by TWP LLC, an entity with its headquarters in

10  San Francisco.

11  **INTERROGATORY NO. 5:**

12      Identify the direct reports of the employees of Discovery Research (*i.e.*, the persons to

13  whom the persons reported directly), including the name, title, location, and employer of

14  each such direct report.

15  **RESPONSE TO INTERROGATORY NO. 5:**

16      Subject to and without waiving its general objections, TWP responds as follows:

17      Shashank Abhisheik, Abhishek Bhattacharya, Alok Despande, Preeti Dubey, Abhiram

18  Elaswarapu, Joseph George, Karan Gupta, Manish Gupta, Lakshminarayana Ganti, Sandeep

19  Mathew, Sameer Naaringrekar, Girish Nair, Vijay Sarathi, Vishal Sharma, Amit Shah,

20  Roshan Shetty, Avinash Singh, Charanjit Singh, Sriram Somayajula, Bijal Thakkar and

21  Kunal Vora all reported directly to Praveen Chakravarty, Director of Discovery Research,

22  who was located in Mumbai and was employed by TWP LLC.  Vijay Sarathi and Bijal

23  Thakkar also reported directly to KV Dhillon, Managing Director of TWIPL, who had

24  offices in both Mumbai and San Francisco and is employed by Thomas Weisel Partners

25  Group, Inc.

26      Praveen Chakravarty reported directly both to KV Dhillon and to TWP LLC's Director

27  of Research, a position held in the relevant time period first by Steve Buell and then by

28  Keith Gay, both based in San Francisco.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1    **INTERROGATORY NO. 6:**

2    Describe the legal, regulatory, or other reasons why the employees of Discovery

3    Research were required to be employed by an Indian company and/or were required to report

4    to an Indian company.

5    **RESPONSE TO INTERROGATORY NO. 6:**

6    In addition to its general objections, TWP also objects to this interrogatory as beyond

7    the scope of the issues raised by the BNP Paribas Defendants' Jurisdiction Motion,

8    overbroad, and impinging on the attorney-client privilege.  TWP further objects that this

9    interrogatory assumes facts and is vague.   The interrogatory incorrectly assumes that

10   Discovery Research employees were "required to be employed" or were exclusively

11   "employed" by TWIPL, and is incorrect and/or unintelligible to the extent it asks why those

12   employees were "required to report" to TWIPL.   Subject to and without waiving these

13   objections, TWP responds as follows:

14   TWP is not aware of any "requirement" that Discovery Research employees be

15   employed by an Indian company or report to an Indian company.  Once a decision was made

16   to organize TWP's Indian operations an as Indian Corporation (*see* Response No. 2), it was

17   logical for that corporation—TWIPL—to employ members of the Discovery Research team

18   (many of whom also were registered with U.S.-based regulatory and self-regulatory

19   organizations as associated persons of TWP LLC).

20   **INTERROGATORY NO. 7:**

21   Identify the entity that pays or paid any payroll taxes on behalf of the employees of

22   Discovery Research.

23   **RESPONSE TO INTERROGATORY NO. 7:**

24   Subject to and without waiving its general objections, TWP responds as follows:

25   TWIPL paid the payroll taxes imposed in India for Discovery Research team members

26   out of TWIPL bank accounts which were funded in turn by TWP LLC pursuant to the

27   Intercompany Services Agreement.

28   Praveen Chakravarty also was taxed on a portion of his wages paid in the United

WEISEL'S RESPS. TO BNP PARIBAS'S 1ST SET INTERROGS.        C-07-6198 MHP
-7-

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

1   States, and those U.S.-imposed payroll taxes were paid by TWP LLC.

2   **INTERROGATORY NO. 8:**

3       Identify the entity that pays or paid any wages and salaries to the employees of

4   Discovery Research.

5   **RESPONSE TO INTERROGATORY NO. 8:**

6       TWIPL paid the wages and salaries for Discovery Research team members out of

7   TWIPL bank accounts which were funded in turn by TWP LLC pursuant to the

8   Intercompany Services Agreement.

9       A portion of Praveen Chakravarty's wages were paid in the United States by TWP

10  LLC.

11  **INTERROGATORY NO. 9:**

12      Does TW India continue to exist as a going concern in India?

13  **RESPONSE TO INTERROGATORY NO. 9:**

14      In addition to its general objections, TWP objects to this interrogatory as beyond the

15  scope of the issues raised by the BNP Paribas Defendants' Jurisdiction Motion.  Subject to

16  these objections, TWP responds as follows:

17      Yes.

18

19  DATED:  April 23, 2008.                    GILBERT R. SEROTA
                                                MARK A. SHEFT
20                                              MICHAEL L. GALLO
                                                HOWARD RICE NEMEROVSKI CANADY
21                                                  FALK & RABKIN
                                                A Professional Corporation
22

23                                              By: _____
                                                        MICHAEL L. GALLO
24

25                                              Attorneys for Plaintiffs THOMAS WEISEL
                                                PARTNERS LLC and THOMAS WEISEL
26                                              INTERNATIONAL PRIVATE LIMITED

27

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

# VERIFICATION

I, John Colombo, declare:

I am Associate General Counsel for Thomas Weisel Partners LLC. ("TWP LLC"), Plaintiff in this action. I am authorized to make this verification on behalf of TWP LLC. I have read TWP LLC's Responses to Defendant BNP Paribas's First Set of Jurisdictional Interrogatories, and I know of its contents. I am informed and believe that the matters stated therein are true and on that ground declare under penalty of perjury under the laws of the State of California that the same are true and correct to the best of my knowledge.

Executed this 23rd day of April 2008 at New York, New York.

**Exhibit 2 to**
**Declaration of Joseph E. Addiego III**
**In Support of BNP Paribas and BNP Paribas Securities (ASIA)LED'S Reply**
**Brief In Support of Motion to Dismiss the First Amended Complaint**

1  GILBERT R. SEROTA (No. 75305)
   Email: gserota@howardrice.com
2  MARK A. SHEFT (No. 183732)
   Email: msheft@howardrice.com
3  MICHAEL L. GALLO (No. 220552)
   Email: mgallo@howardrice.com
4  HOWARD RICE NEMEROVSKI CANADY
          FALK & RABKIN
5  A Professional Corporation
   Three Embarcadero Center, 7th Floor
6  San Francisco, California 94111-4024
   Telephone:   415/434-1600
7  Facsimile:   415/217-5910

8  Attorneys for Plaintiffs
   THOMAS WEISEL PARTNERS LLC and
9  THOMAS WEISEL INTERNATIONAL
   PRIVATE LIMITED

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14

15  THOMAS WEISEL PARTNERS LLC, a          No. C-07-6198 MHP
    Delaware limited liability company, and
16  THOMAS WEISEL INTERNATIONAL            Action Filed: December 6, 2007
    PRIVATE LIMITED, an Indian company,
17                                         PLAINTIFFS THOMAS WEISEL
                      Plaintiffs,          PARTNERS LLC and THOMAS
18                                         WEISEL INTERNATIONAL PRIVATE
         v.                                LIMITED'S SUPPLEMENTAL
19                                         RESPONSES TO DEFENDANT BNP
    BNP PARIBAS, a French corporation, BNP PARIBAS'S FIRST SET OF
20  PARIBAS SECURITIES (ASIA) LIMITED,     JURISDICTIONAL
    a Hong Kong company, and PRAVEEN       INTERROGATORIES
21  CHAKRAVARTY, an individual,
22                      Defendants.

23

24  PROPOUNDING PARTY:   Defendant BNP PARIBAS

25  RESPONDING PARTY:    Plaintiffs THOMAS WEISEL PARTNERS LLC and
26                       THOMAS WEISEL INTERNATIONAL PRIVATE
                         LIMITED
27  SET NUMBER:          ONE

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

1    Plaintiffs Thomas Weisel Partners LLC ("TWP LLC") and Thomas Weisel
2    International Private Limited ("TWIPL") (collectively "TWP") hereby supplement their
3    previously filed responses to Defendant BNP Paribas's First Set of Jurisdictional
4    Interrogatories.

## GENERAL OBJECTIONS

7    TWP responds to each of BNP Paribas's Interrogatories subject to the following
8    general objections, which are incorporated by reference in response to each Interrogatory.

9    1.    TWP objects to the Interrogatories to the extent they seek the disclosure of any
10   information that is privileged or protected for any reason including, without limitation,
11   information protected by the attorney-client privilege, the work product doctrine, or any
12   other applicable privilege or protection.

13   2.    TWP objects to the Interrogatories to the extent they seek information that is
14   proprietary or confidential in nature or would otherwise subject Plaintiffs to hardship and
15   undue burden within the meaning of Federal Rule of Civil Procedure 26(c) if such
16   information were to be provided to BNP Paribas or publicly disclosed in the record.

17   3.    TWP objects to the Interrogatories to the extent they seek information that can
18   be obtained from other sources or in other manners by BNP Paribas without undue burden to
19   Plaintiffs.

## OBJECTIONS TO "DEFINITIONS AND INSTRUCTIONS"

22   TWP responds to each of BNP Paribas's Interrogatories subject to the following
23   objections to BNP Paribas's "Definitions and Instructions," which are incorporated by
24   reference in response to each specific Interrogatory.

25   1.    TWP objects to each of BNP Paribas's "Definitions" and "Instructions" to the
26   extent they purport to impose obligations that exceed the requirements of the Federal Rules
27   of Civil Procedure.

2.    TWP objects to BNP Paribas's definitions of "TW India"—*i.e.* TWIPL—and "TW Partners"—*i.e.* TWP LLC—to the extent those definitions include "predecessors, successors, parents, subsidiaries, officers, directors and agents." TWIPL is a subsidiary of TWP LLC, so the definitions essentially conflate the two entities into one. For purposes of these responses, TWIPL will mean Thomas Weisel International Private Limited, its predecessors, successors, officers and directors, and TWP LLC will mean Thomas Weisel Partners LLC, its predecessors, successors, officers and directors.

3.    TWP objects to BNP Paribas's definition of the term "Discovery Research" as "the equity research service that TW India operated in Mumbai, India." Discovery Research was integrated operationally with TWP LLC's research arm, and many aspects of its operations were conducted in the United States, including in San Francisco, California. Thus it is incorrect to say that TW India—*i.e.* TWIPL—operated Discovery Research in Mumbai, India, at least to the extent that implies that TW India was the exclusive operator of Discovery Research.

4.    By responding specifically to BNP Paribas's Interrogatories, TWP does not concede their relevance or materiality. TWP's response to any particular Interrogatory is made expressly subject to, and without in any way waiving or intending to waive, any objections as to the competency, relevancy, materiality, privilege, or admissibility of any information contained therein.

5.    TWP has not completed its investigation, collection of information, discovery, and analysis relating to this litigation. The following responses are based on the information known and available to TWP at this time. TWP reserves the right to modify, alter, change, or supplement its responses and to produce additional evidence at trial, whether consistent or inconsistent with these responses, to the extent permitted by applicable law.

# SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 6:**

Describe the legal, regulatory, or other reasons why the employees of Discovery Research were required to be employed by an Indian company and/or were required to report to an Indian company.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to its general objections, TWP also objects to this interrogatory as beyond the scope of the issues raised by the BNP Paribas Defendants' Jurisdiction Motion, overbroad, and impinging on the attorney-client privilege. TWP further objects that this interrogatory assumes facts and is vague. Subject to and without waiving these objections, TWP responds as follows:

When TWP was developing its Discovery Research supply business, its legal advisors advised that it was necessary to create an entity incorporated under Indian law in order to employ Indian nationals to do work in India.

**INTERROGATORY NO. 7:**

Identify the entity that pays or paid any payroll taxes on behalf of the employees of Discovery Research.

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to and without waiving its general objections, TWP responds as follows:

TWIPL paid the payroll taxes imposed in India for Discovery Research team members out of TWIPL bank accounts that were funded in turn by TWP LLC pursuant to the Intercompany Services Agreement.

1

2

3    DATED: July 25, 2008.                     GILBERT R. SEROTA
                                               MARK A. SHEFT
4                                              MICHAEL L. GALLO
                                               HOWARD RICE NEMEROVSKI CANADY
5                                                   FALK & RABKIN
                                               A Professional Corporation
6
                                               By: _____
7                                                       MICHAEL L. GALLO

8                                              Attorneys for Plaintiffs THOMAS WEISEL
                                               PARTNERS LLC and THOMAS WEISEL
9                                              INTERNATIONAL PRIVATE LIMITED

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

### VERIFICATION

I, Karanveer Dhillon, declare:

I am the Managing Director of Thomas Weisel International Private Limited ("TWIPL"), and a Senior Partner of Thomas Weisel Partners Group, Inc. I am authorized to make this verification on behalf of TWIPL and Thomas Weisel Partners LLC. I have read Thomas Weisel Partners LLC and Thomas Weisel International Private Limited's Supplemental Responses to Defendant BNP Paribas's First Set of Jurisdictional Interrogatories, and I know of its contents. I am informed and believe that the matters stated therein are true and on that ground declare under penalty of perjury under the laws of the United States of America that the same are true and correct to the best of my knowledge.

Executed this 21 day of July 2008 at  mumbai, india

_K. Dhillon_

SUPPL. RESPS. TO BNP PARIBAS' 1ST SET INTERROGS.

-5-

C-07-6198 MHP

1

## PROOF OF SERVICE

2

I, Bonnie Hastings, declare:

3

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is Three Embarcadero Center, Seventh Floor, San Francisco, California  94111-4024.  On July 25, 2008, I served the following document(s) described as:

4

5

6
7

**PLAINTIFFS THOMAS WEISEL PARTNERS LLC AND THOMAS WEISEL INTERNATIONAL PRIVATE LIMITED'S SUPPLEMENTAL RESPONSES TO DEFENDANT BNP PARIBAS'S FIRST SET OF JURISDICTIONAL INTERROGATORIES:**

8
9

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

10
11

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

12
13

☐  by transmitting via email the document(s) listed above to the email address(es) set forth below on this date before 5:00 p.m.

14
15

☐  by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

16
17

☐  by causing to have personally delivered by First Legal Support Services the document(s) listed above to the person(s) at the address(es) set forth below.

18

Joseph E. Addiego, III
Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, CA  94111-6533
Facsimile: 415-276-6599
Email:  joeaddiego@dwt.com

Leiv Blad
Clifford Chance
2001 K Street NW
Washington, DC  20006-1001
Facsimile:  202-912-6000
Email:leiv.blad@cliffordchance.com

19
20
21

Attorneys for Defendants, BNP PARIBAS, BNP PARIBAS SECURITIES (ASIA) LIMITED

Attorneys for Defendants, BNP PARIBAS, BNP PARIBAS SECURITIES (ASIA) LIMITED

22
23

Michael Wilbur
Cook Roos Wilbur Thompson LLP
221 Main Street, Suite 1600
San Francisco, CA  94105
Facsimile:  415-362-7071
Email:  mwilbur@cookroos.com

24
25
26
27

Attorneys for Defendant PRAVEEN CHAKRAVARTY

28

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

PROOF OF SERVICE

-1-

1     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at San Francisco, California on July 25, 2008.

*Bonnie Hastings*
—————————————————
Bonnie Hastings

HOWARD
RICE
EMERGOVSKI
CANADY
FALK
& RABKIN

**Exhibit 3 to**
**Declaration of Joseph E. Addiego III**
**In Support of BNP Paribas and BNP Paribas Securities (ASIA)LED'S Reply**
**Brief In Support of Motion to Dismiss the First Amended Complaint**

**Redacted**

# FILED UNDER SEAL