UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS WEISEL PARTNERS LLC, a Delaware limited liability company, and THOMAS WEISEL INTERNATIONAL PRIVATE LIMITED, an Indian company,<br><br>Plaintiffs,<br><br>v.<br><br>BNP PARIBAS, a French corporation, BNP PARIBAS SECURITIES (ASIA) LIMITED, a Hong Kong company, and PRAVEEN CHAKRAVARTY, an individual,<br><br>Defendants. | No. C-07-06198 MHP |

**DECLARATION OF GOPAL SANKARANARAYANAN IN SUPPORT OF MOTION OF BNP PARIBAS, BNP PARIBAS SECURITIES (ASIA) LIMITED AND PRAVEEN CHAKRAVARTY TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FORUM NON CONVENIENS**

I. Gopal Sankaranarayanan, make the following declaration under 28 U.S.C. §1746:

1. I have been retained by the firm of Clifford Chance, counsel for defendants BNP Paribas and BNP Paribas Securities (Asia) Limited in the above-captioned litigation, to provide my expert opinions on the matters set forth herein.

2. I am an Advocate of the Supreme Court of India, and have held this position since 2002. I have been practicing law in India since 2001.

3. I was presented with a copy of the Plaintiff Thomas Weisel Partners LLC's Consolidated Opposition to Defendants' Motions to Dismiss Plaintiffs Fist Amended Complaint. I reviewed the statements made therein with respect to the delay and backlog of cases in India.

4. Due to my past experience and years of practice in the Supreme Court of India, I was requested to give this declaration setting out the procedure followed in the civil courts in India with particular reference to the disposal of cases in Bombay, the amendments to the Civil Procedure Code ("CPC") followed by the Courts in India, as well as other recent developments in Indian judicial system.

**REPLY TO MR.DESAI**

5. At the outset, I must point out that Mr.S.K.Desai's declaration relies to a large extent on information accessed from the official website of the Bombay High Court, which is http://bombayhighcourt.nic.in/. The information available here is divided into three categories:

    a. Institution / Disposal of cases

    b. Classification of Pending cases

    c. Judgewise Disposal of cases

Mr. Desai's declaration only discloses the data carried at (a) and (b) above, but does not divulge information that is most vital to the present issue, which is available at (c). It is only by studying the facts concerning the *disposal* of cases at the Bombay High Court that one would be in a position to understand the likely duration of proceedings to be commenced in India. I am surprised that Mr.Desai did not deem it fit to adduce this information as evidence. (See EXHIBIT – A which is a screenshot of the relevant webpage).

6. Mr. Desai has also emphasized the fact that the Bombay High Court has only 59 judges, while even Exhibit-A to his statement shows that the strength of the Court is 64. I am

annexing a true screenshot of the homepage of the Court which shows that the strength of the Court is actually 75. (See EXHIBIT – B).

7. In addition to the above, I must also point out that the High Court of Bombay may not necessarily be the proper forum for the resolution of the present dispute if it were to be agitated here. There have been steps adopted for the transfer of the Original Jurisdiction of the High Court to the local civil courts in Bombay, so that the backlog may be further reduced. This has in fact received the imprimatur of the Supreme Court of India, and steps are underway to ensure that these transfers of the civil suits be done at the earliest.

8. As per the records of the Bombay High Court dated 23rd February 2007, and which are contained on the website of the Court, in just the year 2006, the High Court disposed off a whopping 139183 cases. (See EXHIBIT C) This, over a period of merely 12 months gives an average of 2174 cases disposed of by each of the 64 judges who were sitting at the time. An examination of this exhibit would further show that as many as 6 of these judges were appointed as late as September, thereby bringing down the average disposal per judge. The improved disposal rate of the last year, 2007, is available from the quarterly tables of the same website. (See EXHIBITS D, E, F and G). Therefore, even if one were to accept Mr. Desai's statement that 42,464 suits are pending in the courts, their disposal would not be as exaggerated as is portrayed by his dim view of the Indian judicial system. In fact, nearly a fifth of the number of cases in backlog are being disposed of every year.

9. I also state that a large number of the cases that are pending in the Bombay Courts are so delayed due to the subject matter involved. Almost all property disputes involving the various municipal and national legislations are given last priority, as the possession of the

occupant in question is protected by adequate interlocutory orders. The situation would be very different in the present case.

10. I will use in support two of the cases cited earlier by the Defendants in the very context of the enforceability of a negative covenant in India.

  a. The first of these is Percept D'Mark v. Zaheer Khan, (2006) 4 SCC 227. Here, the proceedings were commenced by the Plaintiff in the Bombay High Court in 2003, and the judgement was delivered in December *the same year*. The appeal from this was preferred to the Supreme Court and finally decided on March 22, 2006. From initiation at the original stage in the Bombay High Court, to conclusion at the Supreme Court, this entire matter has taken less than 3 years.

  b. The other is Gujarat Bottling Co. Ltd. v. Coca Cola Co., (1995) 5 SCC 545, where the proceeding were commenced, once again in the Bombay High Court in 1995, and were finally disposed off in the same year, i.e.1995, by the Supreme Court on appeal.

11. It is clear that in the very context of this dispute, and in the very Court about which the Plaintiffs have apprehensions, matters are disposed of fairly quickly, and I would not imagine that they would sustain for longer than 3 to 4 years.

**THE PROCEDURE**

12. The procedure followed in civil courts in India is governed by the CPC. Some of the provisions of the CPC have been amended by the Code of Civil Procedure (Amendment) Act, 1999 and Code of Civil Procedure (Amendment) Act, 2002. The amendments made in the CPC came into force on December 30, 1999 and July 1, 2002 respectively. The purpose and reasons

for adopting amendments to CPC were outlined in a Bill introduced in the Parliament and have been incorporated in Code of Civil Procedure (Amendment) Act, 2002. As outlined in these provisions, the main objective of these efforts is to reduce the delay backlog of civil cases in Indian Courts.

13. These amendments were made to the provisions of CPC that deal with the procedural aspects of civil cases. These amendments include: (i) the summons are to be delivered to the defendant within a certain time; (ii) written statements (statement of defense) have to be filed within thirty days and not beyond ninety days from the date of institution of the suits; (iii) amendments to the pleading are not permitted unless necessary; (iv) trial is now to be conducted by the Joint Registrar or Commissioner appointed by the Court at no or very nominal fee; (v) time for the oral arguments to be made by the parties is for fixed period only, and the judgment is to be given within a fixed period of time ordered by the court after hearing the matter.

14. The hearing of pleadings is governed by the amended provisions of CPC. For example, Order VIII Rule 1 of amended CPC provides that the Written Statement (the Response Statement) is required to be filed within thirty (30) days from date of service of summons on the Defendant which can be extended but for no longer than ninety (90) days. Therefore, in accordance with the revised provisions of the CPC, the pleadings can be completed within one to four months if the leave for filing the Rejoinder/Replication is granted from the date of registration of the suit in the Bombay High Court.

15. As a result of the amendments to the provisions of CPC, the time taken in proceedings in the Bombay High Court have been considerably reduced. As a result, the estimated time taken at various stages in the suit is presently about 4 to 5 years.

16. The Indian Government also recently increased the number of Judges on the bench, thus lowering the rate of pending cases considerably and expediting the period for hearing of the pleadings and cases.

17. Presently, there are a sanctioned total of 75 judges in the High Court of Bombay who work five days a week and are hearing as well as disposing suits/petitions filed and pending before it.

18. In sum, as a consequence of recent amendments to relevant Indian laws, specifically the CPC, and the Indian Governments' efforts to decrease the delay in hearing cases by Indian courts, the average timeframe for hearing and adjudicated on civil cases such as the present one is 3 to 4 years.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 5, 2008.

_____
Gopal Sankaranarayanan,
[Advocate, Supreme Court of India]

# Exhibit A

Document1

## EXHIBIT – A : Screenshot of the Information webpage



# Exhibit B

## EXHIBIT – B : Screenshot of the Homepage of the Bombay High Court



# Exhibit C

Document1

IN THE HIGH COURT OF JUDICATURE AT BOMBAY
APPELLATE SIDE & ORIGINAL SIDE
INCLUDING ITS BENCHES AT NAGPUR, AURANGABAD AND PANAJI- GOA

**STATEMENT SHOWING THE DISPOSAL OF CASES
BY THE HON'BLE JUDGES IN THE YEAR 2006**

| NAME OF THE HON'BLE JUDGES | NUMBER OF CASES DISPOSED DURING THE YEAR 2006 | REMARK |
|---|---:|---|
| THE HON'BLE THE CHIEF JUSTICE | 1644 | |
| THE HON'BLE THE ACTING CHIEF JUSTICE | 1470 | |
| SHRI JUSTICE V. G. PALSHIKAR | 1609 | |
| SHRI JUSTICE H. L. GOKHALE | 1273 | |
| SHRI JUSTICE R. M. LODHA | 1997 | |
| SHRI JUSTICE J. N. PATEL | 2109 | |
| SHRI JUSTICE D. G. DESHPANDE | 2175 | |
| SHRI JUSTICE S. B. MHASE | 1328 | |
| SHRI JUSTICE DR. S. RADHAKRISHNAN | 2351 | |
| SHRI JUSTICE R. M. S. KHANDEPARKAR | 1092 | |
| SHRI JUSTICE F. I. REBELLO | 3521 | |
| SMT. JUSTICE RANJANA P. DESAI | 1768 | |
| SHRI JUSTICE D. K. DESHMUKH | 3457 | |
| SHRI JUSTICE D. D. SINHA | 3688 | |
| SHRI JUSTICE B. H. MARLAPALLE | 2302 | |
| SHRI JUSTICE P. S. BRAHME | 892 | |
| SHRI JUSTICE S. K. SHAH | 1278 | |
| SHRI JUSTICE N. V. DABHOLKAR | 2277 | |
| SHRI JUSTICE A. S. BAGGA | 1216 | |
| SHRI JUSTICE D. S. ZOTING | 1118 | |
| SHRI JUSTICE V. C. DAGA | 3137 | |
| SHRI JUSTICE P. V. KAKADE | 796 | |
| SHRI JUSTICE S. A. BOBDE | 1592 | |
| SHRI JUSTICE A. M. KHANWILKAR | 4281 | |

| NAME OF THE HON'BLE JUDGES | NUMBER OF CASES DISPOSED DURING THE YEAR 2006 | REMARK |
|---|---|---|
| SHRI JUSTICE DR. D. Y. CHANDRACHUD | 2703 | |
| SHRI JUSTICE A. P. DESHPANDE | 2751 | |
| SHRI JUSTICE D. B. BHOSALE | 3573 | |
| SHRI JUSTICE S. J. VAZIFDAR | 2660 | |
| SMT. JUSTICE N. N. MHATRE | 3065 | |
| SHRI JUSTICE P. V. HARDAS | 2109 | |
| SMT. JUSTICE V. K. TAHILRAMANI | 2413 | |
| SHRI JUSTICE D. G. KARNIK | 2906 | |
| SHRI JUSTICE J. P. DEVADHAR | 1538 | |
| SHRI JUSTICE R. S. MOHITE | 3349 | |
| SHRI JUSTICE V. M. KANADE | 3010 | |
| SHRI JUSTICE N. H. PATIL | 2497 | |
| SHRI JUSTICE V. G. MUNSHI | 2015 | |
| SHRI JUSTICE P. B. GAIKWAD | 308 | Retired on 8/7/06 |
| SHRI JUSTICE S. B. DESHMUKH | 1211 | |
| SHRI JUSTICE A. S. OKA | 7060 | |
| SHRI JUSTICE K. J. ROHEE | 1500 | |
| SHRI JUSTICE S. R. SATHE | 1139 | |
| SHRI JUSTICE M. G. GAIKWAD | 2011 | |
| SHRI JUSTICE A. V. MOHTA | 2869 | |
| SHRI JUSTICE S. C. DHARMADHIKARI | 4119 | |
| SHRI JUSTICE B. R. GAVAI | 3616 | |
| SHRI JUSTICE A. P. LAVANDE | 2677 | |
| SHRI JUSTICE A. H. JOSHI | 3418 | |
| SHRI JUSTICE B. P. DHARMADHIKARI | 3492 | |
| SHRI JUSTICE S. U. KAMDAR | 1929 | |
| SHRI JUSTICE N. A. BRITTO | 1297 | |
| SHRI JUSTICE S. P. KUKDAY | 1560 | |
| SMT. JUSTICE V. A. NAIK | 1805 | |

| NAME OF THE HON'BLE JUDGES | NUMBER OF CASES DISPOSED DURING THE YEAR 2006 | REMARK |
|---|---:|---|
| SHRI JUSTICE J. H. BHATIA | 2313 | |
| SHRI JUSTICE R. C. CHAVAN | 3424 | |
| SMT. JUSTICE R. S. DALVI | 1736 | |
| SHRI JUSTICE S. R. DONGAONKAR | 1809 | Appointed on 27/02/06 |
| SHRI JUSTICE V. R. KINGAONKAR | 1888 | Appointed on 27/02/06 |
| SHRI JUSTICE A. B. CHAUDHARY | 1191 | Appointed on 08/09/06 |
| SHRI JUSTICE R. M. BORDE | 787 | Appointed on 08/09/06 |
| SHRI JUSTICE R. V. MORE | 997 | Appointed on 08/09/06 |
| SHRI JUSTICE R. M. SAWANT | 848 | Appointed on 08/09/06 |
| SHRI JUSTICE P. R. BORKAR | 906 | Appointed on 08/09/06 |
| SHRI JUSTICE C. L. PANGARKAR | 313 | Appointed on 08/09/06 |
| **TOTAL:** | **139183** | |

Note : The statement is as per the computer record as updated till 23.02.07.

Date: 23/02/2007

sd/-
(C. V. Bhadang)
Registrar(Judicial)