UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WEISEL PARTNERS LLC, and THOMAS WEISEL INTERNATIONAL PRIVATE LIMITED,<br><br>    Plaintiffs,<br><br>  v.<br><br>BNP PARIBAS, BNP PARIBAS SECURITIES (ASIA) LIMITED, and PARVEEN CHAKRAVARTY,<br><br>    Defendants.<br>_____/ | No. C 07-06198 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Defendants' Motions for Certification and Stay, and Defendant Chakravarty's Motion to Dismiss** |

Plaintiffs Thomas Weisel Partners LLC ("TWP LLC") and Thomas Weisel International Private Limited ("TWIPL") bring this action against defendants BNP Paribas, BNP Paribas Securities (Asia) Limited ("BNP Paribas Asia") and Praveen Chakravarty, alleging that defendants' efforts to solicit plaintiffs' employees in Mumbai, India, violated various California laws governing contracts and torts[1], as well as the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

Now before the court are four motions: (1) defendants BNP Paribas and BNP Paribas Asia's motion to certify this court's order of August 25, 2008, for interlocutory review and to stay proceedings; (2) defendant Chakravarty's motion for the same; (3) defendants' *ex parte* motion to shorten time for adjudication of said motions; and (4) defendant Chakravarty's Rule 12(b)(6) motion to dismiss based upon the existence of an arbitration clause in his employment agreement with TWP LLC. Having considered the parties' arguments and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

### I. Relevant Procedural History

Plaintiffs filed suit in this court on December 6, 2007. On April 7, 2008, the court ordered, per stipulation of the parties, that Mr. Chakravarty first file a motion challenging this court's jurisdiction and then, if necessary, file any motions challenging the sufficiency of claims alleged by plaintiffs. Docket Number 33 (stipulation and order) ¶ 3. Thereupon, the court entertained BNP Paribas Asia and Chakravarty's motions to dismiss for lack of personal jurisdiction, Chakravarty's motion to dismiss TWP LLC for lack of standing, and motions by all three defendants to dismiss on the basis of *forum non conveniens*. On August 25, 2008, the court entered a memorandum and order denying each of these motions. Docket Number 85 ("August order"). Defendants have now requested that the court certify the August order for interlocutory appeal to the Ninth Circuit. To this point, discovery between the parties has focused on jurisdictional disputes. See Docket Number 98 (Serota Dec.), Exhs. A-K.

### II. Chakravarty's Arbitration Clause

On August 25, 2003, Chakravarty and a representative of TWP LLC signed an "Acknowledgement of Receipt of Employee Handbook and Agreement to Employment at Will, Confidentiality, Non-Solicitation, and Agreement to Arbitrate." Docket Number 58, Exh. C. Per this agreement, Chakravarty agreed not to divulge TWP LLC's trade secrets, disclose its confidential information, solicit its customers and clients, or recruit its employees. Chakravarty and TWP LLC also agreed to submit to binding arbitration "any and all disputes, directly or indirectly arising out of, or in any way connected with [Chakravarty's] employment with Thomas Weisel Partners LLC or the termination of that employment . . . ." Id. Chakravarty asserts---and plaintiffs do not deny---that the August 2003 agreement remained in force through Chakravarty's termination on November 7, 2007.

LEGAL STANDARDS

I.      Certification for Interlocutory Appeal

As a general rule, appeal may only be had from final judgments. 28 U.S.C. § 1291; Midland Asphalt Corp. v. United States, 489 U.S. 794, 798 (1989). However, 28 U.S.C., section 1292(b), creates an exception to the general rule. James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). In rare circumstances, a district court may allow an immediate appeal of an interlocutory order if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. . . ." 28 U.S.C. § 1292(b). The legislative history of section 1292(b) "indicates that this section was to be used only in *exceptional situations* in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1981) (emphasis added), citing United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam).

The certification inquiry has been broken into three steps: (1) that there be a controlling question of law, (2) that there be substantial grounds for a difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. In re Cement at 1026. The decision to certify rests within the sound discretion of the district court. Mohasco Indus., Inc. v. Lydick, 459 F.2d 959, 960 (9th Cir. 1972).

II.     Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___, 127 S.Ct. 1955, 1974 (2007). Dismissal can be

3

1 based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a
2 cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990).
3 Allegations of material fact are taken as true and construed in the light most favorable to the
4 nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996).

III.     Arbritrabilty

Arbitration is a matter of contract, and the court cannot require a party to arbitrate a dispute unless the party has agreed to do so. See EEOC v. Waffle House, Inc., 534 U.S. 279, 293 (2002). The question of whether parties have submitted a particular dispute to arbitration, i.e., "the question of arbitrability," is an issue for judicial determination unless the parties' agreement clearly and unmistakably provides otherwise. AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 649 (1986). The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, requires federal courts to enforce arbitration agreements and to stay litigation that contravenes such agreements. Under the FAA, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

Although waiver of the right to arbitrate is disfavored, a party may prove the right to arbitration has been waived by demonstrating: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." Van Ness Townhouses v. Mar Industries Corp., 862 F.2d 754, 758 (9th Cir. 1988), quoting Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 694 (9th Cir. 1986).

DISCUSSION

Defendants' motions present two separate questions. The first question is whether the court should certify its interlocutory August order for immediate appeal. The second question is whether

4

1 the claims against Chakravarty should be heard by this court or submitted to arbitration per the
2 provisions of his employment agreement with TWP LLC.[2]

### I. Certification of Appealability

Standing and personal jurisdiction analyses involve legal standards that are firmly established by Supreme Court and Ninth Circuit precedents. The court will not here reexamine the merits of the issues decided in the August order. The key question on this motion is whether defendants identify a controlling question of law as to which there is substantial ground for difference of opinion.

BNP Paribas and PNP Paribas Asia challenge the court's ruling that the court can exercise specific jurisdiction over BNP Paribas Asia. They argue that the court misapplied the Calder effects test, see Calder v. Jones, 465 U.S. 783 (1984); see also Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 803 (9th Cir. 2004), by "rel[ying] on two pieces of evidence that certainly did not rise to the level required to meet [plaintiffs'] burden on the express aiming theory." Docket Number 89 at 7. Despite defendants' heroic attempts to cast their argument as concerning a question of law, they merely challenge the court's application of well-settled law to the facts of this case. Defendants fail to show that any question of law addressed in the August order raised an unsettled issue, issue of first impression, or any other question of law admitting of substantial differences in opinion.

The other argument raised by BNP Paribas and BNP Paribas Asia does identify a question of law, but it does not demonstrate a substantial (or any) ground for a difference of opinion. Defendants cite Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123-1124 (9th Cir. 2002), for the proposition that the forum-related activities prong of the specific jurisdiction test requires the court to determine whether *but for* defendants' *contacts with California*, plaintiffs would not be injured. If defendants mean to argue that the injury to TWP LLC must relate to business conducted by BNP Paribas Asia in California, such argument muddles the personal jurisdiction test and ignores the distinction drawn by the Ninth Circuit between purposeful availment (most often used in suits sounding in contract) and purposeful direction (most often used in suits sounding in tort). Schwarzenegger at 802-803. In this case, there is no allegation that BNP Paribas

5

Asia violated any contract with any of the Thomas Weisel entities.  The question, therefore, is not whether BNP Paribas Asia had particular business contacts with California but whether it has the sole "contact" with the forum state of having purposefully directed a foreign act having an effect in the forum state, per the Calder effects test.  See id.  Glencore is inapposite, because it dealt with a breach of contract, not a tort.  See Glencore at 1123-24.  Therefore, these defendants fail to make out even a *prima facie* argument that there is a substantial difference of opinion between this and any other court over the specific jurisdiction test.

Chakravarty's motion challenges the court's application of the shareholder standing rule.  Chakravarty cites only one, non-controlling, case, Vigilante.com, Inc., v. Argus Test.com, Inc., 2005 U.S. Dist. LEXIS 4599 (D. Or. 2005), to support his contention that there is a substantial difference of opinion between this court and other courts on the shareholder standing rule.  Yet Chakravarty himself acknowledges that the court's August order was based on the court's determination that the first amended complaint contained allegations that Chakravarty harmed TWP LLC by misappropriating confidential information from a computer jointly owned by TWP LLC and TWIPL.  See Docket Number 90 at 5.  Chakravarty has offered no evidence to rebut these allegations.  Vigilante.com reached a different result based on different facts, and Chakravarty merely disagrees with the court's application of law to fact.  Chakravarty also asserts that there is a substantial ground for difference of opinion over whether Chakravarty should be subject to specific jurisdiction in California.  He cites a Fourth Circuit case but makes no coherent argument other than to insist that TWP LLC is a different corporate entity than TWIPL.  This again merely challenges the factual basis for the finding of personal jurisdiction, rather than raising any disputed or ambiguous question of law.

In summary, defendants fail to identify any controlling question of law as to which there is substantial ground for difference of opinion such that certification is merited.

II.     Arbitration of Claims Against Chakravarty

Chakravarty notes that he signed an arbitration provision as a condition of his employment with TWP LLC.  Plaintiffs do not dispute the validity of the arbitration agreement or that it was

6

binding during the course of Chakravarty's employment.  Indeed, plaintiffs have alleged that Chakravarty violated his employment agreement through actions undermining Discovery Research. The arbitration provision is quite broad, covering "any and all disputes, directly or indirectly arising out of, or in any way connected with [Chakravarty's] employment with Thomas Weisel Partners LLC . . . ."  Docket Number 58, Exh. C.  Plaintiffs' claims plainly involve disputes "in any way connected with" Chakravarty's employment with TWP LLC.[3]  Plaintiffs' claim that Chakravarty waived arbitration through earlier motions in this court is unpersuasive, since Chakravarty has done no more than to challenge this court's jurisdiction and since (as plaintiffs failed to note in their briefing) plaintiffs stipulated that additional challenges could be brought following the jurisdictional challenge.  See Docket Number 33 (stipulation and order) ¶ 3.

Yet Chakravarty has not filed a motion to compel arbitration.  Chakravarty argues that, as a defendant, it is not his responsibility to initiate suit against himself.  This ignores the procedure for invoking an arbitration clause in federal court.  Plaintiffs have already initiated suit against Chakravarty.  If Chakravarty wanted the suit to proceed in the arbitration forum, rather than this court, it was his responsibility to so move.  Under the Federal Arbitration Act, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."  9 U.S.C. § 4.

In fact, Chakravarty has done nothing to indicate that he would submit himself to arbitration per the arbitration clause should this court dismiss the instant action.  At oral argument, counsel for Chakravarty, while arguing for dismissal, refused to indicate that Chakravarty would submit to arbitration.  Plainly, Chakravarty knows of his right to arbitrate but has acted inconsistently with an intention to assert that right.  See Van Ness Townhouses at 758.  Such inconsistency has prejudiced defendants by subjecting them to the possibility that no forum will be available to vindicate their claims.  Chakravarty has waived his right to halt proceedings in this forum in favor of arbitration.

CONCLUSION

Defendants' motions to certify the August 25, 2008, interlocutory order for immediate appellate review are DENIED. Defendants' accompanying *ex parte* application for an order shortening time is DENIED. Defendant Chakravarty's motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated: January 5, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**ENDNOTES**

1. Plaintiffs' state-law causes of action include: (1) misappropriation of trade secrets; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) intentional interference with employment relationships; (5) intentional interference with contract; (6) intentional interference with prospective economic advantage; (7) breach of fiduciary duty; (8) aiding and abetting breach of fiduciary duty; and (9) civil conspiracy.

2. Defendants also brought an *ex parte* application for an order shortening time to adjudicate the motions for certification. An *ex parte* motion is inappropriate where the "irreparable prejudice" being complained of is nothing more than the ordinary costs incidental to litigation and where the purported "crisis" is partially the fault of the moving party. See Mission Power Eng'g Co. v. Continental Casualty Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Defendants merely cited the requirement to meet their discovery obligations as the "irreparable prejudice" meriting *ex parte* treatment. They also waited approximately three weeks subsequent to the court's August order to file their *ex parte* application. These are not the circumstances under which an *ex parte* application is appropriate.

3. Plaintiffs have not raised the question of whether an arbitration clause between Chakravarty and TWP LLC is binding upon TWIPL.